USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___5/13/2026___

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

Guidepoint Global, LLC

                    Plaintiff,

          v.

Alan Ware, Sheetal Duggal, Kirang Gohil,
and Christiana (aka Tiana) Eng, and Inquire
Network, Inc.

                    Defendants.

CIVIL ACTION NO. 1:26-cv-03684-VEC

Jury Trial Demanded

## CONSENT ORDER AND STIPULATED INJUNCTION

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff Guidepoint Global, LLC ("Plaintiff," "Guidepoint," or the "Company"), and Alan Ware ("Ware" or "Defendant") hereby jointly move for the entry of this Proposed Consent Order and Stipulated Injunction and state as follows:

WHEREAS, on May 4, 2026, Guidepoint filed a Complaint for Injunctive Relief and Monetary Damages [Dkt. 1];

WHEREAS, on May 11, 2026, Guidepoint filed a Verified First Amended Complaint for Injunctive Relief and Monetary Damages ("First Amended Complaint");

WHEREAS, the First Amended Complaint alleges that Alan Ware and others exfiltrated Guidepoint's confidential, proprietary and trade secret information to use in furtherance of a new company and competitor, Inquire Network, Inc.;

WHEREAS, the First Amended Complaint alleges Guidepoint will suffer irreparable harm if Defendant uses or misappropriates Guidepoint's confidential and trade secret information;

1

WHEREAS, the First Amended Complaint alleges that Alan Ware is working for a business that is or will offer services competitive to the services that Guidepoint provides and is or will market said services to current or former Guidepoint clients;

WHEREAS, the Employment Agreement between Alan Ware and Guidepoint acknowledges that Guidepoint would be "irreparably injured by a violation of" the Agreement's confidentiality and restrictive covenants provisions and "[t]hat [Guidepoint] shall be entitled to an injunction restraining Alan Ware from any actual or threatened breach of said Sections or to any other appropriate equitable remedy without any bond or other security being required.";

WHEREAS, Alan Ware denies any and all allegations of wrongdoing in the Complaint and First Amended Complaint; and

WHEREAS, Guidepoint and counsel for Defendant have met and conferred and hereby stipulate to the following:

1. As of the date of this order, Alan Ware is enjoined from using, printing, copying, distributing, disclosing, or examining any information taken from or belonging to Guidepoint whether or not in original form, including without limitation, Guidepoint's technical and business information and data, or other Guidepoint trade secret, confidential and/or proprietary information. This includes, but is not limited to, any copies of transcripts of moderated calls belonging to Guidepoint, lists of advisors, and documents containing Guidepoint's current or prospective business opportunities or clients, such as the document that includes the filename Pipeline Sheet.

2. As of the date of this order, Alan Ware is enjoined from working as an employee, agent, independent contractor, employer, advisor, consultant, shareholder, partner or in any other capacity, for Inquire Network and AlphaSights, AlphaSense, Arbolus, Atheneum, BWG Strategy, Capvision, Coleman Research Group, Deepbench, Dialectica, First Thought, Gerson Lehrman

Group (GLG), Knowledge Ridge, Lynk, NewtonX, Mosaic Research Management, McKinsey, Prosapient, Ridgetop, Silverlight, Stream, techspert.io, Tegus, Third Bridge, VisasQ and any other company that is in the business, or intends to enter the business, of charging customers fees in exchange for access to an online library of primary research content.

3.    As of the date of this order, Alan Ware is enjoined from directly or indirectly soliciting or recruiting any employee, independent contractor or agent of Guidepoint to resign from Guidepoint or to accept employment or other engagement with Alan Ware or with any other person or company.

4.    As of the date of this order, Alan Ware is enjoined from directly or indirectly attempting to interfere with, impair, or adversely affect any contractual relationship or business relationship between Guidepoint and any client, customer, expert, advisor or other person or entity engaged by or doing business with Guidepoint, including without limitation engaging with any business that is a client of Guidepoint and with which Alan Ware had contact through Alan Ware's work at Guidepoint, on any matter that relates to Guidepoint.

5.    Pursuant to the Court's Order to Show Cause (Dkt 23), within three business days, Defendant shall make available for forensic inspection and imaging, and provide access sufficient for forensic inspection, the following "devices/data sources of information" used by him from July 1, 2025 to present which includes, but is not limited to:  his electronic devices, electronic data storage devices capable of storing, transferring, or transmitting digital information, and email accounts, including ajwareny@gmail.com and alanjware@yahoo.com, on which relevant data may exist.

