USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___5/14/2026___

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

Guidepoint Global, LLC

               Plaintiff,

               v.

Alan Ware, Sheetal Duggal, Kirang Gohil, and Christiana (aka Tiana) Eng, and Inquire Network, Inc.

               Defendants.

CIVIL ACTION NO. 1:26-cv-03684-VEC

Jury Trial Demanded

**CONSENT ORDER AND STIPULATED INJUNCTION**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff Guidepoint Global, LLC ("Plaintiff," "Guidepoint," or the "Company"), and Christiana (aka Tiana) Eng ("Eng" or "Defendant") hereby jointly move for the entry of this Consent Order and Stipulated Injunction and state as follows:

WHEREAS, on May 4, 2026, Guidepoint filed a Complaint for Injunctive Relief and Monetary Damages [Dkt. 1];

WHEREAS, on May 11, 2026, Guidepoint filed a Verified First Amended Complaint for Injunctive Relief and Monetary Damages ("First Amended Complaint") [Dkt. 10];

WHEREAS, the First Amended Complaint alleges that Alan Ware, Sheetal Duggal, Kirang Gohil, and Christiana (aka Tiana) Eng exfiltrated Guidepoint's confidential, proprietary and trade secret information to use in furtherance of a new company and competitor, Inquire Network, Inc.;

WHEREAS, the First Amended Complaint alleges Guidepoint will suffer irreparable harm if Defendants use or misappropriate Guidepoint's confidential and trade secret information;

1

WHEREAS, the First Amended Complaint alleges that Eng is working for a business that is or will offer services competitive to the services that Guidepoint provides and is or will market said services to current or former Guidepoint clients;

WHEREAS, Eng disputes the claims and allegations in the First Amended Complaint, but to avoid the risks, uncertainty, and expense of engaging in motion practice concerning the allegations, and without prejudice to her rights, claims, and defenses, all of which are reserved, Eng is willing to enter into this Consent Order and Stipulated Injunction.

WHEREAS, Guidepoint and Eng have met and conferred and hereby stipulate to the following.

Because Guidepoint and counsel for Eng consent to the entry of the Consent Order and Stipulated Injunction, the Court enters the following Temporary Restraining Order:

1.    As of the date of this order, Eng, and any persons and/or entities acting on her behalf, or in active concert or participation with her, is enjoined from using, printing, copying, distributing, disclosing, or examining any proprietary and confidential information taken from or belonging to Guidepoint whether or not in original form, including without limitation, Guidepoint's technical and business information and data, or other Guidepoint trade secret, confidential and/or proprietary information. This includes, but is not limited to, any copies of transcripts of moderated calls belonging to Guidepoint, lists of advisors, and documents containing Guidepoint's current or prospective business opportunities or clients, such as the document that includes the filename Pipeline Sheet.

2.    As of the date of this order, Eng is enjoined from directly or indirectly soliciting or recruiting any employee, experts or advisors of Guidepoint, whose identity and contact

information that Defendant Eng has actual knowledge of, to resign from Guidepoint or to accept employment or other engagement with Eng.

3.    Pursuant to the Court's Order to Show Cause (Dkt. 23), within three business days, Defendant shall make available for forensic inspection and imaging, and provide access sufficient for forensic inspection, the following "devices/data sources of information" used by her from November 1, 2025 to present which includes, but is not limited to:  Eng's electronic devices and electronic data storage devices owned by Eng capable of storing, transferring, or transmitting digital information, and email accounts, including creng396@gmail.com, on which relevant data may exist.

The inspection and collection shall be performed by a mutually agreed independent forensic examiner ("Examiner"), based on agreed protocols to be applied by the Examiner (the "Searches"). If the Parties cannot agree on an Examiner and Searches within three business days, either party may seek appointment by the Court. The Examiner may create forensic images and collect metadata and ESI reasonably necessary to identify, preserve, recover, and analyze information relevant to the claims and defenses in this action, including deleted files, transfer activity, external device usage, cloud synchronization activity, file access logs, and evidence of transmission or exfiltration of information from Guidepoint. Defendant shall provide all passwords, authentication credentials, encryption keys, multi-factor authentication access, and other information reasonably necessary for the Examiner to access the devices and accounts subject to this Order. The Examiner shall provide all data and information, in relation to the Searches, first to the Defendant to review and identify any privileged, confidential, personal, or irrelevant materials prior to producing the Search results to the Plaintiff. Defendant shall be given reasonable time to review and log any privileged, confidential, personal, or irrelevant information

and/or data, which shall be redacted by the Examiner prior to production to Plaintiff.   s If the Parties are unable to agree on a mutually agreed forensic protocol, Searches or otherwise have a dispute over the production, then either party may seek the Court's intervention within three business days of such dispute. The Examiner shall take reasonable measures to avoid disclosure of irrelevant personal information, privileged materials, or protected third-party information. Any privileged information identified during the inspection shall be handled in accordance with applicable clawback procedures and Federal Rule of Evidence 502, if applicable.

If, in the course of conducting the forensic examination, the Examiner determines or has reasonable basis to believe that any materials at issue in this litigation—including but not limited to Guidepoint confidential, proprietary, or trade secret information—have been shared, transmitted, copied, or otherwise disseminated to or stored on devices, accounts, or data sources not initially identified above, the Examiner shall give notice to all parties.

4.      Pursuant to the Court's Order to Show Cause (Dkt. 23), Defendant shall respond to the Requests for Production and Interrogatories by May 26, 2026. Defendant shall make herself available for a deposition—not to exceed three hours—upon three days' notice no later than June 30, 2026.

5.      As of at least the date of this order, Defendant shall preserve and not delete all information relevant to this litigation.

6.      Unless otherwise ordered by the Court, this Order will remain in effect until further order of the Court or the date upon which the Court can hold a hearing and issue a decision resolving Guidepoint's motion for preliminary injunction.

///

///

///

///

4

IT IS SO ORDERED.

Dated:  May 14  , 2026

Hon. Valerie Caproni, U.S.D.J.

| Stipulated and Agreed to by: | |
|---|---|
| */s/ Jacob R. Dean*<br>Jason D. Burns<br>Shira M. Poliak<br>GREENBERG TRAURIG, LLP<br>One Vanderbilt Avenue<br>New York, NY 10017<br>(212) 801-9294<br>Jason.Burns@gtlaw.com<br>Shira.Poliak@gtlaw.com<br><br>Justin K. Victor (*phv forthcoming*)<br>Jacob R. Dean (*admitted phv*)<br>GREENBERG TRAURIG, LLP<br>3333 Piedmont Road NE, Suite 2500<br>Atlanta, GA 30305<br>(678) 553-2100<br>victorj@gtlaw.com<br>deanj@gtlaw.com<br><br>*Counsel for Plaintiff Guidepoint Global, LLC* | */s/ Anubhav Khamroi (with express permission)*<br>George Sitaras<br>Anubhav Khamroi<br>Sitaras & Associates, PLLC<br>150 East 52nd Street, 26th Floor<br>New York, New York 10022<br>Tel: (212) 430-6410 Ext. 1190<br>anubhav@sitaraslaw.com<br>george@sitaraslaw.com<br><br>*Counsel for Defendant Christiana (aka Tiana) Eng* |

6