USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___5/14/2026___

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Guidepoint Global, LLC | |
| Plaintiff, | CIVIL ACTION NO. 1:26-cv-03684-VEC |
| v. | Jury Trial Demanded |
| Alan Ware, Sheetal Duggal, Kirang Gohil, and Christiana (aka Tiana) Eng, and Inquire Network, Inc. | |
| Defendants. | |

**CONSENT ORDER AND STIPULATED INJUNCTION**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff Guidepoint Global, LLC ("Plaintiff," "Guidepoint," or the "Company") and Defendants Sheetal Duggal ("Duggal") and Inquire Network, Inc. ("Inquire Network," collectively with Duggal "Defendants") hereby jointly move for the entry of this Consent Order and Stipulated Injunction and state as follows:

WHEREAS, on May 4, 2026, Guidepoint filed a Complaint for Injunctive Relief and Monetary Damages [Dkt. 1];

WHEREAS, on May 11, 2026, Guidepoint filed a Verified First Amended Complaint for Injunctive Relief and Monetary Damages ("First Amended Complaint") [Dkt. 10];

WHEREAS, the First Amended Complaint alleges that Alan Ware, Sheetal Duggal, Kirang Gohil, and Christiana (aka Tiana) Eng exfiltrated Guidepoint's confidential, proprietary and trade secret information to use in furtherance of a new company and competitor, Inquire Network, Inc.;

WHEREAS, the First Amended Complaint alleges Guidepoint will suffer irreparable harm if Defendants use or misappropriate Guidepoint's confidential and trade secret information;

1

10311587v1

WHEREAS, Sheetal Duggal and Inquire Network, Inc. dispute the claims and allegations in the First Amended Complaint, but to avoid the risks, uncertainty, and expense of engaging in motion practice concerning the allegations, and without prejudice to their rights, claims, and defenses, all of which are reserved, Duggal and Network are willing to enter into this Consent Order and Stipulated Injunction; and

WHEREAS, Guidepoint and counsel for Duggal and Inquire Network have met and conferred and hereby stipulate to the following.

Because Guidepoint and counsel for Duggal and Inquire Network consent to the entry of the Consent Order and Stipulated Injunction, the Court enters the following Temporary Restraining Order:

1.      As of the date of this order, Duggal and Inquire Network, and any persons and/or entities acting on their behalf, or in active concert or participation with them or under their exclusive control, are enjoined from using, printing, copying, distributing, disclosing, or examining any proprietary and confidential information taken from or belonging to Guidepoint whether or not in original form, including without limitation, Guidepoint's technical and business information and data, or other Guidepoint trade secret, confidential and/or proprietary information. This includes, but is not limited to, any copies of transcripts of moderated calls belonging to Guidepoint, lists of advisors, and documents containing Guidepoint's current or prospective business opportunities or clients, such as the document that includes the filename Pipeline Sheet.

2.      Pursuant to the Court's Order to Show Cause (Dkt. 23), within three business days, Defendants shall make available for forensic inspection and imaging, and provide access sufficient for forensic inspection, the following "devices/data sources of information" used by Defendants from July 1, 2025 to present which includes, but is not limited to:  Inquire Network's and Duggal's

electronic devices, electronic data storage devices capable of storing, transferring, or transmitting digital information, and email accounts, including sheetal.duggal@gmail.com, on which relevant data may exist.

The inspection and collection shall be performed by a mutually agreed independent forensic examiner ("Examiner") based on a mutually agreed protocol. If the Parties cannot agree on an Examiner within three business days, either party may seek appointment by the Court. The Examiner may create forensic images and collect metadata and ESI reasonably necessary to identify, preserve, recover, and analyze information relevant to the claims and defenses in this action, including deleted files, transfer activity, external device usage, cloud synchronization activity, file access logs, and evidence of transmission or exfiltration of information from Guidepoint. Defendants shall provide all passwords, authentication credentials, encryption keys, multi-factor authentication access, and other information reasonably necessary for the Examiner to access the devices and accounts subject to this Order. The Examiner shall provide all data and information, in relation to the Searches, first to the Defendants to review and identify any privileged, confidential, personal, proprietary or irrelevant materials prior to producing the Search results to the Plaintiff. Defendant  shall be given reasonable time to review and log any privileged, confidential, personal, or irrelevant information and/or data which shall be redacted by the Examiner prior to production to Plaintiff. If the Parties are unable to agree on a mutually agreed forensic protocol, Searches or otherwise have a dispute about the production, then either party may seek the Court's intervention within three business days of such dispute. The Examiner shall take reasonable measures to avoid disclosure of irrelevant personal information, proprietary or trade secret information, privileged materials, or protected third-party information. Any privileged

3

information identified during the inspection shall be handled in accordance with applicable clawback procedures and Federal Rule of Evidence 502, if applicable.

If, in the course of conducting the forensic examination, the Examiner determines or has reasonable basis to believe that any materials at issue in this litigation—including but not limited to Guidepoint confidential, proprietary, or trade secret information—have been shared, transmitted, copied, or otherwise disseminated to or stored on devices, accounts, or data sources not initially identified above, the Examiner shall give notice to all parties.

3.       Pursuant to the Court's Order to Show Cause (Dkt. 23), Defendants shall make a complete production of documents in response to the Requests for Production and fully respond to the Interrogatories by May 26, 2026. Defendants and a representative of Plaintiff shall make themselves available for a deposition—not to exceed three hours—upon three days' notice no later than June 16, 2026.

4.       As of at least the date of this order, Defendants shall preserve and not delete all information relevant to this litigation.

5.       Unless otherwise ordered by the Court, this Order will remain in effect until further order of the Court or the date upon which the Court can hold a hearing and issue a decision resolving Guidepoint's motion for preliminary injunction.

IT IS SO ORDERED.

Dated:    May 14   , 2026

_____
Hon. Valerie Caproni, U.S.D.J.

| Stipulated and Agreed to by: | |
| --- | --- |
| */s/ Jacob R. Dean*<br>Jason D. Burns<br>Shira M. Poliak<br>GREENBERG TRAURIG, LLP<br>One Vanderbilt Avenue<br>New York, NY 10017<br>(212) 801-9294<br>Jason.Burns@gtlaw.com<br>Shira.Poliak@gtlaw.com<br><br>Justin K. Victor (*phv forthcoming*)<br>Jacob R. Dean (*admitted phv*)<br>GREENBERG TRAURIG, LLP<br>3333 Piedmont Road NE, Suite 2500<br>Atlanta, GA 30305<br>(678) 553-2100<br>victorj@gtlaw.com<br>deanj@gtlaw.com<br><br>*Counsel for Plaintiff Guidepoint Global, LLC* | */s/ Lisa Gingeleskie* (*with express permission*)<br>Lisa Gingeleskie<br>Lindabury, McCormick, Estabrook & Cooper, P.C.<br>53 Cardinal Drive<br>P. O. Box 2369<br>Westfield, NJ 07091-2369<br>908-233-6800<br>Email: lgingeleskie@lindabury.com<br><br><br>*Counsel for Defendants Sheetal Duggal and Inquire Network, Inc.* |

5