**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| Guidepoint Global, LLC, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Case No. 1:26-CV-3684-VEC |
| | § | |
| Alan Ware, Sheetal Duggal, | § | |
| Kirang Gohil, and | § | |
| Christiana (aka Tiana) Eng, | § | |
| Inquire Network, Inc., and | § | |
| DL Software, Inc., | § | |
|     Defendants. | § | |

_____

### <u>VERIFIED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS</u>

Defendants Alan Ware, Sheetal Duggal, Kirang Gohil, Christiana Eng, Inquire Network, Inc., and DL Software, Inc. (collectively "Defendants") hereby respond to the Second Amended Complaint [Dkt. 69] (hereinafter "Complaint") filed by Plaintiff Guidepoint Global, LLC (hereinafter "Guidepoint" or "Plaintiff") with the following Answer, Affirmative Defenses, and Counterclaims. In support thereof, Defendants state as follows:

### <u>GENERAL DENIAL</u>

Unless specifically admitted below, Defendants deny each and every allegation contained in the Complaint.

### <u>ANSWER TO PLAINTIFF'S COMPLAINT</u>

### <u>PRELIMINARY STATEMENT</u>

1.      Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2.      In response to Paragraph 2 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 2 of the

Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 2 of the Complaint.

3.    In response to Paragraph 3 of the Complaint, Defendants state that Paragraph 3 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 3 of the Complaint.

4.    In response to Paragraph 4 of the Complaint, Defendants state that Paragraph 4 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 4 of the Complaint.

5.    Defendants admit that each of Ware, Duggal, Gohil, and Eng resigned between March and April 24. Ware admits that he acknowledged that his former reports had left to join a startup and denies that he "feigned ignorance of the details concerning the startup." Gohil, Eng, Duggal, DL, and Inquire lack information and knowledge sufficient to admit or deny these facts, and deny them on that basis. Ware and Gohil admit that their LinkedIn profiles reflected employment at "Stealth Startup" after they departed from Guidepoint. Defendants deny the remaining allegations contained in Paragraph 5 of the Complaint.

6.    Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7.    Paragraph 7 contains legal conclusions to which no response is required. To the extent this Paragraph contains factual allegations to which a response is required, Defendants admit that Ware, Gohil, Eng, and Duggal emailed or downloaded several transcripts of calls hosted by Guidepoint, a list that identified some of the experts that had worked with Guidepoint

---

Answer, Affirmative Defenses, and Counterclaims

in the past, and a working document with limited information on prospective advisors. Defendants deny the remaining allegations contained in Paragraph 7 of the Complaint.

8.    Paragraph 8 contains legal conclusions to which no response is required. To the extent this Paragraph contains factual allegations to which a response is required, Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9.    Defendants admit the allegations of Paragraph 9 of the Complaint.

10.    Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11.    Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12.    Defendants admit that a list of Guidepoint advisors was transmitted to one or more email addresses hosted by DL Software. DL Software admits that Dietzel holds email addresses at the domains dl.software and inquire.network. Defendants are without information and knowledge sufficient to form a belief as to the remaining allegations of this Paragraph, and on that basis deny, generally and specifically, the remaining allegations of Paragraph 12 of the Complaint.

13.    Defendants admit that as of the date and time of filing of this Answer, DL Software has not completed and served its responses to Guidepoint's discovery demands, admit that DL Software contributed to systems which were used by Inquire, and deny the remaining allegations of Paragraph 13 of the Complaint. DL Software further responds that it has dedicated significant time and efforts to responding to Guidepoint's discovery demands, has incurred significant expense in doing so, and anticipates that it will serve responses to Guidepoint's Interrogatories and Requests for Production on the same date that this Answer is filed.

14.    Defendants deny the allegations contained in Paragraph 14 of the Complaint.

Answer, Affirmative Defenses, and Counterclaims

## PARTIES

15.    In response to Paragraph 15 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 15 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 15 of the Complaint.

16.    Defendants admit the allegations of Paragraph 16 of the Complaint.

17.    Defendants admit the allegations of Paragraph 17 of the Complaint.

18.    Defendants admit the allegations of Paragraph 18 of the Complaint.

19.    Defendants admit the allegations of Paragraph 19 of the Complaint.

20.    Defendants admit the allegations of Paragraph 20 of the Complaint.

21.    Defendants admit the allegations of Paragraph 21 of the Complaint.

## JURISDICTION AND VENUE

22.    In response to Paragraph 22 of the Complaint, Defendants state that Paragraph 22 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is necessary, Defendants state that they arenot challenging subject matter jurisdiction in this Court for the purposes of the present matter.

23.    In response to Paragraph 23 of the Complaint, Defendants state that Paragraph 23 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 23 of the Complaint.

24.    In response to Paragraph 24 of the Complaint, Defendants state that Paragraph 24 of the Complaint states a legal conclusion to which no responsive pleading is required. To the

extent a responsive pleading is necessary, Defendants state that they do not object to venue in this Court for the purposes of the present matter.

## FACTUAL ALLEGATIONS

**A.    *In Response To:* Plaintiff Guidepoint Global, LLC**

25.    In response to Paragraph 25 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 25 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 25 of the Complaint.

26.    In response to Paragraph 26 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 26 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 26 of the Complaint.

27.    In response to Paragraph 27 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 27 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 27 of the Complaint.

28.    In response to Paragraph 28 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 28 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 28 of the Complaint.

29.    In response to Paragraph 29 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 29 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 29 of the Complaint.

Answer, Affirmative Defenses, and Counterclaims

30.     In response to Paragraph 30 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 30 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 30 of the Complaint.

**B.     *In Response To:* Guidepoint's Confidentiality Policies and Protection of its Confidential Information and Trade Secrets**

31.     In response to Paragraph 31 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 31 of the Complaint, including sub-paragraphs A-F, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 31 of the Complaint, including sub-paragraphs A-F.

32.     In response to Paragraph 32 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 32 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 32 of the Complaint.

33.     In response to Paragraph 33 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 33 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 33 of the Complaint.

34.     In response to Paragraph 34 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 34 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 34 of the Complaint.

35.    In response to Paragraph 35 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 35 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 35 of the Complaint.

36.    In response to Paragraph 36 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 36 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 36 of the Complaint.

37.    Defendants deny the allegations contained in Paragraph 37 of the Complaint.

**C.      The Individual Defendants' Employment and Consultancy at Guidepoint.**

38.    In response to Paragraph 38 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 37 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 37 of the Complaint.

39.    Defendants admit the allegations of Paragraph 39 of the Complaint.

40.    Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.    Defendants admit the allegations of Paragraph 41 of the Complaint.

42.    Defendants deny the allegations of Paragraph 42 of the Complaint.

43.    Defendants admit the allegations of Paragraph 43 of the Complaint.

44.    In response to Paragraph 44 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 44 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 44 of the Complaint.

45.    Defendants deny the allegations contained in Paragraph 45 of the Complaint.

Answer, Affirmative Defenses, and Counterclaims

**D.**    *In Response To:* **Ware, Gohil, and Eng Execute Agreements with Guidepoint.**

46.    Defendants admit the allegations of Paragraph 46 of the Complaint.

47.    In response to Paragraph 47 of the Complaint, Defendants further state that Exhibit A to the Complaint speaks for itself, and Defendants deny any allegation of Paragraph 47 of the Complaint that is inconsistent with the document contained in Exhibit A to the Complaint, including any allegation that the document or any of its sub-parts are enforceable.

48.    In response to Paragraph 48 of the Complaint, Defendants further state that Exhibit B to the Complaint speaks for itself, and Defendants deny any allegation of Paragraph 48 of the Complaint that is inconsistent with the document contained in Exhibit B to the Complaint, including any allegation that the document or any of its sub-parts are enforceable.

49.    In response to Paragraph 49 of the Complaint, Defendants further state that Exhibit C to the Complaint speaks for itself, and Defendants deny any allegation of Paragraph 49 of the Complaint that is inconsistent with the document contained in Exhibit C to the Complaint, including any allegation that the document or any of its sub-parts are enforceable.

50.    In response to Paragraph 50 of the Complaint, Defendants further state that Exhibit D to the Complaint speaks for itself, and Defendants deny any allegation of Paragraph 50 of the Complaint that is inconsistent with the document contained in Exhibit D to the Complaint, including any allegation that the document or any of its sub-parts are enforceable.

51.    In response to Paragraph 51 of the Complaint, Defendants further state that Exhibit E to the Complaint speaks for itself, and Defendants deny any allegation of Paragraph 51 of the Complaint that is inconsistent with the document contained in Exhibit E to the Complaint, including any allegation that the document or any of its sub-parts are enforceable.

