GT GreenbergTraurig

Justin K. Victor
Tel 678.553.2169
victorj@gtlaw.com

September 2, 2026

**VIA ECF**

Hon. Henry J. Ricardo
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Chambers 1930
New York, NY 10007

**Re: *Guidepoint Global, LLC v. Ware, et al.*, 1:26-cv-03684-VEC-HJR**

Dear Judge Ricardo:

Plaintiff Guidepoint Global, LLC respectfully opposes Defendants' last-minute Request for Extension of Time to Respond to Guidepoint's Contempt Motion. Dkt. 132. The issues raised in Guidepoint's Contempt Motion concern a very serious matter: Defendants' compliance (or lack thereof) with the Court's injunctions. Guidepoint made clear to Defendants—even before it filed the Contempt Motion on August 20—that it intended to seek Court intervention. As early as August 17, Guidepoint informed Judge Caproni that it intended "to raise Defendants' non-compliance with the Court." Dkt. 103 at 5.

As a matter of professional courtesy, counsel for Guidepoint will always accommodate reasonable requests for extensions when such requests do not prejudice a client. Here, as explained in correspondence to Defendants' counsel, Guidepoint would be willing to agree to an extension if Defendants agreed to relief that would alleviate Guidepoint's concerns raised by the Motion for Contempt. *See* **Exhibit A**, 2026.09.02 J. Victor Email to Defendants' Counsel. Defendants did not respond to this offer.

Guidepoint has been clear and consistent concerning its position on any extension and the reasons why Guidepoint would oppose such a request if Defendants' counsel formally made it. In fact, the parties addressed this issue with Your Honor during the August 27, 2026 hearing. During the hearing, Guidepoint's counsel explained:

> MR. VICTOR: Your Honor, respectfully, like, four or five times in this case, I have called opposing counsel and informed them of deadlines, including for these RFPs,

> and sent them reminders. Like, they have a deadline to respond. They haven't formally asked for an extension of that deadline.
>
> If they ask for an extension of the deadline to respond, like I do with every single e-mail, I will address it promptly. But, right now, because they've refused to respond to discovery -- in our view, to limit our ability to see what's going on – I'm not inclined, and I would need to discuss with my client any extension of their response time to the contempt order.

**Exhibit B**, 2026.08.27 Hearing Tr. 48:9-23.

As Guidepoint has stated on the record and in multiple filings, despite the Consent Orders and Stipulated Injunctions, Guidepoint has submitted substantial evidence to the Court that Defendants are in breach of not only their contractual obligations to Guidepoint, but also Court-ordered injunctions, causing ongoing irreparable harm to Guidepoint. *Id.* at 18:23-25 ("This is a the-house-is-on-fire case for plaintiff. It might not be for defendants, but it is for plaintiff.").

Finally, Defendants' request should be denied because Defendants did not comply with Your Honor's Individual Rules and Practices for Civil Cases. Defendants emailed their request for an extension to Guidepoint counsel at 2:09 ***a***.m. EST *the day before* Defendants' response deadline. They submitted their request to the Court on the afternoon before the September 3 deadline. Your Honor's Individual Rules state that, "Absent an emergency, any request for extension or adjournment shall be made at least 3 days prior to the deadline. Requests for extensions will ordinarily be denied if made after the expiration of the original deadline." § I(F). None of the reasons Defendants cite provide good reason excusing their failure to comply with this deadline.

For these reasons, Guidepoint respectfully requests that the Court deny Defendants' request.

Respectfully submitted,

*/s/ Justin K. Victor*

Justin K. Victor

cc: All Counsel of Record (via ECF)

ACTIVE 728218472v2