TAYLOR DYKEMA

Taylor Dykema PLLC
914 E. 25th St.
Houston, TX 77009

Avery Horovitz
Of Counsel
Direct: 551.273.4410
avery@taylordykema.com

September 3, 2026

**VIA ECF**

Hon. Henry J. Ricardo
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 21D
New York, NY 10007

Re: *Guidepoint Global, LLC v. Ware, et al.*, No. 1:26-cv-03684-VEC-HJR
**Defendants' Response to Plaintiff's Letter-Motion for a Discovery Conference Regarding Defendants' Non-Party Subpoenas (ECF 124)**

Dear Judge Ricardo:

This firm is counsel to Defendants Alan Ware, Christiana (aka Tiana) Eng, Sheetal Duggal, Kirang Gohil, DL Software, Inc. and Inquire Network, Inc. (collectively "Defendants"). We write in response to Plaintiff Guidepoint Global LLC's ("Guidepoint") letter-motion dated August 27, 2026 (the "Letter-Motion"), ECF 124, requesting a discovery conference regarding non-party subpoenas (the "Subpoenas") served by Defendants on Bain & Company, Inc.; Balyasny Asset Management L.P.; Point72 Asset Management, L.P.; and Squarepoint Capital LLP (collectively, the "Non-Parties").

In its Letter-Motion, Guidepoint objects to the Subpoenas essentially on three grounds: relevance, burden, and confidentiality. *See* ECF 124 at 2. Guidepoint's objections to the Subpoenas lack merit for several reasons. First, and fatally, Guidepoint lacks standing to object to the Subpoenas on relevance or burden grounds. Second, with respect to confidentiality, such concerns are adequately addressed by the protective order entered in this case, ECF 94 (the "Protective

Order"). Lastly, as set forth below, the Subpoenas seek relevant documents and information necessary for Defendants to counter Guidepoint's asserted claims and damages.

## I. GUIDEPOINT LACKS STANDING TO RAISE BURDEN OR RELEVANCE OBJECTIONS

"Before a court may resolve a motion to quash . . . it must address the threshold issue of standing." *Somaxon Pharms., Inc. v. Actavis Elizabeth LLC*, No. 22 MISC. 162 (KPF), 2022 WL 3577904, at *2 (S.D.N.Y. Aug. 18, 2022) (internal quotations and citation omitted). It is axiomatic that "[i]n the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness." *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975) (internal citation omitted); *see also*, *Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55, 57 (S.D.N.Y. 2018) ("Parties generally do not have standing to object to subpoenas issued to non-party witnesses.").

It is Guidepoint's burden to "'establish that it has standing to quash.'" *Somaxon Pharms.*, 2022 WL 3577904, at *2 (quoting *United States ex rel. Ortiz v. Mount Sinai Hosp.*, 169 F. Supp. 3d 538, 544-45 (S.D.N.Y. 2016)). "This can be a 'difficult task' because a party generally lacks standing to challenge a third-party subpoena, unless the party is seeking to protect a personal right or privilege in the subpoenaed documents." *Id.* (internal citations omitted). A party may object to a non-party subpoena only to the extent that "the objecting party claims some personal right, real interest in, or privilege concerning the documents at issue." *Gilead Scis., Inc. v. Khaim*, 755 F. Supp. 3d 285, 293 (E.D.N.Y. 2024). However, "only the recipient of a subpoena may move to quash on the grounds of relevancy and undue burden." *Id.* "'Courts have consistently rejected the position that a party who is not the recipient of a subpoena can nonetheless challenge that subpoena because it creates an undue burden.'" *In re Rule 45 Subpoena Issued To JP Morgan Chase Bank, N.A.*, 319 F.R.D. 132, 135 (S.D.N.Y. 2016) (quoting *Malibu Media, LLC v. Doe*, No. 15–cv–3147, 2016 WL 5478433, at *3 (S.D.N.Y. Sept. 29, 2016)). Thus, Guidepoint's efforts to quash the Subpoenas based on irrelevance and undue burden are entirely misplaced. Guidepoint's argument that the Subpoenas are duplicative to discovery requests served on Guidepoint or seek material "readily obtained via party discovery" is essentially an undue burden argument and is thus misplaced, as Guidepoint lacks standing to make an undue burden argument on behalf of the Non-Parties.

