**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Guidepoint Global, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Alan Ware, Sheetal Duggal, Kirang Gohil, Christiana (aka Tiana) Eng, Inquire Network, Inc., and DL Software, Inc.,<br><br>Defendants. | CIVIL ACTION NO. 1:26-cv-3684-VEC<br><br>**DECLARATION OF KIRANG GOHIL** |

I, Kirang Gohil, of full age, do hereby declare as follows:

1. I am a Defendant in the above-captioned action.

2. I am in receipt of a letter dated August 10, 2026, from counsel for Plaintiff Guidepoint Global, LLC addressed to my counsel, Edward Andrew Paltzik (the “Letter”).

3. In the Letter, Guidepoint claims that its previous communications have been “concerning Defendants’ violation of at least two injunctions entered in this case against Alan Ware and Kirang Gohil.”

4. As I understand has been communicated multiple times, neither I nor Mr. Ware has violated the consent injunctions issued in this case.

5. The Letter appears to have been purposefully vaguely written, refusing to identify the specific instance of purported misconduct Guidepoint takes issue with.

6. Specifically, the Letter notes “at least one Guidepoint Advisor has done an event with RealTime Advisory,” and that “[t]his particular Advisor’s name was identified in several spreadsheets that Ms. Eng, Mr. Gohil, and Mr. Ware exfiltrated from Guidepoint.” It does not identify this Advisor by name. It does not identify when this event took place. As such, I cannot

give a detailed response as to how any such event run by RealTime Advisory, Inc ("RealTime") did not violate the injunctions.

7. However, the Letter does go on to identify an event scheduled for tomorrow, August 11, 2026, claiming that RealTime is "doing the same type of moderated calls that Guidepoint offers."

8. Neither the injunctions entered in this case nor any purportedly valid agreement precluded any Defendant in this case from "doing the same type of moderated calls that Guidepoint offers."

9. I located the individual giving the webinar tomorrow with RealTime, Balint Fleischer. I found Mr. Fleischer through my own research on LinkedIn.

10. I have not looked at any list of Guidepoint advisors covered by the stipulated injunction entered in this action since said stipulation was entered into. As such, I cannot confirm that Mr. Fleischer is not on the list.

11. However, I know I did not perform any call with Mr. Fleischer while I was at Guidepoint and am not aware of him ever having been an advisor with Guidepoint.

12. A true and correct copy of my emails reaching out to Mr. Fleischer to ask if he was interested in taking part in a RealTime webinar, the first of which emails is dated July 28, 2026, are annexed hereto as **Exhibit A**.

13. The Letter lists three activities which are prohibited by the Consent Stipulated Injunctions: (1) "using" Guidepoint's "list of advisors," (2) "soliciting" an "agent of Guidepoint," or (3) "attempting to interfere with" the "contractual relationship or business relationship between Guidepoint and any . . . expert, [or] advisor" of Guidepoint.

14. I have done none of these three things since execution of the Consent Stipulated Injunctions.

15. To the best of my knowledge, neither RealTime nor anyone acting on its behalf have done any of these three things since the execution of the Consent Stipulated Injunctions.

16. It is my belief that Guidepoint's heavy-handed approach of trying to "enforce" the Consent Stipulated Injunctions against conduct that does not violate the Injunctions is a disingenuous litigation tactic to wear down Defendants and an attempt to punish those of us who left Guidepoint.

17. I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 10, 2026

*/s/ Kirang Gohil*
Kirang Gohil