**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Guidepoint Global, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Alan Ware, Sheetal Duggal, Kirang Gohil, Christiana (aka Tiana) Eng, John Elliott, Alex Telo, Olyvia Giordano, Martin Shkreli, Inquire Network, Inc., DL Software, Inc., and RealTime Advisory, Inc.,<br><br>Defendants. | CIVIL ACTION NO. 1:26-cv-3684-VEC<br><br>**DECLARATION OF SHEETAL DUGGAL** |

I, Sheetal Duggal, of full age, do hereby declare as follows:

1. I am a Defendant in the above-captioned action.

2. I make this declaration in opposition to Plaintiff Guidepoint Global, LLC's Motion for an Order of Contempt Against Defendants Alan Ware, Kirang Gohil, and Those in Active Concert with Them ("Guidepoint's Motion").

3. I make this declaration based upon my personal knowledge of the facts asserted herein.

4. Guidepoint's Motion is premised upon purported violations of a Consent Order and Stipulated Injunction with regard to Defendant Alan Ware and Guidepoint which was so-ordered by the Court on May 13, 2026, (Dkt. 37), and an identical Injunction so-ordered by the Court on May 14, 2026, with regard to Defendant Kirang Gohil, (Dkt. 42) (collectively the "Injunctions").

5. As relevant to Guidepoint's Motion, the Injunctions prohibited Mr. Gohil and Mr. Ware from (i) working for certain identified businesses, including Defendant Inquire Network, Inc. ("Inquire") "and any other company that is in the business, or intends to enter the

business, of charging customers fees in exchange for access to an online library of primary research content"; (ii) soliciting Guidepoint agents or independent contractors; and (iii) interfering with Guidepoint's business relationships with its clients.

6. At all relevant times, I have served as the founder and president of Inquire.

7. Inquire is intended to become a new-age AI-native investment research and advisory platform providing recommendations to financial institutions and investors, utilizing artificial intelligence to synthesize inputs including expert call transcripts and analyst experience.

8. A true and correct copy of Inquire's website homepage is annexed hereto as **Exhibit D**.

9. Guidepoint's counsel understood the AI angle Inquire seeks to occupy in the investment-space when he asked at my deposition whether "Inquire Network is trying to find the AI niche."

10. Inquire does not currently have any clients.

11. In my capacity as founder and president, I can confirm that neither Mr. Ware nor Mr. Gohil have violated the Injunctions by working for Inquire.

12. Prior to entering into the Injunctions, Mr. Gohil and Mr. Ware had begun working at Inquire under my direction.

13. Mr. Ware and I have known each other for more than two decades, meeting each other when we were junior analysts.

14. The employees of Inquire worked out of the offices of Defendant DL Software.

15. Upon the Court's ordering of the Injunctions in mid-May of 2026, both Mr. Ware and Mr. Gohil immediately ceased any work for Inquire. Mr. Ware and Mr. Gohil also ceased

going into the office for some time. Although at my deposition I suggested their return to the office to have been on June 10, 2026, that date was an estimate.

16. During that period, Inquire continued to operate under my direction. Since that time through the present, I and the analysts under my direction at Inquire—as of the filing of Guidepoint's Motion, Adam Bhajee and John Elliot—have run dozens of calls with experts.

17. In or about mid-June, Mr. Ware and Mr. Gohil began coming into DL Software's offices a couple of times a week to work, but, pointedly, not for Inquire. I understand their work to have been for RealTime Advisory, Inc., an entity run by Mr. Ware. I have engaged in work for RealTime as Chief Technology Officer and an analyst, but I do not have authority regarding the Realtime's direction or assignment of work at RealTime—those are within Mr. Ware's power.

18. I am aware that Guidepoint claims that at my deposition I testified that while at DL Software's offices, Mr. Ware speaks to me about work we can jointly perform for Inquire.

19. These claims are premised upon a misstatement, as I meant to say DL Software; I do not speak with, and since the Injunctions have not spoken with, Mr. Ware or Mr. Gohil about any work for Inquire. Nor was any such work regarding DL Software's financial products actually performed; rather, we discussed the possibility of performing such work.

20. Guidepoint's counsel followed up on this topic later in the deposition, asking more specific questions, and my responses there accurately stated that I do not speak with Mr. Ware or Mr. Gohil at all about the work being performed by Inquire. Guidepoint's characterization of my earlier response ignores my explicit, more specific testimony.

21. I am also aware that Guidepoint claims that Adam Menzies performed a moderated call run by RealTime.

22. Adam Menzies performed a call on May 12, 2026, run by Inquire, moderated by Alex Telo. A true and accurate screenshot of the analytics from this call is annexed hereto as **Exhibit E**.

23. Mr. Telo no longer runs calls or otherwise performs any work for Inquire.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 9, 2026

sheetal duggal
box SIGN 135QRK2Q-4WX7JJ2P
Sheetal Duggal