GT GreenbergTraurig

Jacob R. Dean
Tel 678.553.2161
deanj@gtlaw.com

September 29, 2026

**VIA ECF**

Hon. Henry J. Ricardo
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Chambers 1930
New York, NY 10007

**Re: *Guidepoint Global, LLC v. Ware, et al.*, 1:26-cv-03684-VEC-HJR**

Dear Judge Ricardo:

The parties write pursuant to Your Honor's Individual Practices in Civil Cases and the Stipulated Protective Order (Dkt. 94). On September 18, 2026, Guidepoint Global, LLC filed its Reply Memorandum of Law in Support of its Application by Order to Show Cause for Temporary Restraining Order and Preliminary Injunction ("Reply Memorandum of Law") and supporting exhibits under seal because the parties were unable to complete their meet and confer in advance of Shabbat. Dkt. 182. Guidepoint and Defendants have since conferred, and the parties seek leave to file under seal, in whole or in part: (1) certain documents attached as exhibits to Guidepoint's Reply Memorandum of Law; (2) excerpts from one deposition transcript that Guidepoint seeks to file with redactions as an exhibit; (3) Guidepoint's Reply Memorandum of Law.

The documents Guidepoint seeks to attach as exhibits to its Reply Memorandum of Law were designated Confidential under the Stipulated Confidentiality Order, were produced by Defendants, and include Defendants' confidential and proprietary business information. The parties have conferred, and Defendants consent to this letter motion. Accordingly, Guidepoint respectfully requests leave to file the documents identified below under seal and redact portions of its Reply Memorandum of Law. The proposed sealing and redactions are narrowly tailored to protect the confidential nature of the parties' records.

Specifically, the parties seek to file the following exhibits in whole or in part under seal:

- Exhibits 62, 60, and 61 (TD_0199130; TD_0195034; TD_0201393): These emails are operational emails between Defendant Eng and advisors with whom Eng communicated regarding working with and providing services for Inquire Network.

The parties seek to redact the names, identifying information, and contact information of these individuals.

- Exhibit 43 (TD_0360921): A text message between individual defendants in this action. The parties seek to redact the names of clients they mention.

The parties seek to file excerpts from the deposition transcript of Defendant Alan Ware's September 10, 2026 deposition under seal in redacted form. Defendants seek to redact the name of a client of RealTime Advisory Inc.

In addition, the parties seek to file under seal, in whole or in part, the documents listed in the below chart that are the subject of a pending sealing motion before this Court in connection with Guidepoint's Reply Memorandum of Law in Support of its Motion for an Order of Contempt against Defendants Alan Ware, Kirang Gohil, and Those in Active Concert with Them. Dkt. 179.

| **Exhibit Number in Reply Memorandum of Law** | **Exhibit Number That Is the Subject of Pending Motion to Seal, Dkt. 179** | **Description** |
|---|---|---|
| Exhibit 45 | Exhibit 21 | (TD_0200345): A January 20, 2026, to April 30, 2026, email thread between Defendants Duggal, Ware, Eng, and Gohil and third parties regarding Inquire Network. |
| Exhibit 46 | Exhibit 24 | (TD_0193563): May 27, 2026 engagement letter between Inquire Network and a vendor with whom it contracted. |
| Exhibit 47 | Exhibit 25 | (TD_0339935): An April 16, 2026, to June 5, 2026, email thread between Defendants Giordano and Eng and others regarding Inquire Network's internal workings and mechanisms. |

| Exhibit Number in Reply Memorandum of Law | Exhibit Number That Is the Subject of Pending Motion to Seal, Dkt. 179 | Description |
|---|---|---|
| Exhibit 49 | Exhibit 29 | (TD_0199375): A May 5, 2026, email between Defendant Eng and a third party related to Inquire Network's payment methods and describing Inquire Network's funding source. |
| Exhibit 50 | Exhibit 30 | (TD_3649743): A March 1, 2026, text message thread between Defendants Ware and Duggal. The redacted information includes salary information. This document is filed in a redacted form. |
| Exhibit 55 | Exhibit 34 | (DL00810): RealTime Advisory Compliance Update PowerPoint related to RealTime Advisory's capabilities. |

Guidepoint seeks leave to file under seal the unredacted version of Guidepoint's Reply Memorandum of Law to the extent it references, quotes from, or includes documents sought to be sealed or reveals Guidepoint's proprietary or confidential information, including the identity of Guidepoint's advisors. Defendants take no position on Guidepoint's request to redact the identities of advisors. Guidepoint has conferred with Defendants about the specific portions of the Memorandum of Law to be sealed and is submitting it along with this letter.

Courts regularly seal documents containing confidential and proprietary business information, including research and development information, marketing plans, and pricing information. *See, e.g.*, *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-cv-4500-GHW, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (granting motion to seal confidential and proprietary business information and collecting cases). "Confidential 'commercial information' of a business—including trade secrets, confidential research, internal business documents and

information about a business's operations—has been recognized repeatedly as a proper subject for sealing." *CSL Silicones, Inc. v. Midsun Grp. Inc.*, No. 3:14-CV-1897 (CSH), 2017 WL 4750701, at *3 (D. Conn. July 12, 2017). As a result, the Court has previously granted similar sealing requests from the parties in this action. *See, e.g.*, Dkt. 122, 137. To overcome the public's presumption of access to judicial documents, a party need only demonstrate "a legitimate basis to rebut" that presumption. *Kewazinga Corp.*, 2021 WL 1222122, at *6.

Accordingly, Guidepoint respectfully requests that its motion to seal and redact specified, limited information be granted.

* * *

We appreciate the Court's attention to this matter.

Respectfully submitted,

*/s/ Jacob R. Dean*

Jacob R. Dean

cc: All Counsel of Record (via ECF)