GT GreenbergTraurig

Jacob R. Dean
Tel 678.553.2161
deanj@gtlaw.com

September 30, 2026

**VIA ECF**

Hon. Henry J. Ricardo
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Chambers 1930
New York, NY 10007

**Re: *Guidepoint Global, LLC v. Ware, et al.*, 1:26-cv-03684-VEC-HJR**

Dear Judge Ricardo:

The parties write pursuant to Your Honor's Individual Practices in Civil Cases and the Stipulated Protective Order (Dkt. 94). On September 16, 2026, Plaintiff Guidepoint Global, LLC ("Guidepoint") filed its letter motion seeking to file certain documents under seal, in whole or in part, as exhibits to Reply Memorandum of Law in Support of its Motion for an Order of Contempt against Defendants Alan Ware, Kirang Gohil, and Those in Active Concert with Them. Dkt. 179.

Guidepoint files the instant supplemental letter motion to file under seal in redacted form an additional document, Exhibit 20 (TD_3661637) [Dkt. 181-6] to its Reply Memorandum of Law and not identified in its initial letter motion. Exhibit 20 is a text message between two defendants, and Defendants seek to redact the name of a client of RealTime Advisory, Inc.

Exhibit 20 was designated Confidential under the Stipulated Confidentiality Order and was produced by Defendants. The parties have conferred, and Defendants consent to this letter motion. The proposed redaction is narrowly tailored to protect the confidential nature of the parties' records.

Courts regularly seal documents containing confidential and proprietary business information, including research and development information, marketing plans, and pricing information. *See, e.g.*, *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-cv-4500-GHW, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (granting motion to seal confidential and proprietary business information and collecting cases). "Confidential 'commercial information' of a business—including trade secrets, confidential research, internal business documents and information about a business's operations—has been recognized repeatedly as a proper subject for sealing." *CSL Silicones, Inc. v. Midsun Grp. Inc.*, No. 3:14-CV-1897 (CSH), 2017 WL 4750701, at *3 (D. Conn. July 12, 2017). As a result, the Court has previously granted similar sealing

requests from the parties in this action. *See, e.g.*, Dkt. 122, 137. To overcome the public's presumption of access to judicial documents, a party need only demonstrate "a legitimate basis to rebut" that presumption. *Kewazinga Corp.*, 2021 WL 1222122, at *6.

Accordingly, Guidepoint respectfully requests that its motion to seal and redact specified, limited information be granted.

* * *

We appreciate the Court's attention to this matter.

Respectfully submitted,

*/s/ Jacob R. Dean*

Jacob R. Dean

cc: All Counsel of Record (via ECF)