UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Guidepoint Global, LLC,<br><br>Plaintiff,<br>v.<br><br>Alan Ware, Sheetal Duggal, Kirang Gohil, Christiana (aka Tiana) Eng, John Elliott, Alex Telo, Olyvia Giordano, Martin Shkreli, Inquire Network, Inc., DL Software, Inc., and RealTime Advisory, Inc.,<br><br>Defendants. | Civ. No.: 1:26-cv-03684-VEC |

**DECLARATION OF AVERY HOROVITZ**
**IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**

I, Avery Horovitz, an attorney authorized to practice in the United States District Court for the Southern District of New York, declare under penalty of perjury under the laws of the United States as follows:

1. I am an attorney with the law firm of Taylor Dykema PLLC (the "Firm"), counsel of record for Defendants Sheetal Duggal and Inquire Network, Inc. ("Defendants") in the above-captioned action.

2. I respectfully submit this declaration in support of the instant Motion for an Order, (1) pursuant to Local Rule 1.4, relieving Avery Horovitz, Edward Andrew Paltzik, Erik James Dykema, Craig L. Uhrich, Isaac Diskind, and Taylor Dykema PLLC as counsel of record to Defendants; and (2) staying this action for thirty (30) days as to Defendants, to provide Defendants with an opportunity to retain new counsel.

3. Local Civil Rule 1.4 provides for the withdrawal of counsel of record as follows:

> An attorney who has appeared for a party may be relieved or displaced only by order of the court. Such an order may be issued following the filing of a motion to withdraw, and only upon a showing by affidavit or otherwise of satisfactory reasons

for withdrawal or displacement and the posture of the case, and whether or not the attorney is asserting a retaining or charging lien.

4. Here, the instant Motion to Withdraw as Defendants' counsel is necessary in order to avoid a potential conflict in the Firm's continued representation of another defendant named in the present action.

5. Pursuant to Local Civil Rule 1.4 and New York Rule of Professional Conduct 1.16(e), Defendants have been informed of the Firm's intent to file the instant Motion to Withdraw as Counsel, and Defendants have not opposed.

6. The Firm's withdrawal comports with Defendants' consent in Section 2 of their engagement letter with the Firm, which provides that any party to the engagement "may terminate the engagement at any time for any reason by written notice, subject on [the Firm's] part to applicable rules of professional conduct."

7. The Firm's withdrawal also comports with Defendants' consent in Section 5 of their engagement letter with the Firm, which provides that in certain situations, if conflicts develop, the Firm may withdraw its representation.

8. Additionally, withdrawal can be accomplished without material adverse effect on the interests of the clients under New York Rule of Professional Conduct 1.16(d). Specifically, a brief stay would provide Defendants with an opportunity to retain new counsel to represent them in the instant action.

9. The instant Motion to Withdraw as Counsel will be served on all parties to the captioned action in accordance with Local Civil Rule 1.4.

10. For the foregoing reasons, I respectfully request that this Court grant the instant Motion to Withdraw as Counsel, together with such other and further relief as this Court deems just and proper.

Dated: October 7, 2026

Respectfully Submitted,

*/s/ Avery Horovitz*

Avery Horovitz, Esq.
TAYLOR DYKEMA PLLC
914 E. 25th Street
Houston, TX 77009
(551) 273-4410
avery@taylordykema.com

*Counsel for Defendants*