USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/9/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GUIDEPOINT GLOBAL, LLC, Plaintiff, -against- ALAN WARE, SHEETAL DUGGAL, KIRANG GOHIL, CHRISTIANA (a/k/a TIANA) ENG, INQUIRE NETWORK, INC., DL SOFTWARE, INC., JOHN ELLIOTT, ALEX TELO, OLYVIA GIORDANO, MARTIN SHKRELI, and REALTIME ADVISORY, INC., Defendants. | 26-CV-03684 (VEC) ORDER |

VALERIE CAPRONI, United States District Judge:

WHEREAS on September 9, 2026, Plaintiff Guidepoint Global, LLC ("Guidepoint") moved for a temporary restraining order, Dkt. 156 (sealed), against Defendants Christiana Eng, Alex Telo, and Olyvia Giordano (the "TRO Defendants");

WHEREAS the application for a temporary restraining order was fully submitted on September 16, 2026, *see* Dkts. 174 (Defendants' opposition), 183 (Plaintiff's reply);

WHEREAS on September 23, 2026, the Court heard oral argument on Guidepoint's application for a temporary restraining order, *see* Dkt. 172;

WHEREAS "[s]ituations may arise where the parties, at the time of the hearing on the [TRO application], find themselves in a position to present their evidence and legal arguments for or against a preliminary injunction," *see Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 441 (1972);

WHEREAS "[i]n such circumstances," if "the party seeking the injunction [] bear[s] the burden of demonstrating the various factors justifying preliminary injunctive relief, such as the

likelihood of irreparable injury to it if an injunction is denied and its likelihood of success on the merits," "the court can proceed with the hearing as if it were a hearing on an application for a preliminary injunction," *see id.*; and

WHEREAS on October 8, 2026, the Court granted Guidepoint's application for a temporary restraining order, *see* Dkt. 190 ("TRO"), holding that Guidepoint had (i) demonstrated a likelihood of succeeding on the merits of its trade secrets claims and breach of contract claims against the TRO Defendants, (ii) made a sufficient showing that it is likely to suffer irreparable harm absent an injunction, and (iii) established that the balance of the hardships and public interest weigh in favor of injunctive relief, *see generally id.*;

IT IS HEREBY ORDERED that, absent (i) a motion to modify or dissolve the TRO, Dkt. 190, or (ii) consent from the parties to extend the TRO for a set duration, the Court will supplant the TRO with a preliminary injunction **not later than fourteen (14) days** after the TRO's issuance. At such time, the Court will certify that the injunction is subject to appellate review under 28 U.S.C. § 1292(a)(1).[1]

**SO ORDERED.**

**Date: October 9, 2026**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**

[1] *In re Criminal Contempt Proceedings Against Crawford*, 133 F. Supp. 2d 249, 256 (W.D.N.Y. 2001) ("The Supreme Court and the appellate courts have held that where, as here, a district court expressly extends a TRO issued after notice and a hearing . . ., the TRO does not cease to exist [upon its expiration], but instead becomes an enforceable preliminary injunction subject to appellate review.").