UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Guidepoint Global, LLC,<br><br>Plaintiff,<br>v.<br><br>Alan Ware, Sheetal Duggal, Kirang Gohil, Christiana (aka Tiana) Eng, John Elliott, Alex Telo, Olyvia Giordano, Martin Shkreli, Inquire Network, Inc., DL Software, Inc., and RealTime Advisory, Inc.,<br><br>Defendants. | Civ. No.: 1:26-cv-03684-VEC |

**DECLARATION OF ERIK DYKEMA**
**IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**

I, Erik James Dykema, an attorney authorized to practice in the United States District Court for the Southern District of New York, declare under penalty of perjury under the laws of the United States as follows:

1. I am an attorney with the law firm of Taylor Dykema PLLC (the "Firm"), counsel of record for Defendants Alan Ware, Sheetal Duggal, Inquire Network, Inc., Kirang Gohil, Christiana (aka Tiana) Eng, John Elliott, Alex Telo, Olyvia Giordano, Martin Shkreli, DL Software, Inc., and RealTime Advisory, Inc. ("Defendants") in the above-captioned action.

2. I respectfully submit this declaration in support of the instant Motion for an Order, (1) pursuant to Local Rule 1.4, relieving Avery Horovitz, Edward Andrew Paltzik, Erik James Dykema, Craig L. Uhrich, Isaac Diskind, and any other attorney(s) associated with Taylor Dykema PLLC as counsel of record to all Defendants whom they currently represent in this matter; and (2) staying this action for thirty (30) days as to Defendants, to provide Defendants with an opportunity to retain new counsel.

3. Local Civil Rule 1.4 provides for the withdrawal of counsel of record as follows:

> An attorney who has appeared for a party may be relieved or displaced only by order of the court. Such an order may be issued following the filing of a motion to withdraw, and only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, and whether or not the attorney is asserting a retaining or charging lien.

4. Here, the instant Motion to Withdraw as Defendants' counsel is necessary due to Defendants' failure to abide by the terms of the engagement agreement, resulting in an irreconcilable breakdown in the attorney-client relationship between the Firm and Defendants.

5. Pursuant to Local Civil Rule 1.4 and New York Rule of Professional Conduct 1.16(e), Defendants have been informed of the Firm's intent to withdraw from representing them as Counsel. Defendants have indicated that they are unopposed. On Saturday, Oct. 10, 2026 Firm sent Defendants a consent to withdrawal form, but Defendants have not (yet) responded to Firm's request to execute the form.

6. The Firm's withdrawal comports with Defendants' consent in Section 2 of their engagement letter with the Firm, which provides that any party to the engagement "may terminate the engagement at any time for any reason by written notice, subject on [the Firm's] part to applicable rules of professional conduct."

7. Additionally, withdrawal can be accomplished without material adverse effect on the interests of the clients under New York Rule of Professional Conduct 1.16(d). Specifically, a brief stay would provide Defendants with an opportunity to retain new counsel to represent them in the instant action.

8. The instant Motion to Withdraw as Counsel will be served on all parties to the captioned action in accordance with Local Civil Rule 1.4.

9. For the foregoing reasons, I respectfully request that this Court grant the instant Motion to Withdraw as Counsel, together with such other and further relief as this Court deems just and proper.

Dated: October 14, 2026

Respectfully Submitted,

*/s/ Erik Dykema*

Erik Dykema, Esq.
TAYLOR DYKEMA PLLC
914 E. 25th Street
Houston, TX 77009
(917) 670-9843
erik@taylordykema.com

*Counsel for Defendants*