USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/23/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUIDEPOINT GLOBAL, LLC,

Plaintiff,

-against-

ALAN WARE, SHEETAL DUGGAL, KIRANG GOHIL, CHRISTIANA (a/k/a TIANA) ENG, INQUIRE NETWORK, INC., DL SOFTWARE, INC., JOHN ELLIOTT, ALEX TELO, OLYVIA GIORDANO, MARTIN SHKRELI, and REALTIME ADVISORY, INC.,

Defendants.

26-CV-03684 (VEC)

PRELIMINARY INJUNCTION

VALERIE CAPRONI, United States District Judge:

WHEREAS on September 9, 2026, Plaintiff Guidepoint Global, LLC ("Guidepoint") moved for a temporary restraining order, Dkt. 156 (sealed), against Defendants Christiana Eng, John Elliott, Alex Telo, and Olyvia Giordano (the "TRO Defendants");

WHEREAS on October 8, 2026, the Court granted Guidepoint's application for a temporary restraining order, *see* Dkt. 190 ("Initial TRO"), holding that Guidepoint had (i) demonstrated a likelihood of succeeding on the merits of its trade secrets claims and breach of contract claims against the TRO Defendants, (ii) made a sufficient showing that it is likely to suffer irreparable harm absent an injunction, and (iii) established that the balance of the hardships and public interest weighed in favor of injunctive relief, *see generally id.*;

WHEREAS on October 9, 2026, the Court directed that absent (i) a motion to modify or dissolve the Initial TRO or (ii) consent from the parties to extend the Initial TRO for a set duration, the Court will supplant the Initial TRO with a preliminary injunction not later than fourteen (14) days after the TRO's issuance, *see* Dkt. 192 at 2;

WHEREAS on October 9, 2026, the Court issued a modified temporary restraining order, *see* Dkt. 193 ("Modified TRO"), that clarified the parties to which the TRO applied; and

WHEREAS the parties did not (i) file a motion to modify or dissolve the Modified TRO or (ii) consent to extend the Modified TRO for a set duration within fourteen days of the Initial TRO's issuance (by October 22, 2026);

IT IS HEREBY ORDERED that for the reasons stated in the Court's Memorandum Opinion and Temporary Restraining Order, Dkt. 190, the Modified TRO, Dkt. 193, is converted into a preliminary injunction.[1] As a result, Defendants Eng, Telo, and Giordano are ENJOINED from:

(i) disclosing, publishing, accessing, copying, or otherwise using any of Guidepoint's proprietary information;

(ii) providing or performing services to any competing business that are the same as or similar in purpose or function to any services that they provided to Guidepoint. A competing business includes any company that is in the business, or intends to enter the business, of charging customers fees in exchange for access to an online library of primary research content. This includes, but is not limited to, Inquire Network, Inc., DL Software, Inc., and RealTime Advisory, Inc.;

(iii) soliciting any Guidepoint clients, employees, or Advisors; and

(iv) impairing or adversely affecting any contractual relationship or business relationship between Guidepoint and any client, customer, expert, advisor, or other person or entity engaged by or doing business with Guidepoint.

IT IS FURTHER ORDERED that Defendant Elliott is ENJOINED from disclosing, publishing, accessing, copying, or otherwise using any of Guidepoint's proprietary information. *See* Dkt. 193 at 1.

---

[1] *See Widakuswara v. Lake*, 773 F. Supp. 3d 46, 53 (S.D.N.Y. 2025) ("The standards for granting a temporary restraining order and a preliminary injunction pursuant to Rule 65 . . . are identical."); *In re Criminal Contempt Proceedings Against Crawford*, 133 F. Supp. 2d 249, 256 (W.D.N.Y. 2001) ("The Supreme Court and the appellate courts have held that where, as here, a district court expressly extends a TRO issued after notice and a hearing . . . , the TRO does not cease to exist [upon its expiration], but instead becomes an enforceable preliminary injunction subject to appellate review.").

Although Federal Rule of Civil Procedure 65(c) states that the Court may issue a preliminary injunction or a temporary restraining order "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained," the TRO Defendants have voluntarily waived the bond requirement. *See* Dkt. 156 at 30 (sealed) (citing employment contracts). As such, Guidepoint is not required to post bond at this time. *See Int'l Bus. Machines Corp. v. De Freitas Lima*, No. 20-CV-04573 (PMH), 2020 WL 5261336, at *15 (S.D.N.Y. Sept. 3, 2020), *aff'd*, 833 F. App'x 911 (2d Cir. 2021).

IT IS FURTHER ORDERED that this preliminary injunction is an interlocutory order subject to appellate review under 28 U.S.C. § 1292(a)(1).

SO ORDERED.

Date: October 23, 2026
New York, New York

VALERIE CAPRONI
United States District Judge