The inspection and collection shall be performed by a mutually agreed independent forensic examiner ("Examiner"). If the Parties cannot agree on an Examiner within three days,

either party may seek appointment by the Court. The Examiner may create forensic images and collect metadata and ESI reasonably necessary to identify, preserve, recover, and analyze information relevant to the claims and defenses in this action, including deleted files, transfer activity, external device usage, cloud synchronization activity, file access logs, and evidence of transmission or exfiltration of information from Guidepoint. Defendant shall provide all passwords, authentication credentials, encryption keys, multi-factor authentication access, and other information reasonably necessary for the Examiner to access the devices and accounts subject to this Order. The forensic inspection shall be conducted pursuant to a mutually agreed forensic protocol. If the Parties cannot agree on a mutually agreed forensic protocol within three business days, either party may seek the Court's intervention.  The Examiner shall take reasonable measures to avoid disclosure of irrelevant personal information, privileged materials, or protected third-party information, included, but not limited to, providing the results of the imaging first to Defendant's counsel so that material prepared, generated, or received for or in anticipation of litigation and/or protected by the attorney client privilege, the work-product doctrine, or any other applicable privilege, may be identified and segregated. Any privileged information identified during the inspection shall be handled in accordance with applicable clawback procedures and Federal Rule of Evidence 502, if applicable.

If, in the course of conducting the forensic examination, the Examiner determines or has reasonable basis to believe that any materials at issue in this litigation—including but not limited to Guidepoint confidential, proprietary, or trade secret information—have been shared, transmitted, copied, or otherwise disseminated to or stored on devices, accounts, or data sources not initially identified above, the Examiner shall be authorized, upon notice to all parties and without further order of the Court absent objection filed within forty-eight (48) hours of such

4

notice, to access, image, and examine such additional devices, accounts, and data sources as the Examiner reasonably determines to be necessary to identify the full scope of any such dissemination, provided that any dispute regarding such expanded access that cannot be resolved by the parties shall be submitted to the Court for resolution on an expedited basis

6.      Pursuant to the Court's Order to Show Cause (Dkt. 23), Defendant shall make a complete production of documents in response to the Requests for Production and fully respond to the Interrogatories by May 26, 2026. Defendant shall make himself available for a deposition— not to exceed three hours—upon three days' notice no later than June 16, 2026.

7.      Following the inspection and imaging referenced in paragraph 5, Defendant agrees to collect, retrieve and segregate all material and information identified by Guidepoint in the First Amended Complaint as confidential and proprietary, and either to return, delete or keep such information segregated as directed by Guidepoint.

8.      As of at least the date of this order, Defendant shall preserve and not delete all information relevant to this litigation except to the extent expressly directed by Guidepoint pursuant to Paragraph 7.

9.      Unless otherwise ordered by the Court, this Order will remain in effect until further order of the Court or the date upon which the Court can hold a hearing and issue a decision resolving Guidepoint's motion for preliminary injunction.

IT IS SO ORDERED.


Dated:    May 13    , 2026


_____
Hon. Valerie Caproni, U.S.D.J.

| Stipulated and Agreed to by: | |
|---|---|
| */s/ Jacob R. Dean*<br>Jason D. Burns<br>Shira M. Poliak<br>GREENBERG TRAURIG, LLP<br>One Vanderbilt Avenue<br>New York, NY 10017<br>(212) 801-9294<br>Jason.Burns@gtlaw.com<br>Shira.Poliak@gtlaw.com<br><br>Justin K. Victor (*phv forthcoming*)<br>Jacob R. Dean (*admitted phv*)<br>GREENBERG TRAURIG, LLP<br>3333 Piedmont Road NE, Suite 2500<br>Atlanta, GA 30305<br>(678) 553-2100<br>victorj@gtlaw.com<br>deanj@gtlaw.com<br><br>*Counsel for Plaintiff Guidepoint Global, LLC* | */s/ Catherine H. Friesen*<br>Jeffrey I. Carton<br>Catherine H. Friesen<br>Leigh Smith<br>Denlea & Carton, LLP<br>2 Westchester Park Dr.<br>White Plains, NY 10604<br>(914) 331-0100<br>Email: jcarton@denleacarton.com<br>Email: cfriesen@denleacarton.com<br>Email: lsmith@denleacarton.com<br><br><br>*Counsel for Defendant Alan Ware* |

6