52.    In response to Paragraph 52 of the Complaint, Defendants further state that Exhibit F to the Complaint speaks for itself, and Defendants deny any allegation of Paragraph 52

of the Complaint that is inconsistent with the document contained in Exhibit F to the Complaint, including any allegation that the document or any of its sub-parts are enforceable.

53.     In response to Paragraph 53 of the Complaint, Defendants further state that Exhibit G to the Complaint speaks for itself, and Defendants deny any allegation of Paragraph 53 of the Complaint that is inconsistent with the document contained in Exhibit G to the Complaint, including any allegation that the document or any of its sub-parts are enforceable.

54.     In response to Paragraph 54 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 54 of the Complaint that is inconsistent with the documents described, including any allegation that the document or any of its sub-parts are enforceable.

55.     In response to Paragraph 55 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 55 of the Complaint that is inconsistent with the documents described, including any allegation that the document or any of its sub-parts are enforceable.

56.     In response to Paragraph 56 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 56 of the Complaint that is inconsistent with the documents described including any allegation that the document or any of its sub-parts are enforceable.

57.     In response to Paragraph 57 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 57 of the Complaint that is inconsistent with the documents described, including any allegation that the document or any of its sub-parts are enforceable.

Answer, Affirmative Defenses, and Counterclaims

58. In response to Paragraph 58 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 58 of the Complaint that is inconsistent with the documents described, including any allegation that the document or any of its sub-parts are enforceable.

59. In response to Paragraph 59 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 59 of the Complaint that is inconsistent with the documents described, including any allegation that the document or any of its sub-parts are enforceable.

60. In response to Paragraph 60 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 60 of the Complaint that is inconsistent with the documents described, including any allegation that the document or any of its sub-parts are enforceable.

61. In response to Paragraph 61 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 61 of the Complaint that is inconsistent with the documents described, including any allegation that the document or any of its sub-parts are enforceable.

**E.** ***In Response To:*** **Duggal Executes Consultant Agreement with Guidepoint**

62. In response to Paragraph 62 of the Complaint, Defendants further state that Exhibit H to the Complaint speaks for itself, and Defendants deny any allegation of Paragraph 62 of the Complaint that is inconsistent with the document contained in Exhibit H to the Complaint, including any allegation that the document or any of its sub-parts are enforceable.

63. In response to Paragraph 63 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 63

Answer, Affirmative Defenses, and Counterclaims

of the Complaint that is inconsistent with the documents described, including any allegation that the document or any of its sub-parts are enforceable.

**F.    *In Response To:* The Individual Defendants and Other TMT Group Members Resign En Masse**

64.    Defendants admit the allegations of Paragraph 64 of the Complaint.

65.    Defendants admit the allegations of Paragraph 65 of the Complaint.

66.    Defendants admit the allegations of Paragraph 66 of the Complaint.

67.    Defendants admit the allegations of Paragraph 67 of the Complaint.

68.    Defendants the allegations of Paragraph 68 of the Complaint.

69.    In response to Paragraph 69 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 69 of the Complaint that is inconsistent with the documents described.

70.    In response to Paragraph 70 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 70 of the Complaint that is inconsistent with the documents described.

71.    In response to Paragraph 71 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 71 of the Complaint that is inconsistent with the documents described.

72.    Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.    Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.    Defendants admit the allegations of Paragraph 74 of the Complaint.

75.    Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76.    Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77.    Defendants deny the allegations contained in Paragraph 77 of the Complaint.

**G.    *In Response To:* Ware Emails Himself Guidepoint's Confidential, Proprietary, and Trade Secret Information to Compete With Guidepoint**

78.    Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79.    Defendants admit that Ware emailed work documents to his personal email address in November 2025, and are without information and knowledge sufficient to form a belief about the remaining allegations of Paragraph 79 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 79 of the Complaint.

80.    In response to Paragraph 80 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 80 of the Complaint that is inconsistent with the documents described.

81.    In response to Paragraph 81 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 81 of the Complaint that is inconsistent with the documents described.

82.    In response to Paragraph 82 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 82 of the Complaint that is inconsistent with the documents described.

83.    In response to Paragraph 83 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 83 of the Complaint that is inconsistent with the documents described.

84.    In response to Paragraph 84 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 84 of the Complaint that is inconsistent with the documents described.

85.    In response to Paragraph 85 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 85 of the Complaint that is inconsistent with the documents described.

86.    In response to Paragraph 86 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 86 of the Complaint that is inconsistent with the documents described.

87.    In response to Paragraph 87 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 87 of the Complaint that is inconsistent with the documents described.

88.    Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89.    Defendants deny the allegations contained in Paragraph 88 of the Complaint.

90.    Defendants deny the allegations contained in Paragraph 88 of the Complaint.

91.    In response to Paragraph 91 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 91 of the Complaint that is inconsistent with the documents described.

92.    In response to Paragraph 92 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 92 of the Complaint that is inconsistent with the documents described.

**H.    *In Response To:* Duggal Emails Himself Guidepoint's Confidential, Proprietary, and Trade Secret Information**

93.    This paragraph states legal conclusions to which no response is required. To the extent a response to Paragraph 93 of the Complaint is required, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 93

Answer, Affirmative Defenses, and Counterclaims

of the Complaint that is inconsistent with the documents described. Defendants further specifically deny that Duggal "improperly exfiltrated" any documents.

94.    In response to Paragraph 94 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 94 of the Complaint that is inconsistent with the documents described.

95.    In response to Paragraph 95 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 95 of the Complaint that is inconsistent with the documents described.

96.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Duggal admits to downloading transcripts on multiple occasions for the purposes of call preparation. Duggal further responds that said transcripts were deleted after use and that no physical copies exist. The remaining Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 96 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 96 of the Complaint.

97.    In response to Paragraph 97 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 97 of the Complaint that is inconsistent with the documents described.

**I.    *In Response To:* Ware Directs Gohil to Exfiltrate and Ingest Spreadsheet with Guidepoint's Proprietary Information to DL Software**

98.    In response to Paragraph 98 of the Complaint, Defendants further state that Exhibit I to the Complaint speaks for itself, and Defendants deny any allegation of Paragraph 98 of the Complaint that is inconsistent with the document contained in Exhibit I to the Complaint.

---

Answer, Affirmative Defenses, and Counterclaims

99.    In response to Paragraph 99 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 99 of the Complaint that is inconsistent with the documents described.

100.    Defendants deny that Dietzel's actions described in the Complaint were done in furtherance of either DL Software or Inquire Network and on their behalf. Defendants admit the remaining allegations of Paragraph 100 of the Complaint.

101.    Defendants admit the allegations of Paragraph 101 of the Complaint.

102.    Defendants admit the allegations of Paragraph 102 of the Complaint.

103.    In response to Paragraph 103 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 103 of the Complaint that is inconsistent with the documents described.

104.    In response to Paragraph 104 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 104 of the Complaint that is inconsistent with the documents described.

105.    In response to Paragraph 105 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 105 of the Complaint that is inconsistent with the documents described.

106.    Defendants admit the allegations of Paragraph 106 of the Complaint.

107.    In response to Paragraph 107 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 107 of the Complaint that is inconsistent with the documents described.

108.    This paragraph states a legal conclusion to which no response is required. Defendants admit the allegations that Ware attended calls while employed by Guidepoint, that

DL software provided a conference room for the referenced call, and that Dietzel participated in it. Defendants deny the remaining allegations of Paragraph 108 of the Complaint.

109.    This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 109 of the Complaint that is inconsistent with the documents described.

110.    In response to Paragraph 110 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 110 of the Complaint that is inconsistent with the documents described.

111.    Defendants deny the allegations contained in Paragraph 111 of the Complaint.

112.    This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 112 of the Complaint that is inconsistent with the documents described. Defendants state that they lack knowledge or information sufficient to form a belief as to the allegation that "no explanation exists why a file… would be shared with DL Software."

113.    In response to Paragraph 113 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 113 of the Complaint that is inconsistent with the documents described.

114.    In response to Paragraph 114 of the Complaint, Defendants further state that Exhibit J to the Complaint speaks for itself, and Defendants deny any allegation of Paragraph 114 of the Complaint that is inconsistent with the document contained in Exhibit J to the Complaint.

115.    In response to Paragraph 115 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 115 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 115 of the Complaint.