## II. THE COURT'S PROTECTIVE ORDER RESOLVES GUIDEPOINT'S OBJECTIONS BASED ON CONFIDENTIALITY

Guidepoint has failed to meet its burden of establishing its standing to move to quash the Subpoenas based on its privacy interests in the documents or information sought. Guidepoint's standing argument is confined to a footnote, where it asserts only that it "has standing to challenge the subpoenas because they seek confidential information about its own client relationships and contractual terms." ECF 124 n.2. "For a party to have standing to challenge a subpoena served on a non-party, there must be more than 'a conclusory assertion that the subpoenas seek documents

that are private, confidential, and commercially sensitive.'" *Rule v. Braiman*, No. 1:23-CV-1218 (BKS/PJE), 2026 WL 1329612, at *3 (N.D.N.Y. May 13, 2026)) (quoting *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, No. 13 CIV. 1654 RA HBP, 2014 WL 5420225, at *4 (S.D.N.Y. Oct. 24, 2014)). Here, Guidepoint offers nothing more than a single conclusory assertion that the subpoenas seek "confidential information about its own client relationships and contractual terms," and thus has failed to meet its burden to establish standing.

Even if Guidepoint had or could assert "some personal right, real interest in, or privilege concerning the documents at issue," the Protective Order entered by the Court sufficiently protects any of Guidepoint's or the Non-Parties' confidentiality concerns. Courts in this Circuit have routinely held that potential disclosure of confidential business information is not a reason to quash a non-party subpoena. *See, e.g.*, *Powell v. Allied Universal Sec. Servs.*, No. 17-CV-6133-ARR-SJB, 2018 WL 4378168, at *1 (E.D.N.Y. Aug. 9, 2018) ("To the extent there are confidentiality concerns, or even trade secrets, such interests are protected by the current protective order . . . and the [non-party subpoena respondent] can join the order to receive its protection."); *see also In re Currency Conversion Fee Antitrust Litig.*, No. 21-M-95, 2004 WL 848171, at *1 (S.D.N.Y. Apr. 21, 2004) ("[Non-party's] concern that production of the subpoenaed documents would compromise its trade secrets and other confidential information is obviated by the presence of the confidentiality agreement and protective order in this action.").

## III. EVEN IF GUIDEPOINT HAS STANDING, THE INFORMATION SOUGHT IS HIGHLY RELEVANT TO DEFENDANT'S DEFENSE

Finally, even setting aside Guidepoint's lack of standing to move to quash the Subpoenas, the documents and information Defendants seek from the Non-Parties is highly relevant and necessary for Defendants to mount their defense to Guidepoint's claims in this action. "Information is relevant if: "'(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Poor v. Starbucks Corp.*, No. 22-CV-7255 (ARR) (JRC), 2024 WL 3401421, at *5 (E.D.N.Y. July 12, 2024) (quoting Fed. R. Evid. 401). "The relevance standard is liberally construed, and it is even more liberally construed when applied in discovery rather than at trial. *Id.* (internal quotations and citations omitted). The documents and information sought by the Subpoenas directly relate to the purported trade secrets that Guidepoint has alleged Defendants have misappropriated, and the extensive damages that Guidepoint seeks to recover from Defendants.

Guidepoint is suing Defendants for a variety of claims, including trade secret misappropriation and breach of contract related to purported restrictive covenants. Guidepoint has consistently alleged that it has sustained damages exceeding an estimated $10 million resulting from Defendants' alleged conduct. *See* ECF 130-1 at 77. Defendants dispute that Guidepoint has or can demonstrate its interest in any legitimate trade secrets. *See, e.g.*, *Waterville Inv., Inc. v. Homeland Sec. Network (NV Corp.)*, No. 08-CV-3433 (JFB), 2010 WL 2695287, at *3 (E.D.N.Y. July 2, 2010) ("It is well settled that publicly available information cannot, as a matter of law,

constitute a trade secret.") Even assuming *arguendo*, that Guidepoint has alleged valid trade secret misappropriation and breach of contract claims, Defendants vehemently dispute that Guidepoint would be able to establish that it has suffered any meaningful damages attributable to Defendants' alleged conduct.

To obtain the documents and information necessary to prove that no valid trade secrets belonging to Guidepoint have been misappropriated and further, to show that Guidepoint cannot prove any damages resulting from Defendants' conduct, Defendants served the Subpoenas on the Non-Parties. ECF 124-1. Generally, the subpoenas seek discovery relating to the assessed value of (1) Guidepoint's business; and (2) the relevant trade secret information it purportedly owns—which Guidepoint alleges was stolen by Defendants. There is no question that this information is highly relevant to Guidepoint's claims and Defendants' defenses thereto, specifically the veracity of Guidepoint's claim that it has incurred damages which it estimates "will exceed $10 Million" due to Defendants' conduct. ECF 130-1. Thus, even in the event that the Court were to decide that Guidepoint has standing to oppose the Subpoenas, its objections should be rejected.

We thank the Court for its time and consideration in this matter.

Respectfully Submitted,

*/s/ Avery Horovitz*

Avery Horovitz
**TAYLOR DYKEMA PLLC**
914 E. 25th St.
Houston, TX 77009
avery@taylordykema.com
(551) 273-4410
*Counsel for Defendants*

cc: All counsel of record (*via ECF*)