**J.    *In Response To:* Individual Defendants' Browser and File Activity History Confirm Exfiltration and Breach of Duties of Loyalty**

116.    Defendants deny the allegations contained in Paragraph 116 of the Complaint.

117.    Defendants admit the allegations of Paragraph 117 of the Complaint.

118.    Defendants admit that Gohil visited Inquire's website on March 11 and March 27, and are without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 118 of the Complaint, and on that basis deny them.

119.    Defendants admit the allegations of Paragraph 119 of the Complaint.

120.    In response to Paragraph 120 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 120 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 120 of the Complaint.

**K.    *In Response To:* Duggal Incorporates Inquire Network, and it is Launched**

121.    In response to Paragraph 121 of the Complaint, Defendants further state that Exhibit K to the Complaint speaks for itself, and Defendants deny any allegation of Paragraph 121 of the Complaint that is inconsistent with the document contained in Exhibit K to the Complaint.

122.    In response to Paragraph 122 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 122 of the Complaint that is inconsistent with the documents described.

123.    In response to Paragraph 123 of the Complaint, Defendants further state that Exhibit L to the Complaint speaks for itself, and Defendants deny any allegation of Paragraph 123 of the Complaint that is inconsistent with the document contained in Exhibit L to the Complaint.

124.    In response to Paragraph 124 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 124 of the Complaint that is inconsistent with the documents described.

125.    In response to Paragraph 125 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 125 of the Complaint that is inconsistent with the documents described.

126.    Defendants admit the allegations of Paragraph 126 of the Complaint.

**L.      *In Response To:* DL Software's Relationship with Inquire Network and Individual Defendants And Its Refusal To Provide Basic Information**

127.    Defendants admit the allegations of Paragraph 127 of the Complaint.

128.    In response to Paragraph 128 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 128 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 128 of the Complaint.

129.    In response to Paragraph 129 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 129 of the Complaint that is inconsistent with the documents described.

130.    Defendants deny the allegations contained in Paragraph 130 of the Complaint.

131.    In response to Paragraph 131 of the Complaint, including sub-paragraphs A-C, Defendants further state that Exhibit N to the Complaint speaks for itself, and Defendants deny

any allegation of Paragraph 131 of the Complaint that is inconsistent with the document contained in Exhibit N to the Complaint.

132.    In response to Paragraph 132 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 132 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 132 of the Complaint. Defendants further respond that the allegations in this Paragraph are irrelevant to the claims and defenses in this matter.

133.    Defendants admit that DL Software's attorneys acknowledged receipt of a subpoena on May 18, 2026 and deny all other allegations of Paragraph 133 of the Complaint. Defendants further respond that the allegations in this Paragraph are irrelevant to the claims and defenses in this matter.

134.    In response to Paragraph 134 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 134 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 134 of the Complaint. Defendants further respond that the allegations in this Paragraph are irrelevant to the claims and defenses in this matter.

**M.**    *In Response To:* **Guidepoint Faces Irreparable Harm Absent Injunctive Relief**

135.    In response to Paragraph 135 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 135 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 135 of the Complaint.

136.    This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 136 of the Complaint.

137.     This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 137 of the Complaint.

138.     Defendants deny the allegations of Paragraph 138 of the Complaint.

139.     This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 139 of the Complaint.

140.     In response to Paragraph 140 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 140 of the Complaint that is inconsistent with the documents described, including any allegation that the document or any of its sub-parts are enforceable.

141.     This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 141 of the Complaint, including any allegation that the document or any of its sub-parts are enforceable.

142.     This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 142 of the Complaint.

## COUNT I
### Violation of the Defend Trade Secrets Act (18 U.S.C. § 1836(b))
### (All Defendants)

143.     Defendants incorporate by reference their responses in the paragraphs above.

144.     In response to Paragraph 144 of the Complaint, Defendants state that Paragraph 144 of the Complaint states a legal conclusion to which no responsive pleading is required. To

Answer, Affirmative Defenses, and Counterclaims

the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 144 of the Complaint.

145. In response to Paragraph 145 of the Complaint, Defendants state that Paragraph 145 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 145 of the Complaint.

146. In response to Paragraph 146 of the Complaint, Defendants state that Paragraph 146 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 146 of the Complaint.

147. In response to Paragraph 147 of the Complaint, Defendants state that Paragraph 147 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 147 of the Complaint.

148. Defendants deny the allegations contained in Paragraph 148 of the Complaint.

149. Defendants deny the allegations contained in Paragraph 149 of the Complaint.

150. Defendants deny the allegations contained in Paragraph 150 of the Complaint, including sub-paragraphs A-E.

151. Defendants deny the allegations contained in Paragraph 151 of the Complaint.

152. Defendants deny the allegations contained in Paragraph 152 of the Complaint.

153. Defendants deny the allegations contained in Paragraph 153 of the Complaint.

154. Defendants deny the allegations contained in Paragraph 154 of the Complaint.

155. Defendants deny the allegations contained in Paragraph 155 of the Complaint.

156.    Defendants deny the allegations contained in Paragraph 156 of the Complaint.

157.    Defendants deny the allegations contained in Paragraph 157 of the Complaint.

158.    Defendants deny the allegations contained in Paragraph 158 of the Complaint.

159.    Defendants deny the allegations contained in Paragraph 159 of the Complaint.

160.    Defendants deny the allegations contained in Paragraph 160 of the Complaint.

161.    Defendants deny the allegations contained in Paragraph 161 of the Complaint.

162.    Defendants deny the allegations contained in Paragraph 162 of the Complaint.

163.    In response to Paragraph 163 of the Complaint, Defendants state that Paragraph 163 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 163 of the Complaint.

164.    Defendants deny the allegations contained in Paragraph 164 of the Complaint.

### COUNT II
### Breach of Contract (Employment Agreement's Confidentiality Provision (§5)) (Against Ware, Gohil, and Eng)

165.    Defendants incorporate by reference their responses in the paragraphs above.

166.    In response to Paragraph 166 of the Complaint, Defendants state that Paragraph 166 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 166 of the Complaint.

167.    In response to Paragraph 167 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 167 of the Complaint that is inconsistent with the documents described.

168.    In response to Paragraph 168 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 168 of the Complaint that is inconsistent with the documents described.

169.    Defendants deny the allegations contained in Paragraph 169 of the Complaint.

170.    Defendants deny the allegations contained in Paragraph 170 of the Complaint.

171.    In response to Paragraph 171 of the Complaint, Defendants state that Paragraph 171 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 171 of the Complaint.

172.    In response to Paragraph 172 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 172 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 172 of the Complaint.

173.    Defendants deny the allegations contained in Paragraph 173 of the Complaint.

174.    Defendants deny the allegations contained in Paragraph 174 of the Complaint.

175.    Defendants deny the allegations contained in Paragraph 175 of the Complaint.

176.    Defendants deny the allegations contained in Paragraph 176 of the Complaint.

177.    Defendants deny the allegations contained in Paragraph 177 of the Complaint.

## <u>COUNT III</u>
### Breach of Contract (Employment Agreement's Non-Compete Provision (§ 4(a)) (Against Ware, Gohil, and Eng)

178.    Defendants incorporate by reference their responses in the paragraphs above.

179.    In response to Paragraph 179 of the Complaint, Defendants state that Paragraph 179 of the Complaint states a legal conclusion to which no responsive pleading is required. To

the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 179 of the Complaint.

180. In response to Paragraph 180 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 180 of the Complaint that is inconsistent with the documents described.

181. Defendants admit the allegations of Paragraph 181 of the Complaint.

182. Defendants admit that Eng invited Ware to call on April 20 and that Ware informed Guidepoint that he was resigning to join his former co-workers at a startup, and deny all of the remaining allegations of Paragraph 182 of the Complaint.

183. Defendants deny the allegation that Gohil "likely works for Inquire Network" and admit the remaining allegations of Paragraph 183 of the Complaint.

184. Defendants deny the allegations of Paragraph 184 of the Complaint.

185. Defendants deny the allegations contained in Paragraph 185 of the Complaint.

## <u>COUNT IV</u>
**Breach of Contract (Employment Agreement's Non-Interference Provision (§ 4(c))
(Against Ware, Gohil, and Eng)**

186. Defendants incorporate by reference their responses in the paragraphs above.

187. In response to Paragraph 187 of the Complaint, Defendants state that Paragraph 187 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 187 of the Complaint.

188. In response to Paragraph 188 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 188 of the Complaint that is inconsistent with the documents described.

189.    Defendants deny the allegations contained in Paragraph 189 of the Complaint.

190.    Defendants deny the allegations contained in Paragraph 190 of the Complaint.

191.    Defendants deny the allegations contained in Paragraph 191 of the Complaint.

## COUNT V
### Breach of Contract (Employment Agreement's Employee Non-Solicit (§ 4(b))
### (Against Ware, Gohil, and Eng)

192.    Defendants incorporate by reference their responses in the paragraphs above.

193.    In response to Paragraph 193 of the Complaint, Defendants state that Paragraph 193 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 193 of the Complaint.

194.    In response to Paragraph 194 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 194 of the Complaint that is inconsistent with the documents described.

195.    Defendants deny the allegations contained in Paragraph 195 of the Complaint.

196.    Defendants deny the allegations contained in Paragraph 196 of the Complaint.

## COUNT VI
### Breach of Contract (Equity Incentive Agreement's Confidentiality Provision (§ 6(b))
### (Against Ware and Gohil)

197.    Defendants incorporate by reference their responses in the paragraphs above.

198.    In response to Paragraph 198 of the Complaint, Defendants state that Paragraph 198 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 198 of the Complaint.

Answer, Affirmative Defenses, and Counterclaims

199.    In response to Paragraph 199 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 199 of the Complaint that is inconsistent with the documents described.

200.    In response to Paragraph 200 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 200 of the Complaint that is inconsistent with the documents described.

201.    Defendants deny the allegations contained in Paragraph 201 of the Complaint.

202.    Defendants deny the allegations contained in Paragraph 202 of the Complaint.

203.    Defendants deny the allegations contained in Paragraph 203 of the Complaint.

204.    Defendants deny the allegations contained in Paragraph 204 of the Complaint.

## COUNT VII
**Breach of Contract (Equity Incentive Agreement's Non-Competition Provision (§ 6(b))
(Against Ware and Gohil)**

205.    Defendants incorporate by reference their responses in the paragraphs above.

206.    In response to Paragraph 206 of the Complaint, Defendants state that Paragraph 206 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 206 of the Complaint.

207.    In response to Paragraph 207 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 207 of the Complaint that is inconsistent with the documents described.

208.    In response to Paragraph 208 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 208 of the Complaint that is inconsistent with the documents described.

209. Defendants admit that Eng invited Ware to call on April 20, and deny all of the remaining allegations of Paragraph 209 of the Complaint.

210. Defendants deny the allegation that Gohil "likely works for Inquire Network" and admit the remaining allegations of Paragraph 210 of the Complaint.

211. This paragraph calls for a legal conclusion, and so no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 211 of the Complaint.

212. Defendants deny the allegations contained in Paragraph 212 of the Complaint.

213. Defendants deny the allegations contained in Paragraph 213 of the Complaint.

## COUNT VIII
### Breach of Contract (Consulting Agreement)
### Duggal

214. Defendants incorporate by reference their responses in the paragraphs above.

215. In response to Paragraph 215 of the Complaint, Defendants state that Paragraph 215 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 215 of the Complaint.

216. In response to Paragraph 216 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 216 of the Complaint that is inconsistent with the documents described.

217. In response to Paragraph 217 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 217 of the Complaint that is inconsistent with the documents described.

218. Defendants deny the allegations contained in Paragraph 218 of the Complaint.

Answer, Affirmative Defenses, and Counterclaims

219.    Defendants deny the allegations contained in Paragraph 219 of the Complaint.

220.    Defendants deny the allegations contained in Paragraph 220 of the Complaint.

221.    Defendants deny the allegations contained in Paragraph 221 of the Complaint.

## COUNT IX
### Tortious Interference with Contract
### (All Defendants)

222.    Defendants incorporate by reference their responses in the paragraphs above.

223.    Defendants deny the allegations contained in Paragraph 223 of the Complaint.

224.    In response to Paragraph 224 of the Complaint, Defendants state that Paragraph 224 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 224 of the Complaint.

225.    Defendants deny the allegations contained in Paragraph 225 of the Complaint.

226.    Defendants deny the allegations contained in Paragraph 226 of the Complaint.

227.    In response to Paragraph 227 of the Complaint, Defendants further state that Exhibit M to the Complaint speaks for itself, and Defendants deny any allegation of Paragraph 227 of the Complaint that is inconsistent with the document contained in Exhibit M to the Complaint.

228.    Defendants deny the allegations contained in Paragraph 228 of the Complaint.

229.    In response to Paragraph 229 of the Complaint, Defendants state that Paragraph 229 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 229 of the Complaint.

230.    Defendants deny the allegations contained in Paragraph 230 of the Complaint.

231.    Defendants deny the allegations contained in Paragraph 231 of the Complaint.

## COUNT X
### Breach of Fiduciary Duty
### (Against Ware, Gohil, and Eng)

232.    Defendants incorporate by reference their responses in the paragraphs above.

233.    In response to Paragraph 233 of the Complaint, Defendants state that Paragraph 233 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 233 of the Complaint.

234.    Defendants deny the allegations contained in Paragraph 234 of the Complaint.

235.    Defendants deny the allegations contained in Paragraph 235 of the Complaint.

236.    Defendants deny the allegations contained in Paragraph 236 of the Complaint.

237.    Defendants deny the allegations contained in Paragraph237 of the Complaint.

238.    Defendants deny the allegations contained in Paragraph 238 of the Complaint.

## COUNT XI
### Aiding And Abetting Breach of Fiduciary Duty
### (Against Inquire Network and DL Software)

239.    Defendants incorporate by reference their responses in the paragraphs above.

240.    In response to Paragraph 240 of the Complaint, Defendants state that Paragraph 240 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 240 of the Complaint.

241.    Defendants deny the allegations contained in Paragraph 241 of the Complaint.

242.    Defendants deny the allegations contained in Paragraph 242 of the Complaint.

243.    Defendants deny the allegations contained in Paragraph 243 of the Complaint.

244.    Defendants deny the allegations contained in Paragraph 244 of the Complaint.

245.    Defendants deny the allegations contained in Paragraph 245 of the Complaint.

246.    Defendants deny the allegations contained in Paragraph 246 of the Complaint.

247.    In response to Paragraph 247 of the Complaint, Defendants further state that Exhibit I to the Complaint speaks for itself, and Defendants deny any allegation of Paragraph 247 of the Complaint that is inconsistent with the document contained in Exhibit I to the Complaint.

248.    Defendants deny the allegations contained in Paragraph 248 of the Complaint.

249.    Defendants deny the allegations contained in Paragraph 249 of the Complaint.

## **PRAYER FOR RELIEF**

In response to the Prayer for Relief contained in the Complaint, Defendants deny that Plaintiffs are entitled to any of the relief requested in Subparagraphs A through N of the Prayer for Relief section of the Complaint. Defendants deny that Plaintiffs are entitled to any relief whatsoever against Defendants in this action, either as prayed for in its Complaint or otherwise.

## **JURY DEMAND**

Defendants hereby demand a trial by jury on all claims, issues and damages so triable.

## AFFIRMATIVE DEFENSES

In addition to those described below, Defendants specifically reserveall rights to amend its Answer, including asserting additional affirmative defenses, other defenses, and counterclaims, as this matter progresses. Defendants, for their affirmative defenses, state as follows:

### First Affirmative Defense
### Failure to State a Claim

Plaintiff's Complaint fails to state any claim against Defendants upon which relief can be granted.

### Second Affirmative Defense
### No Misappropriation of Trade Secrets

Defendants have not and do not directly or indirectly misappropriated, contributed to the misappropriation of, assisted with the misappropriation of, or actively induced others to misappropriate, any trade secret of Plaintiff.

### Third Affirmative Defense
### Unenforceability of the Confidentiality Provisions

Plaintiff's claims that Ware, Gohil, and Eng breached their contractual confidentiality obligations fail as a matter of law because Section 5 of their respective Employment Agreements is unenforceable as facially vague and overbroad.

Answer, Affirmative Defenses, and Counterclaims

**Fourth Affirmative Defense**
**Unenforceability of the Non-Competition Provisions**

Plaintiff's claims that Ware, Gohil, and Eng breached their contractual non-competition obligations fail as a matter of law because Section 4(a) of their respective Employment Agreements is unenforceable as it imposes undue hardship on Ware, Gohil, and Eng. The restraint imposed by Section 4(a) of their respective Employment Agreements imposes a restraint greater than is necessary to protect Plaintiff's interests, deprives Defendants of the opportunity to pursue their business, and constitutes an unreasonable restraint of the public's right to the Defendants' services.

**Fifth Affirmative Defense**
**Unenforceability of the Non-Interference Provisions**

Plaintiff's claims that Ware, Gohil, and Eng breached their contractual non-interference obligations fail as a matter of law because Section 4(c) of their respective Employment Agreements is unenforceable as facially vague and overbroad.

**Sixth Affirmative Defense**
**Unenforceability of the Non-Solicitation Provisions**

Plaintiff's claims that Ware, Gohil, and Eng breached their contractual non-solicitation obligations fail as a matter of law because Section 4(b) of their respective Employment Agreements is unenforceable as facially vague and overbroad.

**Seventh Affirmative Defense**
**Unenforceability of the Equity Incentive Confidentiality Provisions**

Plaintiff's claims that Ware and Gohil breached their confidentiality obligations under their respective Equity Incentive Agreements fail as a matter of law because Section 6(b) of those agreements is unenforceable as facially vague and overbroad.

## Eighth Affirmative Defense
### Unenforceability of the Equity Incentive Non-Competition Provisions

Plaintiff's claims that Ware and Gohil breached their contractual non-competition obligations fail as a matter of law because Section 6(b) of their respective Equity Incentive Agreements is unenforceable as it imposes undue hardship on Ware and Gohil. The restraints imposed by this section are greater than is necessary to protect Plaintiff's interests, deprive Defendants of the opportunity to pursue their business, and constitute an unreasonable restraint of the public's right to the Defendants' services.

## Ninth Affirmative Defense
### Unenforceability of the Consulting Agreement Confidentiality Provision

Plaintiff's claims that Duggal breached his confidentiality obligations under the Consulting Agreement fails as a matter of law because the asserted "Confidentiality Provision" is unenforceable as facially vague and overbroad.

## Tenth Affirmative Defense
### Unclean Hands

Plaintiff's claims and requested relief are barred by the doctrine of unclean hands. Plaintiff's unfair competitive efforts and harassment of Defendants is unfair, unconscionable, and precludes its claims and any equitable or other relief. Plaintiff brought this lawsuit to disrupt the legitimate business activities of the Defendants and/or as an effort to enforce patently overbroad, vague, and unenforceable contract terms against the Defendants.

## Eleventh Affirmative Defense
### Balance of Equities

Plaintiff's request for injunctive relief should be denied because the balance of equities weighs in favor of Defendants.

---

Answer, Affirmative Defenses, and Counterclaims

**Twelfth Affirmative Defense**
**Public Interest**

Plaintiff's request for injunctive relief should be denied because an injunction would be contrary to the public interest.

**Thirteenth Affirmative Defense**
**Waiver, Laches, Estoppel**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, and/or estoppel.

**Fourteenth Affirmative Defense**
**Existence of Adequate Remedies At Law**

Plaintiff is not entitled to injunctive relief because any alleged injury to it is not irreparable, and Plaintiff has an adequate remedy at law.

**Fifteenth Affirmative Defense**
**No Secret**

Plaintiff's Second Amended Complaint and all counts that relate to purported misappropriation of trade secrets, confidential information, and/or proprietary information are barred because the information Plaintiffs' claim that Defendants misappropriated is publicly available.

Defendants' legitimate business activities do not reflect misappropriated trade secrets belonging to Plaintiff. The Defendants have relied on information that is widely publicly available.

**Sixteenth Affirmative Defense**
**No Damages**

Plaintiff has suffered no damages. Specifically, the Second Amended Complaint and each claim for relief set forth therein is barred by Plaintiff's failure to establish any loss, injury, or damages. Any alleged damages are speculative, remote, and uncertain.

**Seventeenth Affirmative Defense**
**No Breach**

Each of Plaintiff's claims for breach of various contractual provisions is barred for failure to establish breach. Defendants have not used any proprietary or confidential information of Plaintiff.

**Eighteenth Affirmative Defense**
**No Fiduciary Duty**

The claims are barred because no fiduciary duty existed between each of Ware, Gohil, and Eng, and the Plaintiff.

**Nineteenth Affirmative Defense**
**No Knowledge of Fiduciary Duty**

Plaintiff's claim for aiding and abetting breach of fiduciary duty (Count XI) is barred because Inquire Network and DL Software lacked actual knowledge of any alleged fiduciary duty or any breach thereof.

**Twentieth Affirmative Defense**
**No Assistance by Inquire and DL Software**

Plaintiff's claim for aiding and abetting breach of fiduciary duty is barred because Inquire Network and DL Software did not provide substantial assistance, encouragement, or participation in any alleged breach.

**Twenty-First Affirmative Defense**
**No Causation**

Plaintiff's claims are barred, in whole or in part, because any alleged injury was not proximately caused by Defendants' conduct or any alleged breach of fiduciary duty.

**Twenty-Second Affirmative Defense**
**Attorneys' Fees Limitations**

To the extent Plaintiff claims entitlement to attorneys' fees, which Defendants deny, any such recovery is limited to fees that are reasonable, necessary, adequately documented, and otherwise recoverable under applicable law. Defendants are entitled to challenge the reasonableness, necessity, allocation, and amount of any fees claimed by Plaintiff.

**Twenty-Third Affirmative Defense**
**No Entitlement to Exemplary Damages**

Plaintiff's request for "exemplary" damages should be denied as contrary to public policy.

**Twenty-Fourth Affirmative Defense**
**_De Minimis_ Misconduct**

To the extent Plaintiff claims entitlement to relief for mis-use of trade secret, confidential, or proprietary information, which Defendants deny, Plaintiff is not entitled to relief since the alleged list of approximately 2,000 names constitutes a _de minimis_ part of Plaintiff's self-advertised network of over two million experts.

**Twenty-Fifth Affirmative Defense**
**Trade Secret Claims are Moot**

To the extent Plaintiff claims entitlement to relief for mis-use of trade secret, confidential, or proprietary information including transcripts, which Defendants deny, Plaintiff is not entitled to relief since the value of the transcripts is now approximately zero dollars.

**Reservation of Rights to Assert Additional Affirmative Defenses**

Defendants reserve the right to assert additional defenses as discovery proceeds.

## COUNTERCLAIMS

Defendants-Counterclaim Plaintiffs Alan Ware ("Ware"), Sheetal Duggal ("Duggal"), Kirang Gohil ("Gohil"), Christiana Eng ("Eng"), Inquire Network, Inc. ("Inquire"), and DL Software, Inc. ("DL"), (each a ("Counterclaim Plaintiff" and together, the "Counterclaim Plaintiffs"), for their counterclaims against Plaintiff Guidepoint Global, LLC ("Guidepoint"), incorporate by reference the paragraphs above and further allege as follows:

## PRELIMINARY STATEMENT

250.    Counterclaim Plaintiffs incorporate by reference and reallege the allegations of the above Answer as if fully set forth herein.

251.    Counterclaim Plaintiffs seek a declaratory judgment of the parties' respective rights and obligations under the Employment Agreements, a declaratory judgment of the parties' respective rights and obligations under the Equity Agreements, and a declaratory judgment of the parties' respective rights and obligations under the Consultant Agreement.

252.    These counterclaims arise out of Guidepoint's wrongful assertion of non-existent intellectual property rights. In its Second Amended Complaint, Guidepoint has alleged that it owns certain trade secrets and that the Counterclaim Plaintiffs have misappropriated those secrets, in violation of various agreements. Counterclaim Plaintiffs deny that Guidepoint is entitled to any of the relief it seeks, and disputes Guidepoint's interpretation of each of the Agreements at issue in this matter.

## PARTIES

253.    Alan Ware is a resident of the state of Connecticut, with an address at 16 Shoreview Lane, Danbury, CT 06811.

Answer, Affirmative Defenses, and Counterclaims

254.    Sheetal Duggal is a resident of the state of New York, with an address at 217 W 57th Street, #43C, New York, NY 10019.

255.    Kirang Gohil is a resident of the state of New Jersey, with an address at 6 Jacobs Landing Secaucus, NJ 07094.

256.    Christiana (aka Tiana) Eng is a resident of the state of New Jersey, with an address at 17 Woodmere Court, Old Bridge, NJ 08857.

257.    Inquire Network, Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business in the state of New York.

258.    DL Software, Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business in the state of New York.

259.    Guidepoint Global, LLC is a limited liability company organized under the laws of the State of New York with its principal place of business in this District.

## JURISDICTION AND VENUE

260.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Guidepoint has asserted a claim under the Defend Trade Secrets Act, 18 U.S.C. § 1836.

261.    This Court has jurisdiction over the counterclaims pursuant to 28 U.S.C. § 2201 and § 2202 (declaratory judgment).

262.    This Court has personal jurisdiction over Guidepoint, inter alia, Guidepoint has purposefully availed itself of the privilege of conducting activities within this District, including by bringing the instant lawsuit.

263.    Venue is proper in this District under 28 U.S.C. § 1391 (a) at least because a substantial part of the events giving rise to the claims and counterclaims occurred in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because Guidepoint submitted to this Court's jurisdiction by virtue of filing this action.

Answer, Affirmative Defenses, and Counterclaims

## RELEVANT FACTS

264.    Each of Ware, Gohil, Eng, and Duggal (the "Individual Counterclaim Plaintiffs") is a professional who provided services to Guidepoint, either as an employee or as a consultant.

265.    During the parties' relationships, Guidepoint required each of the Individual Counterclaim Plaintiffs to execute confidentiality provisions that Guidepoint now contends restrict their use of information, knowledge, and experience.

266.    Ware was formerly an employee with Guidepoint, and entered into an employment agreement (the "Ware Employment Agreement") on or around March 21, 2023 (amended August 2023).

267.    Gohil was formerly an employee with Guidepoint, and entered into an employment agreement (the "Gohil Employment Agreement") on or around January 1, 2024.

268.    Eng was formerly an employee with Guidepoint, and entered into an employment agreement (the "Eng Employment Agreement") on or around February 14, 2022 (amended August 2023).

269.    Ware, Gohil, and Eng's Employment Agreements (Exhibits A, B, D, F, & G to Complaint, together, the "Employment Agreements") each included an unenforceable confidentiality provision which Plaintiff has alleged limits Ware, Gohil, and Eng's use of "Proprietary Information" belonging to Guidepoint, which was defined to include:

> [A]ny and all confidential and/or proprietary knowledge, data or information of the Company and its affiliates (the "Company Group") and/or the Company Group's customers, clients, vendors, employees, agents and contractors. By way of illustration but not limitation, Proprietary Information includes (i) trade secrets, inventions, mask works, ideas, processes, formulas, source and object codes, data, programs, other works of authorship, know-how, improvements, discoveries, developments, designs, techniques and research; (ii) information regarding the Company Group's organization or structure, plans for research and development, new products or services, marketing, advertising, and other business plans, budgets and financial data, licenses, pricing and costs, and

Answer, Affirmative Defenses, and Counterclaims

suppliers; (iii) the identity of current and prospective clients of the Company Group and the Company Group's current and prospective contracts, policies, standards, procedures and practices; (iv) any and all information regarding the experts contracted by the Company Group, the Company Group's business model incorporating the use of such experts and the technology and trade secrets in connection with the utilization of such business model; and (v) information regarding the skills and compensation of the Company Group's employees. Proprietary Information also shall include any information that is provided to or obtained by the Company Group from third parties and is subject to obligations of confidentiality. Employment Agreements § 5(a).

270.    Although Ware and Eng had already signed employment agreements that contained restrictive covenants related to confidentiality, Guidepoint presented Ware and Eng with an impossible choice: agree to the expanded restrictions in the amendments to their employment agreements, or forfeit their employment.

271.    The Confidentiality Provision restricts, *inter alia,* the use of "know how" acquired by each of the Individual Counterclaim Plaintiffs during their employment (or consultancy) with Guidepoint.

272.    Guidepoint has asserted an interpretation of those provisions that extends beyond the protection of legitimate confidential information and effectively restricts each of the Individual Counterclaim Plaintiffs' use of information that is publicly available, independently developed, or otherwise not protectable under applicable law.

273.    Guidepoint now contends that the Confidentiality Provisions prohibit the Individual Counterclaim Plaintiffs from using information and knowledge acquired through their own experience and work in their chosen industry.

274.    The Confidentiality Provisions interpreted and asserted by Guidepoint are overbroad, unreasonable, and unenforceable to the extent they purport to restrict the use of information that is publicly known, generally available, independently developed, and/or otherwise not protectable as confidential information or trade secrets.

Answer, Affirmative Defenses, and Counterclaims

275.    Guidepoint acknowledged the overbreadth of the Confidentiality Provisions in a conversation with Ware.

276.    The Employment Agreements also contain a restrictive covenant that Guidepoint contends prohibits each of the Individual Counterclaim Plaintiffs from engaging in certain competitive activities following the termination of the parties' relationships.

277.    The Employment Agreements include the following unenforceable Non-CompeteProvision:

> during the period of Employee's employment under this Agreement, and for six (6) months after the termination of Employee's employment with the Company, the Employee shall not, (a) directly or indirectly, either through any form of ownership, or as a director, officer, principal, agent, employee, independent contractor, employer, advisor, consultant, shareholder, partner or in any other capacity, either for Employee's benefit or the benefit of any other person or entity, shall not be employed by or otherwise engage in or be interested in (i) any business in competition with the Company Group including, without limitation, any company which charges customers fees for providing research by a firm that employs or contracts a Network of Experts (as hereinafter defined), anywhere where the Company Group has operations, customers or such Experts (a "Competitive Business"), or (ii) any business that is a client of the Company and with which Employee had contact through Employee's work at the Company, or (b) use in any Competitive Business any Proprietary Information (as hereinafter defined) or Work Product (as hereinafter defined). A "Network of Experts" shall mean a number of individuals who are experts within a field or industry based upon current or previous employment, design, marketing or any other involvement with that industry. Employment Agreements § 4(a).

278.    The Non-Compete Provision is facially overbroad since it restricts any form of employment or work with "a number of individuals who are experts within a field or industry," effectively eliminating any possibility that the signer work with competent or experienced individuals *in any field whatsoever* for a period of six months after their employment with Guidepoint ended.

279.    Guidepoint has asserted an interpretation of the Non-Compete Provision that substantially limits each of the Individual Counterclaim Plaintiffs' ability to work in their chosen field and to engage in lawful competition.

280.    The Non-Compete Provision is is unenforceable, in whole or in part, because it is broader than necessary to protect any legitimate business interest, imposes undue hardship on each of the Individual Counterclaim Plaintiffs, and is contrary to New York law governing restrictive covenants.

281.    The Employment Agreements included the following unenforceable non-interference provision:

> During the Employee's employment and for a two (2) year period thereafter, Employee shall not, directly or indirectly, attempt to interfere with, impair, or adversely affect any contractual relationship or business relationship between the Company and any client, customer, expert, advisor or other person or entity engaged by or doing business with the Company, including without limitation engaging with any business that is a client of the Company and with which Employee had contact through Employee's work at the Company, on any matter that relates to the Company.

282.    The Employment Agreements included the following unenforceable non-solicit provision:

> During the Employee's employment and for a two (2) year period thereafter, Employee will not, directly or indirectly, solicit or recruit any employee, independent contractor or agent of the Company to resign from the Company or to accept employment or other engagement with Employee or with any other person or company.

283.    On or around April 1, 2023, Ware entered into an "equity incentive agreement" with Guidepoint. (the "Ware Equity Incentive Agreement," Exhibit C to Complaint).

284.    On or around April 1, 2024, Gohil entered into an "equity incentive agreement" with Guidepoint (the "Gohil Equity Incentive Agreement," Exhibit E to Complaint).

---

Answer, Affirmative Defenses, and Counterclaims

285.    The Ware Equity Incentive Agreement and the Gohil Equity Incentive Agreement (together, the "Equity Agreements") included the following unenforceable non-competition provision:

during the period of Employee's employment with the Company Group, and for a period of two (2) years following the termination of Employee's employment with the Company Group for any reason whatsoever, Employee shall not anywhere in the world where the Company Group does business: (i) directly or indirectly, either through any form of direct or indirect ownership (other than owning an investment of not more than 5%), or as a director, officer, principal, agent, employee, independent contractor, employer, advisor, consultant, shareholder, partner, member or in any other capacity, either for Employee's benefit or the benefit of any other person or entity, be employed by or otherwise engage in or be interested or involved in a Competitive Business. Equity Agreements § 6(a).

286.    The Equity Agreements defined "Competitive Business" as:

any business in competition with the Company Group from time to time (or by which the Company Group is proposing to operate) including, without limitation, any entity which charges customers fees for providing research by a firm that employs or contracts a Network of Experts anywhere the Company Group has operations, customers or such Experts." *Id.* at §6(e)(i).

287.    Under the Equity Agreements, a "Network of Experts" was defined as: "a number of individuals who are subject matter experts within a field or industry based upon current or previous employment, design, marketing or any other involvement with that industry." *Id.* § 6(e)(iii).

288.    The Non-Compete Provision in the Equity Agreements is unenforceable, since it purportedly restricts Ware and Gohil from earning income in any form for two years after separating from Guidepoint, for any reason.

289.    The Non-Compete Provision in the Equity Agreements imposes an undue hardship on Gohil and Ware.

290.    The Equity Agreements included an unenforceable confidentiality provision which allegedly limits Ware and Gohil's use of:

Answer, Affirmative Defenses, and Counterclaims

any and all Company Group confidential, proprietary or trade secret information (*whether or not denoted as confidential or proprietary*), in any form or medium, including, but not limited to, the following: customer, client and vendor lists; customer, client and vendor data and information; customer, client and vendor referral bases; financial and sales information; service/product costing and profit margin information; planning, advertising and marketing information; Company Group research and development; pending projects and proposals; scientific information, *production know how*, production data, or proprietary production processes (including, without limitation, product formulas); technical data and technical prototypes; vendor pricing and products; *information regarding the principals, officers, clients, customers, employees and consultants of the Company Group*; and other confidential information, proprietary information, trade secrets and business information which is owned by or pertains to the Company Group or any of its products, services, customers, clients, contractors or suppliers [as well as] include the terms of this [Equity] Agreement and the fact that Employee has entered into this Agreement. *Id.* at § 6(e)(iv) (emphasis added).

291.    The Equity Agreement Confidentiality Provision allegedly prohibited disclosure of *any information* pertaining to Guidepoint in any way, *whether it was marked confidential or not.*

292.    Under the Equity Agreement Confidentiality Provision, there is no way to separate "Confidential Information" from Non-Confidential Information pertaining to Guidepoint. For example, if read according to Guidepoint's proposed interpretation, both the dates of Ware and Gohil's employment with Guidepoint and the terms of the Equity Agreements themselves are protected from disclosure.

293.    The Equity Agreement Confidentiality Provisions are unenforceable as overbroad and vague.

294.    In keeping with their pattern of forcing employees and consultants to agree to unenforceable, overbroad restrictive covenants, Guidepoint included the following language in the Equity Agreements:

The covenants contained in this Section 6 shall supplement and not replace or supersede any other non-competition, non-solicitation, non-disparagement or confidentiality obligations contained in any agreement, applicable law or otherwise to which Employee

is bound or subject. To the extent there is any inconsistency between any such terms of applicable agreements, the terms which are more restrictive on the Employee shall govern. Equity Agreements § 6.

295.    In addition to imposing additional restrictions on Ware and Gohil, the Equity Agreements tasked Ware and Gohil, neither of whom are attorneys, with interpretation of those new restrictions, comparison with the terms of their previously-executed Employment Agreements to spot inconsistencies, and determination of which set of restrictions was "more restrictive on the Employee." *Id.*

296.    Duggal was formerly a consultant with Guidepoint, and entered into a Consultant Agreement on or around August 1, 2023.

297.    The Consultant Agreement included an unenforceable Confidentiality Provision which limited the use of:

> any and all confidential and/or proprietary knowledge, data or information of the Company Group. By way of illustration but not limitation, "Proprietary Information" includes (i) *any and all information contained in or related to* the Company's CRM platform, trade secrets, inventions, mask works, *ideas*, processes, formulas, source and object codes, data, programs, other works of authorship, *know-how*, improvements, discoveries, developments, designs, *techniques* and research; (ii) information regarding the Company's organization or structure, plans for research and development, new products, marketing, selling, advertising, and other business plans, budgets and financial data, licenses, pricing and costs, and suppliers; (iii) the identity of current and prospective clients of the Company, and Company's current and prospective contracts, policies, standards, procedures and practices; (iv) any and all information regarding the experts contracted by the Company, the Company's business model incorporating the use of such experts and the technology and trade secrets in connection with the utilization of such business model; and (v) information regarding the skills and compensation of other consultants or employees of the Company. Proprietary Information also shall include any information that is provided to or obtained by the Company Group from third parties and is subject to obligations of confidentiality. Exhibit H to Complaint (emphasis added).

298.    The Consultant Agreement Confidentiality Provision is unenforceable as overbroad and vague.

---

Answer, Affirmative Defenses, and Counterclaims

299.    The Consultant Agreement Confidentiality Provision limits the use of publicly available information, including at least information relating to the experience and skills of consultants associated with Guidepoint, which is publicly accessible via networks such as LinkedIn.

300.    The Consultant Agreement Confidentiality Provision limits Duggal's ability to use information and knowledge acquired through his own experience and work in the industry to earn a living.

301.    During the course of their respective relationships with Guidepoint, each of the Individual Counterclaim Plaintiffs developed, used, and possessed information, materials, processes, and business practices that were independently created, publicly available, generally known within the industry, or otherwise not subject to any confidentiality obligations owed to Guidepoint.

302.    It was reasonable for the Counterclaim Plaintiffs to earn income based on their personal knowledge, skills, and experience after they were no longer working for/with Guidepoint.

## ACTUAL CASE OR CONTROVERSY

303.    Counterclaim-Plaintiffs repeat and reallege each of the foregoing allegations as though fully set forth herein.

304.    There is an actual controversy between the parties to this litigation within the jurisdiction of this Court under 28 U.S.C. § 2201 and 2202.

305.    Absent a declaration of the parties' respective rights, duties, and obligations under the agreements at issue in this action, the Parties will continue to litigate their claims without knowing the conduct which is permissible under the relevant agreements.

## Count I: DECLARATORY JUDGMENT
*Ware Employment Agreement*
*(Ware v. Guidepoint)*

306.     Counterclaim-Plaintiffs repeat and reallege each of the foregoing allegations as though fully set forth herein.

307.     An actual, present, and justiciable controversy exists between the parties concerning their respective rights and obligations under the Ware Employment Agreement (Exhibit B to Complaint).

308.     Guidepoint has asserted that Ware breached certain duties or obligations arising under the Ware Employment Agreement, and has sought relief based on those assertions.

309.     Ware disputes those allegations and contend that his employment agreement does not impose the duties and/or obligations alleged by Guidepoint.

310.     Ware further contends that Guidepoint's interpretation of the Ware Employment Agreement is incorrect.

311.     The controversy is definite and concrete, concerns legal relations of parties with adverse interests, and is of sufficient immediacy and reality to warrant declaratory relief.

312.     A judicial declaration will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to this action.

## Count II: DECLARATORY JUDGMENT
*Gohil Employment Agreement*
*(Gohil v. Guidepoint)*

313.     Counterclaim-Plaintiffs repeat and reallege each of the foregoing allegations as though fully set forth herein.

314.    An actual, present, and justiciable controversy exists between the parties concerning their respective rights and obligations under the Gohil Employment Agreement (Exhibit D to Complaint).

315.    Guidepoint has asserted that Gohil breached certain duties or obligations arising under his Employment Agreement, and has sought relief based on those assertions.

316.    Gohil dispute those allegations and contend that the Gohil Emploeyment Agreement does not impose the duties and/or obligations alleged by Guidepoint.

317.    Gohil further contends that Guidepoint's interpretation of the Gohil Emploeyment Agreement is incorrect.

318.    The controversy is definite and concrete, concerns legal relations of parties with adverse interests, and is of sufficient immediacy and reality to warrant declaratory relief.

319.    A judicial declaration will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to this action.

## Count III: DECLARATORY JUDGMENT
*Eng Employment Agreement*
*(Eng v. Guidepoint)*

320.    Counterclaim-Plaintiffs repeat and reallege each of the foregoing allegations as though fully set forth herein.

321.    An actual, present, and justiciable controversy exists between the parties concerning their respective rights and obligations under the Eng Employment Agreement (Exhibits F and G to Complaint).

322.    Guidepoint has asserted that Eng has breached certain duties or obligations arising under the Eng Employment Agreement, and has sought relief based on those assertions.

Answer, Affirmative Defenses, and Counterclaims

323.    Eng disputes those allegations and contends that the Eng Employment Agreement does not impose the duties and/or obligations alleged by Guidepoint.

324.    Eng further contends that Guidepoint's interpretation of the Eng Employment Agreement is incorrect.

325.    The controversy is definite and concrete, concerns legal relations of parties with adverse interests, and is of sufficient immediacy and reality to warrant declaratory relief.

326.    A judicial declaration will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to this action.

### COUNT IV: DECLARATORY JUDGMENT
*Ware Equity Incentive Agreement*
*(Ware v. Guidepoint)*

327.    Counterclaim-Plaintiffs repeat and reallege each of the foregoing allegations as though fully set forth herein.

328.    An actual, present, and justiciable controversy exists between the parties concerning their respective rights and obligations under the Ware Equity Incentive Agreement (Exhibit C to Complaint).

329.    Guidepoint has asserted that Ware breached certain duties or obligations arising under the Ware Equity Incentive Agreement, and has sought relief based on those assertions.

330.    Ware disputes those allegations and contends that the Ware Equity Incentive Agreement does not impose the duties and/or obligations alleged by Guidepoint.

331.    Ware further contends that Guidepoint's interpretation of the Ware Equity Incentive Agreement is incorrect.

332.    The controversy is definite and concrete, concerns legal relations of parties with adverse interests, and is of sufficient immediacy and reality to warrant declaratory relief.

333.    A judicial declaration will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to this action.

## COUNT V: DECLARATORY JUDGMENT
*Gohil Equity Incentive Agreement*
*(Gohil v. Guidepoint)*

334.    Counterclaim-Plaintiffs repeat and reallege each of the foregoing allegations as though fully set forth herein. Counterclaim-Plaintiffs repeat and reallege each of the foregoing allegations as though fully set forth herein.

335.    An actual, present, and justiciable controversy exists between the parties concerning their respective rights and obligations under the Gohil Equity Incentive Agreement (Exhibit E to Complaint).

336.    Guidepoint has asserted that Counterclaim Plaintiffs breached certain duties or obligations arising under their respective employment agreements, and has sought relief based on those assertions.

337.    Counterclaim Plaintiffs dispute those allegations and contend that each employment agreement does not impose the duties and/or obligations alleged by Guidepoint.

338.    Counterclaim Plaintiffs further contend that Guidepoint's interpretation of their respective employment agreements is incorrect.

339.    The controversy is definite and concrete, concerns legal relations of parties with adverse interests, and is of sufficient immediacy and reality to warrant declaratory relief.

340.    A judicial declaration will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to this action.

## COUNT VI: DECLARATORY JUDGMENT
*Consulting Agreement*
*(Duggal v. Guidepoint)*

341.     Counterclaim-Plaintiffs repeat and reallege each of the foregoing allegations as though fully set forth herein.

342.     An actual, present, and justiciable controversy exists between the parties concerning their respective rights and obligations under the Consultant Agreement (Exhibit H to Complaint).

343.     Guidepoint has asserted that Duggal breached the Confidentiality Provisions of the Consultant Agreement, and has sought relief based on those assertions.

344.     Duggal disputes those allegations and contends that the Consultant Agreement does not impose the duties and/or obligations alleged by Guidepoint.

345.     Duggal further contends that Guidepoint's interpretation of the Consultant Agreement is incorrect.

346.     The controversy is definite and concrete, concerns legal relations of parties with adverse interests, and is of sufficient immediacy and reality to warrant declaratory relief.

347.     A judicial declaration will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to this action.

## DEMAND FOR JURY TRIAL

Counterclaim Plaintiffs request and demand a trial by jury on all counterclaims and issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE,** Counterclaim Plaintiffs respectfully request that this Court enter judgment in their favor and award the following relief:

a.  Dismissing the Complaint in its entirety;

b.  Declining to award any of the relief requested by Plaintiff;

c.  Declaring the parties' respective rights and obligations under each of the Employment Agreements,

d.  Declaring that the Confidentiality Clauses in the Employment Agreements are unenforceable;

e.  Declaring that the Non-Competition Clauses in the Employment Agreements are unenforceable;

f.  Declaring that the Non-Interference Clauses in the Employment Agreements are unenforceable;

g.  Declaring that the Non-Solicit Clauses in the Employment Agreements are unenforceable;

h.  Declaring the parties' respective rights and obligations under each of the Equity Agreements;

i.  Declaring that the Confidentiality Clauses in the Equity Agreements are unenforceable;

j.  Declaring that the Non-Competition Clauses in the Equity Agreements are unenforceable;

k.  Declaring the parties' respective rights and obligations under the Consultant Agreement;

l.  Declaring that the Confidentiality Clause in the Consultant Agreement is unenforceable;

m.  Awarding actual, incidental, compensatory, and consequential damages in an amount to be proven at trial;

Answer, Affirmative Defenses, and Counterclaims

n.  Awarding costs and expenses incurred herein, including reasonable attorneys' fees incurred by Counterclaim Plaintiffs;

o.  Awarding pre-judgment and post-judgment interest; and

p.  Awarding such other and further relief as the Court deems just and proper.


Dated: June 22, 2026

Respectfully submitted,

*/s/ Edward Andrew Paltzik*
Edward Andrew Paltzik
Craig L. Uhrich
Erik J. Dykema
TAYLOR DYKEMA PLLC
914 E. 25th Street
Houston, Texas 77009
(516) 526-0341
edward@taylordykema.com
*Attorneys for Defendants*

## **VERIFICATION**

State of   Connecticut

County of  Fairfield

Alan Ware, of lawful age and being first duly sworn under oath, states that he is one of the Defendants in the present matter; that this Verification is based on his personal knowledge and experience; that he has read the answers in the above Answer, Affirmative Defenses, and Counterclaims that are attributed to him and knows the contents thereof; and that the facts applicable to him as set forth in the above Answers attributed to him are true and correct to the best of his knowledge, information and belief.

In accord with 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this   22nd   day of June, 2026.

*Alan Ware*

box SIGN           1VJQ3VXZ-4WZ5PV2J

Alan Ware

**<u>VERIFICATION</u>**

State of  New Jersey

County of  Middlesex

Christiana Eng, of lawful age and being first duly sworn under oath, states that she is one of the Defendants in the present matter; that this Verification is based on her personal knowledge and experience; that she has read the answers in the above Answer, Affirmative Defenses, and Counterclaims that are attributed to her and knows the contents thereof; and that the facts applicable to her as set forth in the above Answers attributed to her are true and correct to the best of her knowledge, information and belief.

In accord with 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this   22nd   day of June, 2026.

box SIGN          195VX6KV-1VX5P63Z

Christiana Eng

**VERIFICATION**

STATE OF __NY__ )

                        ) ss:

COUNTY OF __New York__ )


I, Sheetal Duggal, of lawful age, being duly sworn upon my oath, depose and state under penalty of perjury state that I am the authorized representative of Inquire Network, Inc. ("Inquire"), one of the Defendants in the present matter; that I am authorized to respond to the the second amended complaint in this matter; that I have read said second amended complaint and the above Answer, Affirmative Defenses, and Counterclaims ("Answer"); the Answer above is based upon my personal knowledge as well as knowledge of the company gathered after diligent inquiry; and the factual statements of the foregoing are true to the best of my knowledge, information and belief.

In accord with 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this __22nd__ day of June, 2026.

*Sheetal Duggal*

box SIGN          135QRK2Q-4QWV9LWW

Inquire Network, Inc., Respondent

## **VERIFICATION**

State of _ New Jersey _

County of _Hudson_

Kirang Gohil, of lawful age and being first duly sworn under oath, states that he is one of the Defendants in the present matter; that this Verification is based on his personal knowledge and experience; that he has read the answers in the above Answer, Affirmative Defenses, and Counterclaims that are attributed to him and knows the contents thereof; and that the facts applicable to him as set forth in the above Answers attributed to him are true and correct to the best of his knowledge, information and belief.

In accord with 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this _ 22nd _ day of June, 2026.

*Kirang Gohil*

box SIGN          1R83QZJR-423R2XRX

Kirang Gohil

**VERIFICATION**

STATE OF __New York__    )
                                    ) ss:
COUNTY OF __New York__    )

    I, Nicholas Longo, of lawful age, being duly sworn upon my oath, depose and state under penalty of perjury state that I am the authorized representative of DL Software, Inc. ("DL"), one of the Defendants in the present matter; that I am authorized to respond to the the second amended complaint in this matter; that I have read said second amended complaint and the above Answer, Affirmative Defenses, and Counterclaims ("Answer"); the Answer above is based upon my personal knowledge as well as knowledge of the company gathered after diligent inquiry; and the factual statements of the foregoing are true to the best of my knowledge, information and belief.

In accord with 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this __22nd__ day of June, 2026.

*Nicholas Longo*

box SIGN       195V3PPV-4Y35PKRJ

DL Software, Inc., Respondent

**VERIFICATION**

State of __NY_____

County of __New York____

     Sheetal Duggal, of lawful age and being first duly sworn under oath, states that he is one of the Defendants in the present matter; that this Verification is based on his personal knowledge and experience; that he has read the answers in the above Answer, Affirmative Defenses, and Counterclaims that are attributed to him and knows the contents thereof; and that the facts applicable to him as set forth in the above Answers attributed to him are true and correct to the best of his knowledge, information and belief.

     In accord with 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

     Executed on this __22nd__ day of June, 2026.

*Sheetal Duggal*

box SIGN     135QRK2Q-13Y7XZXW

Sheetal Duggal