**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| Guidepoint Global, LLC,<br>Plaintiff, | §<br>§ | |
| | § | Case No. 1:26-cv-03684-VEC |
| v. | § | |
| | § | |
| Alan Ware, Sheetal Duggal, Kirang Gohil, Christiana (aka Tiana) Eng, John Elliott, Alex Telo, Olyvia Giordano, Martin Shkreli, Inquire Network, Inc., DL Software, Inc., and RealTime Advisory, Inc.,<br>Defendants. | §<br>§<br>§<br>§<br>§ | |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO THE THIRD AMENDED COMPLAINT**

Defendants Alan Ware, Christiana Eng, Kirang Gohil, Alex Telo, John Elliott, Olyvia Giordano, Martin Shkreli, DL Software, Inc., and RealTime Advisory, Inc. (collectively "Defendants") hereby respond to the Third Amended Complaint, Dkt. 130-1 (hereinafter "Complaint") filed by Plaintiff Guidepoint Global, LLC (hereinafter "Guidepoint" or "Plaintiff") with the following Answer, Affirmative Defenses, and Counterclaims. Defendants Sheetal Duggal and Inquire Network, Inc. are not represented by undersigned counsel, and this Answer is not submitted on their behalf. Defendants' investigation is ongoing, and Defendants reserve the right to amend or supplement this Answer, including their responses, affirmative defenses, and counterclaims, as additional information becomes known. In support thereof, Defendants state as follows:

## GENERAL DENIAL

Unless specifically admitted below, Defendants deny each and every allegation contained in the Complaint. The headings and sub-headings of the Complaint are not allegations to which a response is required; to the extent a response is required, Defendants deny them.

## ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

## PRELIMINARY STATEMENT

1. Paragraph 1 consists of Plaintiff's characterization of this action and argument, to which no response is required. To the extent a response is deemed required, Defendants refer to the document referenced in Paragraph 1 for its complete contents and context, deny Plaintiff's characterization of it, and otherwise deny or lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and on that basis deny them. To the extent Paragraph 1 is directed at Duggal or Inquire Network, no response is required from Defendants.

2. Paragraph 2 consists of Plaintiff's characterization of this action and argument, to which no response is required. To the extent a response is deemed required, Defendants deny or lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and on that basis deny them. To the extent Paragraph 2 is directed at Duggal or Inquire Network, no response is required from Defendants.

3. Paragraph 3 consists of Plaintiff's characterization of this action and argument, to which no response is required. To the extent a response is deemed required, Defendants refer to the video referenced in Paragraph 3 for its complete contents and context, deny Plaintiff's characterization of it, and otherwise deny or lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and on that basis deny them. To the extent Paragraph 3 is directed at Duggal or Inquire Network, no response is required from Defendants.

4. Paragraph 4 consists of Plaintiff's characterization of this action and argument, to which no response is required. To the extent a response is deemed required, Defendants deny or lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and on that basis deny them. To the extent Paragraph 4 is directed at Duggal or Inquire Network, no response is required from Defendants.

5. Paragraph 5 consists in part of Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendants admit that some of the Defendants resigned and before doing so sent emails to themselves, and otherwise deny or lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and on that basis deny them. To the extent Paragraph 5 is directed at Duggal or Inquire Network, no response is required from Defendants.

6. Paragraph 6 consists of Plaintiff's characterization of this action and argument, to which no response is required. To the extent a response is deemed required, Defendants refer to the document referenced in Paragraph 6 for its complete contents and context, deny Plaintiff's characterization of it, and otherwise deny or lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and on that basis deny them. To the extent Paragraph 6 is directed at Duggal or Inquire Network, no response is required from Defendants.

7. Paragraph 7 consists in part of Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendants admit only what is admitted to the specific allegations made below (e.g., Paragraphs 118, 119, and 120). Defendants otherwise deny or lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and on that basis deny them. To the extent Paragraph 7 is directed at Duggal or Inquire Network, no response is required from Defendants.

8. Paragraph 8 consists of Plaintiff's characterization of this action and argument, to which no response is required. To the extent a response is deemed required, Defendants refer to the document referenced in Paragraph 8 for its complete contents and context, deny Plaintiff's characterization of it, and otherwise deny or lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and on that basis deny them. To the extent Paragraph 8 is directed at Duggal or Inquire Network, no response is required from Defendants.

9. Paragraph 9 consists in part of Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendants admit only what is admitted to the specific allegations made below. Defendants otherwise deny or lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and on that basis deny them. To the extent Paragraph 9 is directed at Duggal or Inquire Network, no response is required from Defendants.

10. Paragraph 10 consists in part of Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendants admit that the Court entered orders at Docket Nos. 37, 41, 42, 46, and 76, and that Ware, Gohil, Eng, and DL Software each consented to the entry of the order applicable to him, her, or it. Defendants refer to those orders for their complete terms and deny any characterization of them inconsistent with their terms. Defendants Telo, Elliott, Giordano, Shkreli, and RealTime Advisory, Inc. state that they are not parties to any of those orders. To the extent Paragraph 10 is directed at Duggal or Inquire Network, no response is required from Defendants. Defendants deny or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10 and on that basis deny them.

11. Paragraph 11 consists in part of Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendants admit only what is admitted to the specific allegations made below. To the extent Paragraph 11 is directed at Duggal or Inquire Network, no response is required from Defendants. Defendants state that Inquire Network, Inc. has ceased all business operations, and that Telo, Elliott, and Giordano are not currently employed by or providing services to Inquire Network. Defendants deny that Telo, Elliott, or Giordano held a "very senior role" at Inquire Network or DL Software. Defendants deny that Telo, Elliott, and Giordano are all subject to "the exact same restrictive covenants," and refer to their respective agreements for their terms. Defendants deny that Telo, Elliott, or Giordano has "frequently . . . interacted with Guidepoint's advisors." Defendants deny or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 and on that basis deny them.

12. Defendants deny that Ware or Gohil has violated any order entered in this action. Defendants admit that Duggal gave deposition testimony in this action and refer to the transcript of that testimony for its complete contents and context; Defendants deny Plaintiff's characterization of that testimony. To the extent Paragraph 12 is directed at Duggal or Inquire Network, no response is required from Defendants. Defendants state that Inquire Network had no office, and deny that Ware or Gohil has come to any office of Inquire Network twice weekly or at all. Defendants deny that Duggal and Ware have spoken "nearly daily" since June 10. Defendants admit that Ware has had conversations with Duggal about projects that Ware believes may be permitted, and refer to the transcript of Duggal's testimony, which speaks for itself, for its complete contents. Defendants admit that RealTime Advisory, Inc. was founded solely by Ware, and deny that it was founded by Gohil. With respect to the allegation that

RealTime Advisory, Inc. was formed "with DL Software's assistance," Defendants refer to the documents concerning the formation of RealTime Advisory, Inc. for their complete contents and deny Plaintiff's characterization of them. Defendants state that RealTime Advisory, Inc. no longer engages in business operations of any kind. Defendants deny that the activities of RealTime Advisory, Inc. violated any agreement or any order of this Court, and state that all activities of RealTime Advisory, Inc. were lawful. Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 12 directed at parties other than Defendants, and on that basis deny them, and deny all other remaining allegations of Paragraph 12.

13. Paragraph 13 consists in part of Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendants admit that Shkreli owns DL Software and otherwise deny or lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 13. To the extent Paragraph 13 is directed at Duggal or Inquire Network, no response is required from Defendants.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

## PARTIES

15. In response to Paragraph 15 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 15 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 15 of the Complaint.

16. Defendants admit the allegations of Paragraph 16 of the Complaint.

17. Defendants admit the allegations of Paragraph 17 of the Complaint.

18. Defendants admit the allegations of Paragraph 18 of the Complaint.

19. Defendants admit the allegations of Paragraph 19 of the Complaint.

20. Defendants admit the allegations of Paragraph 20 of the Complaint.

21. Defendants admit the allegations of Paragraph 21 of the Complaint.

22. Defendants admit the allegations of Paragraph 22 of the Complaint.

23. Defendants admit that Shkreli is a resident of the State of New York, that he resides at the address alleged in Paragraph 23, and that he is a founder of DL Software, Inc. Plaintiff's allegations that DL Software "financed" a "competing venture" consist of characterization and legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny those allegations and the remaining allegations of Paragraph 23.

24. Defendants admit the allegations of Paragraph 24 of the Complaint.

25. Defendants admit the allegations of Paragraph 25 of the Complaint.

26. Defendants admit that RealTime Advisory, Inc. was a corporation incorporated under the laws of the State of Delaware. Defendants state that RealTime Advisory, Inc. has been dissolved, no longer carries on any operations, and has no headquarters or principal place of business. Defendants deny the remaining allegations of Paragraph 26.

## JURISDICTION AND VENUE

27. In response to Paragraph 27 of the Complaint, Defendants state that Paragraph 27 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is necessary, Defendants state that they are not challenging subject matter jurisdiction in this Court for the purposes of the present matter.

28. In response to Paragraph 28 of the Complaint, Defendants state that Paragraph 28 of the Complaint states a legal conclusion to which no responsive pleading is required. To the

extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 28 of the Complaint.

29. In response to Paragraph 29 of the Complaint, Defendants state that Paragraph 29 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is necessary, Defendants state that they do not object to venue in this Court for the purposes of the present matter.

## FACTUAL ALLEGATIONS

### A. In Response To: Plaintiff Guidepoint Global, LLC

30. In response to Paragraph 30 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 30 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 30 of the Complaint.

31. In response to Paragraph 31 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 31 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 31 of the Complaint.

32. In response to Paragraph 32 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 32 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 32 of the Complaint.

33. In response to Paragraph 33 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 33 of the

Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 33 of the Complaint.

34. In response to Paragraph 34 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 34 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 34 of the Complaint.

35. In response to Paragraph 35 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 35 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 35 of the Complaint.

### B. In Response To: Guidepoint's Confidentiality Policies and Protection of its Confidential Information and Trade Secrets

36. In response to Paragraph 36 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 36 of the Complaint, including sub-paragraphs A-G, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 36 of the Complaint, including sub-paragraphs A-G.

37. In response to Paragraph 37 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 37 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 37 of the Complaint.

38. In response to Paragraph 38 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 38 of the

Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 38 of the Complaint.

39. In response to Paragraph 39 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 39 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 39 of the Complaint.

40. In response to Paragraph 40 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 40 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 40 of the Complaint.

41. In response to Paragraph 41 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 41 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 41 of the Complaint.

42. In response to Paragraph 42 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 42 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

### C. In Response To: The Individual Defendants' Employment and Consultancy at Guidepoint

44. In response to Paragraph 44 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 44 of the

Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 44 of the Complaint.

45. Defendants admit the allegations of Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants admit the allegations of Paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants admit that Eng began working as a Guidepoint employee on or about February 14, 2022. Defendants deny that Eng resigned on or about March 31, 2026, and state that Eng tendered her resignation on or about March 17, 2026, approximately two weeks before April 1, 2026, and that her last day of employment with Guidepoint was March 31, 2026. Defendants deny that Eng's title was "Operations Team Lead," and state that her title was Operations Lead. Defendants deny the remaining allegations of Paragraph 49.

50. Defendants admit the allegations of Paragraph 50 of the Complaint.

51. Defendants admit that Elliott began providing services to Guidepoint as an independent consultant on or about July 29, 2022, and that his engagement was terminated in or about December 2023. Defendants further admit that Elliott was again engaged by Guidepoint as an independent consultant beginning on or about January 13, 2025, and that this engagement ended on or about April 24, 2026. Defendants deny that Elliott served continuously as a Guidepoint consultant from July 29, 2022 through April 24, 2026, and deny the remaining allegations of Paragraph 51.

52. Defendants admit the allegations of Paragraph 52 of the Complaint.

53. In response to Paragraph 53 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 53 of the

Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint.

**D. In Response To: Ware, Gohil, Eng, Telo, and Giordano Execute Agreements with Guidepoint**

55. Paragraph 55 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that Ware, Eng, Gohil, Telo, and Giordano each executed a written agreement with Guidepoint, refer to those documents for their complete terms, and deny any characterization of them inconsistent with their terms. Defendants state that whether any agreement was executed “as a condition of their employment or continued employment” is a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny Plaintiff’s characterization of the circumstances under which the agreements were executed. Defendants deny that the agreements contain “identical” provisions, except as reflected in the documents themselves. Defendants deny that any of the agreements, or any provision of them, is valid or enforceable, and deny the remaining allegations of Paragraph 55.

56. In response to Paragraph 56 of the Complaint, Defendants further state that Exhibit 1 to the Complaint speaks for itself, and Defendants deny any allegation of Paragraph 56 of the Complaint that is inconsistent with the document contained in Exhibit 1 to the Complaint, including any allegation that the document or any of its sub-parts are enforceable.

57. In response to Paragraph 57 of the Complaint, Defendants further state that Exhibit 2 to the Complaint speaks for itself, and Defendants deny any allegation of Paragraph 57 of the Complaint that is inconsistent with the document contained in Exhibit 2 to the Complaint, including any allegation that the document or any of its sub-parts are enforceable.

58. In response to Paragraph 58 of the Complaint, Defendants further state that Exhibit 3 to the Complaint speaks for itself, and Defendants deny any allegation of Paragraph 58 of the Complaint that is inconsistent with the document contained in Exhibit 3 to the Complaint, including any allegation that the document or any of its sub-parts are enforceable.

59. In response to Paragraph 59 of the Complaint, Defendants further state that Exhibit 4 to the Complaint speaks for itself, and Defendants deny any allegation of Paragraph 59 of the Complaint that is inconsistent with the document contained in Exhibit 4 to the Complaint, including any allegation that the document or any of its sub-parts are enforceable.

60. In response to Paragraph 60 of the Complaint, Defendants further state that Exhibit 5 to the Complaint speaks for itself, and Defendants deny any allegation of Paragraph 60 of the Complaint that is inconsistent with the document contained in Exhibit 5 to the Complaint, including any allegation that the document or any of its sub-parts are enforceable.

61. In response to Paragraph 61 of the Complaint, Defendants further state that Exhibit 6 to the Complaint speaks for itself, and Defendants deny any allegation of Paragraph 61 of the Complaint that is inconsistent with the document contained in Exhibit 6 to the Complaint, including any allegation that the document or any of its sub-parts are enforceable.

62. In response to Paragraph 62 of the Complaint, Defendants further state that Exhibit 7 to the Complaint speaks for itself, and Defendants deny any allegation of Paragraph 62 of the Complaint that is inconsistent with the document contained in Exhibit 7 to the Complaint, including any allegation that the document or any of its sub-parts are enforceable.

63. Paragraph 63 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that Telo executed a written agreement with Guidepoint on or about November 29, 2021, and a written amendment on or about August

2, 2023, refer to those documents, including Exhibit 8 to the Complaint, for their complete terms, and deny any characterization of them inconsistent with their terms. Defendants deny Plaintiff's characterization that Telo "reaffirmed and expanded" any agreement. Defendants deny the remaining allegations of Paragraph 63.

64. Paragraph 64 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that Giordano executed a written agreement with Guidepoint on or about March 24, 2025, refer to that document, including Exhibit 9 to the Complaint, for its complete terms, and deny any characterization of it inconsistent with its terms. Defendants deny the remaining allegations of Paragraph 64.

65. In response to Paragraph 65 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 65 of the Complaint that is inconsistent with the documents described, including any allegation that the document or any of its sub-parts are enforceable.

66. In response to Paragraph 66 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 66 of the Complaint that is inconsistent with the documents described, including any allegation that the document or any of its sub-parts are enforceable.

67. In response to Paragraph 67 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 67 of the Complaint that is inconsistent with the documents described, including any allegation that the document or any of its sub-parts are enforceable.

68. In response to Paragraph 68 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 68

of the Complaint that is inconsistent with the documents described, including any allegation that the document or any of its sub-parts are enforceable.

69. In response to Paragraph 69 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 69 of the Complaint that is inconsistent with the documents described, including any allegation that the document or any of its sub-parts are enforceable.

70. In response to Paragraph 70 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 70 of the Complaint that is inconsistent with the documents described, including any allegation that the document or any of its sub-parts are enforceable.

71. In response to Paragraph 71 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 71 of the Complaint that is inconsistent with the documents described, including any allegation that the document or any of its sub-parts are enforceable.

72. In response to Paragraph 72 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 72 of the Complaint that is inconsistent with the documents described, including any allegation that the document or any of its sub-parts are enforceable.

**E. In Response To: Duggal and Elliott Execute Consultant Agreements with Guidepoint**

73. In response to Paragraph 73 of the Complaint, Defendants further state that Exhibit 10 to the Complaint speaks for itself, and Defendants deny any allegation of Paragraph 73 of the Complaint that is inconsistent with the document contained in Exhibit 10 to the Complaint, including any allegation that the document or any of its sub-parts are enforceable.

74. In response to Paragraph 74 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 74 of the Complaint that is inconsistent with the documents described, including any allegation that the document or any of its sub-parts are enforceable.

75. Paragraph 75 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that Elliott executed a written agreement with Guidepoint on or about July 29, 2022, refer to that document, including Exhibit 11 to the Complaint, for its complete terms, and deny any characterization of it inconsistent with its terms. To the extent Paragraph 75 is directed at Duggal or Inquire Network, no response is required from Defendants. To the extent a response is deemed required, Defendants refer to Exhibits 10 and 11 to the Complaint for their complete terms and deny Plaintiff's characterization that the agreements are "in substantially the same form." Defendants state that the validity and enforceability of the agreement are legal conclusions to which no response is required, and nothing in this response shall be construed as an admission that the agreement or any provision of it is valid or enforceable. Defendants deny the remaining allegations of Paragraph 75.

76. Paragraph 76 states legal conclusions to which no response is required. To the extent a response is deemed required, Defendants refer to the Elliott Independent Consultant Agreement, Exhibit 11 to the Complaint, for its complete terms, and deny any characterization of it inconsistent with its terms, including Plaintiff's characterization of what Section 5 "prohibits" or "required" and of the effect of Section 7. To the extent Paragraph 76 is directed at Duggal or Inquire Network, no response is required from Defendants. To the extent a response is deemed required, Defendants refer to Exhibit 10 to the Complaint for its complete terms and deny any characterization of it inconsistent with its terms. Defendants state that the validity, enforceability,

scope, and survival of any provision of the agreement are legal conclusions to which no response is required, and nothing in this response shall be construed as an admission that the agreement or any provision of it is valid, enforceable, or continues in effect. Defendants deny the remaining allegations of Paragraph 76.

**F. In Response To: DL Software**

77. Defendants admit the allegations of Paragraph 77 of the Complaint.

78. Defendants admit the allegations of Paragraph 78 of the Complaint.

79. In response to Paragraph 79 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 79 of the Complaint that is inconsistent with the documents described.

80. In response to Paragraph 80 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 80 of the Complaint that is inconsistent with the documents described.

81. Paragraph 81 consists of Plaintiff's characterizations and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants admit that Daniel Dietzel works for DL Software and that he received a document containing advisor data. Whether any information was "misappropriated" is a legal conclusion to which no response is required. Defendants deny Plaintiff's characterizations that DL Software "supplied the engineering and infrastructure that powered Inquire Network's competing platform" and "acted in concert with the Individual Defendants and Inquire Network to build a business on assets that belonged to Guidepoint," and deny the remaining allegations of Paragraph 81.

82. Defendants deny that Dietzel's actions described in the Complaint were done in furtherance of either DL Software or Inquire Network and on their behalf. Defendants admit the remaining allegations of Paragraph 82 of the Complaint.

83. In response to Paragraph 83 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 83 of the Complaint that is inconsistent with the documents described.

84. Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85. In response to Paragraph 85 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 85 of the Complaint that is inconsistent with the documents described.

86. In response to Paragraph 86 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 86 of the Complaint that is inconsistent with the documents described.

87. In response to Paragraph 87 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 87 of the Complaint that is inconsistent with the documents described.

88. In response to Paragraph 88 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 88 of the Complaint that is inconsistent with the documents described.

89. **[First ¶ 89]** In response to First Paragraph 89 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of First Paragraph 89 of the Complaint that is inconsistent with the documents described.

89. **[Second ¶ 89]** In response to Second Paragraph 89 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Second Paragraph 89 of the Complaint that is inconsistent with the documents described. To the extent Second Paragraph 89 is directed at Duggal or Inquire Network, no response is required from Defendants.

90. In response to Paragraph 90 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 90 of the Complaint that is inconsistent with the documents described. To the extent Paragraph 90 is directed at Duggal or Inquire Network, no response is required from Defendants.

91. In response to Paragraph 91 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 91 of the Complaint that is inconsistent with the documents described. To the extent Paragraph 91 is directed at Duggal or Inquire Network, no response is required from Defendants.

92. In response to Paragraph 92 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 92 of the Complaint that is inconsistent with the documents described. To the extent Paragraph 92 is directed at Duggal or Inquire Network, no response is required from Defendants.

93. Defendants deny the allegations of Paragraph 93 of the Complaint. To the extent Paragraph 93 is directed at Duggal or Inquire Network, no response is required from Defendants.

94. Defendants refer to the referenced pitch deck for its complete contents and context, and deny any characterization of it inconsistent with its contents. Defendants deny that the information reflected in the referenced slides constitutes Guidepoint's "confidential internal performance metrics." To the extent Defendants other than Ware lack personal knowledge of the

source or nature of that information, those Defendants lack knowledge or information sufficient to form a belief as to whether it was confidential or internal to Guidepoint, and on that basis deny those allegations. Defendants deny the remaining allegations of Paragraph 94. To the extent Paragraph 94 is directed at Duggal or Inquire Network, no response is required from Defendants.

95. Defendants refer to the referenced text messages (TD_0376814–16) for their complete contents and context, and deny Plaintiff's characterization of them. Defendants deny that Shkreli "directed" the venture, and deny that the referenced text messages refer to any library of Guidepoint expert-call transcripts. Defendants deny that any Defendant "exfiltrated" any library of Guidepoint expert-call transcripts. Defendants deny the remaining allegations of Paragraph 95.

96. Defendants deny Plaintiff's characterization of the allegations of Paragraph 96, including the characterization of Shkreli as a "purported client." Defendants admit that Shkreli was aware that Guidepoint's client arrangements included confidentiality terms, and that the Individual Defendants had confidentiality obligations to Guidepoint. Defendants deny that Shkreli understood the scope of any such confidentiality terms or obligations to cover or prohibit the activities he intended to undertake. Defendants deny the remaining allegations of Paragraph 96.

97. Defendants deny Plaintiff's characterization of the allegations of Paragraph 97. Defendants admit that, on or about May 6, 2026, Telo forwarded a letter from Guidepoint to Shkreli, and that Shkreli replied by email on or about May 7, 2026. Defendants refer to that email, Exhibit 13 to the Complaint, for its complete contents and context, and deny any characterization of it inconsistent with its contents. Defendants state that Shkreli's response conveyed that an attorney would be obtained to respond to Guidepoint's letter on Telo's behalf.

Defendants deny that Shkreli directed Telo not to comply with any contractual or legal obligation, including any obligation to preserve information, and deny that Shkreli obstructed or attempted to obstruct any effort by Guidepoint. Defendants deny the remaining allegations of Paragraph 97.

**G. In Response To: Ware Emails Himself Guidepoint's Confidential, Proprietary, and Trade Secret Information to Compete With Guidepoint And Directs Gohil To Exfiltrate Data**

98. Defendants deny the allegations contained in Paragraph 98 of the Complaint.

99. Defendants admit that Ware emailed work documents to his personal email address in November 2025, and are without information and knowledge sufficient to form a belief about the remaining allegations of Paragraph 99 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 99 of the Complaint.

100. In response to Paragraph 100 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 100 of the Complaint that is inconsistent with the documents described.

101. In response to Paragraph 101 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 101 of the Complaint that is inconsistent with the documents described.

102. In response to Paragraph 102 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 102 of the Complaint that is inconsistent with the documents described.

103. In response to Paragraph 103 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 103 of the Complaint that is inconsistent with the documents described, including Plaintiff's

characterization of them. To the extent Paragraph 103 is directed at Duggal or Inquire Network, no response is required from Defendants. Defendants deny the remaining allegations of Paragraph 103.

104. In response to Paragraph 104 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 104 of the Complaint that is inconsistent with the documents described.

105. In response to Paragraph 105 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 105 of the Complaint that is inconsistent with the documents described.

106. In response to Paragraph 106 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 106 of the Complaint that is inconsistent with the documents described.

107. In response to Paragraph 107 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 107 of the Complaint that is inconsistent with the documents described.

108. In response to Paragraph 108 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 108 of the Complaint that is inconsistent with the documents described.

109. Defendants deny the allegations contained in Paragraph 109 of the Complaint.

110. Defendants deny the allegations contained in Paragraph 110 of the Complaint.

111. Defendants deny the allegations contained in Paragraph 111 of the Complaint.

112. In response to Paragraph 112 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 112 of the Complaint that is inconsistent with the documents described.

113. In response to Paragraph 113 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 113 of the Complaint that is inconsistent with the documents described.

114. Paragraph 114 consists of Plaintiff's characterization, to which no response is required. To the extent a response is deemed required, Defendants state that the documents described speak for themselves, and deny any allegation of Paragraph 114 that is inconsistent with the documents described, including Plaintiff's characterization of them. Defendants deny the remaining allegations of Paragraph 114.

115. In response to Paragraph 115 of the Complaint, Defendants further state that Exhibit 14 to the Complaint speaks for itself, and Defendants deny any allegation of Paragraph 115 of the Complaint that is inconsistent with the document contained in Exhibit 14 to the Complaint.

116. In response to Paragraph 116 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 116 of the Complaint that is inconsistent with the documents described.

117. In response to Paragraph 117 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 117 of the Complaint that is inconsistent with the documents described.

118. Defendants admit the allegations of Paragraph 118 of the Complaint.

119. In response to Paragraph 119 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 119 of the Complaint that is inconsistent with the documents described.

120. This paragraph states a legal conclusion to which no response is required. Defendants admit the allegations that Ware attended calls while employed by Guidepoint, that DL Software provided a conference room for the referenced call, and that Dietzel participated in it. Defendants deny the remaining allegations of Paragraph 120 of the Complaint.

121. Paragraph 121 consists of Plaintiff's characterizations, to which no response is required. To the extent a response is deemed required, Defendants state that the documents described speak for themselves, and deny any allegation of Paragraph 121 that is inconsistent with the documents described. Defendants admit that certain Defendants had access to, and in some instances used, contact information for advisors with whom they had previously worked. Defendants deny that any such information constitutes "stolen trade secret information." Defendants deny that any Defendant has used Guidepoint's information to launch a competitive business application, and deny that any such application has solicited or is soliciting Guidepoint's Advisors or customers. Defendants further deny that any Defendant is currently using any Guidepoint information. To the extent Paragraph 121 is directed at Duggal or Inquire Network, no response is required from Defendants; to the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and on that basis deny them. Defendants deny the remaining allegations of Paragraph 121.

122. In response to Paragraph 122 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 122 of the Complaint that is inconsistent with the documents described.

123. Defendants deny the allegations contained in Paragraph 123 of the Complaint.

124. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Defendants state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 124 of the Complaint that is inconsistent with the documents described. Defendants state that they lack knowledge or information sufficient to form a belief as to the allegation that "no explanation exists why a file… would be shared with DL Software."

125. In response to Paragraph 125 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 125 of the Complaint that is inconsistent with the documents described, including Plaintiff's characterization of them. Defendants admit that "Danny" is Daniel Grinberg, who at one point worked at DL Software but is no longer employed by DL Software. Defendants deny the remaining allegations of Paragraph 125.

126. Paragraph 126 contains legal conclusions and characterizations to which no response is required. To the extent a response is deemed required, Defendants state that the documents described speak for themselves, and deny any allegation of Paragraph 126 that is inconsistent with the documents described. To the extent Paragraph 126 is directed at Duggal or Inquire Network, no response is required from Defendants. Defendants admit that DL Software received the document referenced in Paragraph 126. Defendants lack knowledge or information sufficient to form a belief as to whether that information could only have come from

Guidepoint's internal systems, and on that basis deny that allegation. Defendants deny the remaining allegations of Paragraph 126.

**H. In Response To: Duggal Emails Himself Guidepoint's Confidential, Proprietary, and Trade Secret Information**

127. This paragraph states legal conclusions to which no response is required. To the extent a response to Paragraph 127 of the Complaint is required, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 127 of the Complaint that is inconsistent with the documents described. Defendants further specifically deny that Duggal "improperly exfiltrated" any documents.

128. In response to Paragraph 128 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 128 of the Complaint that is inconsistent with the documents described.

129. In response to Paragraph 129 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 129 of the Complaint that is inconsistent with the documents described.

130. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 130 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 130 of the Complaint. To the extent Paragraph 130 is directed at Duggal or Inquire Network, no response is required from Defendants.

131. In response to Paragraph 131 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 131 of the Complaint that is inconsistent with the documents described.

**I. In Response To: Individual Defendants' Browser and File Activity History Confirm Exfiltration and Breach of Duties of Loyalty**

132. Defendants deny the allegations contained in Paragraph 132 of the Complaint.

133. Defendants admit the allegations of Paragraph 133 of the Complaint.

134. Defendants admit that Gohil visited Inquire's website on March 11 and March 27, and are without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 134 of the Complaint, and on that basis deny them.

135. Defendants admit the allegations of Paragraph 135 of the Complaint.

136. In response to Paragraph 136 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 136 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 136 of the Complaint.

137. In response to Paragraph 137 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 137 of the Complaint that is inconsistent with the documents described, including Plaintiff's characterization of them. Defendants deny the remaining allegations of Paragraph 137.

138. Defendants deny that the referenced spreadsheet "reflects the core of Guidepoint's proprietary TMT expert-network operations," which is a characterization and legal conclusion to which no response is required. To the extent a response is deemed required, Defendants state that the referenced spreadsheet speaks for itself, and deny any characterization of it inconsistent with its contents. Defendants deny the remaining allegations of Paragraph 138.

**J. In Response To: The Individual Defendants Resign En Masse**

139. Paragraph 139 consists of Plaintiff's characterization, to which no response is required. To the extent a response is deemed required, Defendants deny that, beginning in March

2026, members of Guidepoint's TMT team began resigning "in quick succession," and deny that approximately seven members of Guidepoint's TMT team have resigned since March 31, 2026. Defendants deny the remaining allegations of Paragraph 139.

140. Defendants deny that Eng resigned effective March 31, 2026, and state that Eng's separation from Guidepoint was effective April 1, 2026. Defendants admit the remaining allegations of the first two sentences of Paragraph 140. With respect to the table in Paragraph 140, Defendants state that the table is Plaintiff's own compilation, is not attributed to any document, exhibit, or Bates-numbered source, and is not a document that speaks for itself; Defendants deny that it is accurate except as expressly admitted herein. Defendants admit that Telo and Gohil separated from Guidepoint on April 22, 2026, and that Elliott separated from Guidepoint on April 24, 2026. Defendants deny that Eng separated from Guidepoint on March 31, 2026, and state that her separation was effective April 1, 2026. Defendants deny that Giordano's title was "TMT Associate," and state that her title was Operations Coordinator. To the extent the table is directed at Duggal, no response is required from Defendants. Defendants deny the remaining allegations of Paragraph 140, including the table's characterization of Defendants' positions and titles except as expressly admitted herein.

141. Defendants admit the allegations of Paragraph 141 of the Complaint.

142. Defendants deny the allegations of Paragraph 142. Defendants state that Ware did not resign from Guidepoint, and that Guidepoint terminated Ware's employment on April 22, 2026.

143. Defendants deny that Ware resigned from Guidepoint and deny that Ware acknowledged that he was resigning. Defendants admit that Ware acknowledged to Guidepoint

that he was considering joining former colleagues in a new venture. Defendants deny the remaining allegations of Paragraph 143.

144. Paragraph 144 consists of Plaintiff's characterizations and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants refer to the documents referenced in Paragraph 144 for their complete contents and context, and deny any characterization of them inconsistent with their contents. To the extent Paragraph 144 is directed at Duggal or Inquire Network, no response is required from Defendants. Defendants deny the remaining allegations of Paragraph 144.

145. Paragraph 145 consists of Plaintiff's characterizations and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants refer to the documents referenced in Paragraph 145 for their complete contents and context, and deny any characterization of them inconsistent with their contents. To the extent Paragraph 145 is directed at Duggal or Inquire Network, no response is required from Defendants. Defendants deny the remaining allegations of Paragraph 145.

146. Paragraph 146 consists of Plaintiff's characterizations and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants refer to the documents referenced in Paragraph 146 for their complete contents and context, and deny any characterization of them inconsistent with their contents. To the extent Paragraph 146 is directed at Duggal or Inquire Network, no response is required from Defendants. Defendants deny the remaining allegations of Paragraph 146.

147. In response to Paragraph 147 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 147 of the Complaint that is inconsistent with the documents described.

148. In response to Paragraph 148 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 148 of the Complaint that is inconsistent with the documents described.

149. In response to Paragraph 149 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 149 of the Complaint that is inconsistent with the documents described.

150. Defendants deny the allegations contained in Paragraph 150 of the Complaint.

151. Defendants admit the allegations of Paragraph 151 of the Complaint.

152. Paragraph 152 consists of Plaintiff's characterizations and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants refer to the documents referenced in Paragraph 152 for their complete contents and context, and deny any characterization of them inconsistent with their contents. To the extent Paragraph 152 is directed at Duggal or Inquire Network, no response is required from Defendants. Defendants deny the remaining allegations of Paragraph 152.

153. Defendants deny the allegations contained in Paragraph 153 of the Complaint.

**K. In Response To: Duggal Incorporates Inquire Network, and It Is Launched**

154. In response to Paragraph 154 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 154 of the Complaint that is inconsistent with the documents described.

155. In response to Paragraph 155 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 155 of the Complaint that is inconsistent with the documents described.

156. In response to Paragraph 156 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 156 of the Complaint that is inconsistent with the documents described.

157. In response to Paragraph 157 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 157 of the Complaint that is inconsistent with the documents described.

158. In response to Paragraph 158 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 158 of the Complaint that is inconsistent with the documents described. To the extent Paragraph 158 is directed at Duggal or Inquire Network, no response is required from Defendants.

159. Paragraph 159 consists of Plaintiff's characterizations and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants refer to the documents referenced in Paragraph 159 for their complete contents and context, and deny any characterization of them inconsistent with their contents. To the extent Paragraph 159 is directed at Duggal or Inquire Network, no response is required from Defendants. Defendants deny the remaining allegations of Paragraph 159.

160. Paragraph 160 consists of Plaintiff's characterizations and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants refer to the documents referenced in Paragraph 160 for their complete contents and context, and deny any characterization of them inconsistent with their contents. To the extent Paragraph 160 is directed at Duggal or Inquire Network, no response is required from Defendants. Defendants deny the remaining allegations of Paragraph 160.

161. Paragraph 161 consists of Plaintiff's characterizations and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants refer to the documents referenced in Paragraph 161 for their complete contents and context, and deny any characterization of them inconsistent with their contents. To the extent Paragraph 161 is directed at Duggal or Inquire Network, no response is required from Defendants. Defendants deny the remaining allegations of Paragraph 161.

**L. In Response To: Forensic Discovery Confirms Breach Of Fiduciary Duty; Breach Of Restrictive Covenants; And Misappropriation**

162. Paragraph 162 consists of Plaintiff's characterizations and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants refer to the documents referenced in Paragraph 162 for their complete contents and context, and deny any characterization of them inconsistent with their contents. To the extent Paragraph 162 is directed at Duggal or Inquire Network, no response is required from Defendants. Defendants deny the remaining allegations of Paragraph 162.

163. Paragraph 163 consists of Plaintiff's characterizations and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants refer to the documents referenced in Paragraph 163 for their complete contents and context, and deny any characterization of them inconsistent with their contents. To the extent Paragraph 163 is directed at Duggal or Inquire Network, no response is required from Defendants. Defendants deny the remaining allegations of Paragraph 163.

164. Paragraph 164 consists of Plaintiff's characterizations and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants refer to the documents referenced in Paragraph 164 for their complete contents and context, and deny any characterization of them inconsistent with their contents. To the extent Paragraph 164 is

directed at Duggal or Inquire Network, no response is required from Defendants. Defendants deny the remaining allegations of Paragraph 164.

165. Paragraph 165 consists of Plaintiff's characterizations and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants refer to the documents referenced in Paragraph 165 for their complete contents and context, and deny any characterization of them inconsistent with their contents. To the extent Paragraph 165 is directed at Duggal or Inquire Network, no response is required from Defendants. Defendants deny the remaining allegations of Paragraph 165.

166. Paragraph 166 consists of Plaintiff's characterizations and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants refer to the documents referenced in Paragraph 166 for their complete contents and context, and deny any characterization of them inconsistent with their contents. To the extent Paragraph 166 is directed at Duggal or Inquire Network, no response is required from Defendants. Defendants deny the remaining allegations of Paragraph 166.

167. Paragraph 167 consists of Plaintiff's characterizations and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants refer to the documents referenced in Paragraph 167 for their complete contents and context, and deny any characterization of them inconsistent with their contents. To the extent Paragraph 167 is directed at Duggal or Inquire Network, no response is required from Defendants. Defendants deny the remaining allegations of Paragraph 167.

168. Paragraph 168 consists of Plaintiff's characterizations and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants refer to the documents referenced in Paragraph 168 for their complete contents and context, and deny

any characterization of them inconsistent with their contents. To the extent Paragraph 168 is directed at Duggal or Inquire Network, no response is required from Defendants. Defendants deny the remaining allegations of Paragraph 168.

169. Paragraph 169 consists of Plaintiff's characterizations and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants refer to the documents referenced in Paragraph 169 for their complete contents and context, and deny any characterization of them inconsistent with their contents. To the extent Paragraph 169 is directed at Duggal or Inquire Network, no response is required from Defendants. Defendants deny the remaining allegations of Paragraph 169.

**M. In Response To: The Individual Defendants' Misconduct**

170. Paragraph 170 consists of Plaintiff's characterizations and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants refer to the documents referenced in Paragraph 170 for their complete contents and context, and deny any characterization of them inconsistent with their contents. To the extent Paragraph 170 is directed at Duggal or Inquire Network, no response is required from Defendants. Defendants deny the remaining allegations of Paragraph 170.

171. Paragraph 171 consists of Plaintiff's characterizations and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants refer to the documents referenced in Paragraph 171 for their complete contents and context, and deny any characterization of them inconsistent with their contents. To the extent Paragraph 171 is directed at Duggal or Inquire Network, no response is required from Defendants. Defendants deny the remaining allegations of Paragraph 171.

172. Paragraph 172 consists of Plaintiff's characterizations and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants refer to the documents referenced in Paragraph 172 for their complete contents and context, and deny any characterization of them inconsistent with their contents. To the extent Paragraph 172 is directed at Duggal or Inquire Network, no response is required from Defendants. Defendants deny the remaining allegations of Paragraph 172.

173. Paragraph 173 consists of Plaintiff's characterizations and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants refer to the documents referenced in Paragraph 173 for their complete contents and context, and deny any characterization of them inconsistent with their contents. To the extent Paragraph 173 is directed at Duggal or Inquire Network, no response is required from Defendants. Defendants deny the remaining allegations of Paragraph 173.

174. Paragraph 174 consists of Plaintiff's characterizations and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants refer to the documents referenced in Paragraph 174 for their complete contents and context, and deny any characterization of them inconsistent with their contents. To the extent Paragraph 174 is directed at Duggal or Inquire Network, no response is required from Defendants. Defendants deny the remaining allegations of Paragraph 174.

175. Paragraph 175 consists of Plaintiff's characterizations and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants refer to the documents referenced in Paragraph 175 for their complete contents and context, and deny any characterization of them inconsistent with their contents. To the extent Paragraph 175 is

directed at Duggal or Inquire Network, no response is required from Defendants. Defendants deny the remaining allegations of Paragraph 175.

176. Defendants deny the allegations contained in Paragraph 176 of the Complaint.

177. Defendants deny the allegations contained in Paragraph 177 of the Complaint.

**N. In Response To: Defendants Incorporate RealTime Advisory, Inc. After Agreeing To Consent Stipulated Injunctions**

178. Paragraph 178 consists in part of Plaintiff's characterization, to which no response is required. To the extent a response is deemed required, Defendants admit that the Court entered consent orders at Docket Nos. 37, 41, 42, 46, and 76, and that Ware, Gohil, Eng, and DL Software each consented to the entry of the order applicable to him, her, or it. Defendants refer to those orders for their complete terms and deny any characterization of them inconsistent with their terms. To the extent Paragraph 178 is directed at Duggal or Inquire Network, no response is required from Defendants. Defendants deny the remaining allegations of Paragraph 178.

179. Paragraph 179 consists of Plaintiff's characterization of the Court's orders, to which no response is required. To the extent a response is deemed required, Defendants state that the orders referenced in Paragraph 179 speak for themselves, and deny any characterization of them inconsistent with their terms. Defendants deny the remaining allegations of Paragraph 179.

180. Paragraph 180 consists of Plaintiff's characterization of the Court's orders, to which no response is required. To the extent a response is deemed required, Defendants state that the orders referenced in Paragraph 180 speak for themselves, and deny any characterization of them inconsistent with their terms. Defendants deny the remaining allegations of Paragraph 180.

181. Defendants deny the allegations contained in Paragraph 181 of the Complaint. To the extent Paragraph 181 is directed at Duggal or Inquire Network, no response is required from Defendants.

182. Paragraph 182 consists of Plaintiff's characterizations and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants refer to the documents referenced in Paragraph 182 for their complete contents and context, and deny any characterization of them inconsistent with their contents. To the extent Paragraph 182 is directed at Duggal or Inquire Network, no response is required from Defendants. Defendants deny the remaining allegations of Paragraph 182.

183. Paragraph 183 consists of Plaintiff's characterizations and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants refer to the documents referenced in Paragraph 183 for their complete contents and context, and deny any characterization of them inconsistent with their contents. To the extent Paragraph 183 is directed at Duggal or Inquire Network, no response is required from Defendants. Defendants deny the remaining allegations of Paragraph 183.

184. Paragraph 184 consists of Plaintiff's characterizations and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants refer to the documents referenced in Paragraph 184 for their complete contents and context, and deny any characterization of them inconsistent with their contents. To the extent Paragraph 184 is directed at Duggal or Inquire Network, no response is required from Defendants. Defendants deny the remaining allegations of Paragraph 184.

185. Defendants deny the allegations of Paragraph 185 of the Complaint.

186. Defendants state that the RealTime Advisory, Inc. website referenced in Paragraph 186 no longer exists, and that its contents spoke for themselves. Defendants deny any characterization of the website inconsistent with its contents, including Plaintiff's

characterization that RealTime Advisory, Inc. conducted "the same TMT expert-call business Guidepoint operates." Defendants deny the remaining allegations of Paragraph 186.

**O. In Response To: Guidepoint Faces Irreparable Harm Absent Injunctive Relief**

187. In response to Paragraph 187 of the Complaint, Defendants state that they lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 187 of the Complaint, and on that basis deny, generally and specifically, each and every allegation contained in Paragraph 187 of the Complaint.

188. Defendants deny the allegations contained in Paragraph 188 of the Complaint.

189. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 189 of the Complaint.

190. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 190 of the Complaint.

191. Defendants deny the allegations contained in Paragraph 191 of the Complaint.

192. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 192 of the Complaint.

193. In response to Paragraph 193 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 193 of the Complaint that is inconsistent with the documents described, including any allegation that the document or any of its sub-parts are enforceable.

194. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 194 of the Complaint, including any allegation that the document or any of its sub-parts are enforceable.

195. This Paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 195 of the Complaint.

**COUNT I**
**Violation of the Defend Trade Secrets Act (18 U.S.C. § 1836(b))**
**(Against Ware, Duggal, Gohil, Eng, Elliott, Telo, Giordano, Shkreli, Inquire Network, and DL Software)**

196. Defendants incorporate by reference their responses in the paragraphs above.

197. In response to Paragraph 197 of the Complaint, Defendants state that Paragraph 197 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 197 of the Complaint.

198. In response to Paragraph 198 of the Complaint, Defendants state that Paragraph 198 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 198 of the Complaint.

199. In response to Paragraph 199 of the Complaint, Defendants state that Paragraph 199 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 199 of the Complaint.

200. In response to Paragraph 200 of the Complaint, Defendants state that Paragraph 200 of the Complaint states a legal conclusion to which no responsive pleading is required. To

the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 200 of the Complaint.

201. Defendants deny the allegations contained in Paragraph 201 of the Complaint.

202. Defendants deny the allegations contained in Paragraph 202 of the Complaint.

203. Defendants deny the allegations contained in Paragraph 203 of the Complaint, including sub-paragraphs A-G.

204. Defendants deny the allegations contained in Paragraph 204 of the Complaint.

205. Defendants deny the allegations contained in Paragraph 205 of the Complaint.

206. Defendants deny the allegations contained in Paragraph 206 of the Complaint.

207. Defendants deny the allegations contained in Paragraph 207 of the Complaint.

208. Defendants deny the allegations contained in Paragraph 208 of the Complaint.

209. Defendants deny the allegations contained in Paragraph 209 of the Complaint.

210. Defendants deny the allegations contained in Paragraph 210 of the Complaint.

211. Defendants deny the allegations contained in Paragraph 211 of the Complaint.

212. Defendants deny the allegations contained in Paragraph 212 of the Complaint.

213. Defendants deny the allegations contained in Paragraph 213 of the Complaint.

214. Defendants deny the allegations contained in Paragraph 214 of the Complaint.

215. Defendants deny the allegations contained in Paragraph 215 of the Complaint.

216. Defendants deny the allegations contained in Paragraph 216 of the Complaint.

217. Defendants deny the allegations contained in Paragraph 217 of the Complaint.

218. In response to Paragraph 218 of the Complaint, Defendants state that Paragraph 218 of the Complaint states a legal conclusion to which no responsive pleading is required. To

the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 218 of the Complaint.

219. Defendants deny the allegations contained in Paragraph 219 of the Complaint.

**COUNT II**
**Common Law Misappropriation of Trade Secrets**
**(Against Ware, Duggal, Gohil, Eng, Elliott, Telo, Giordano, Shkreli, Inquire Network, and DL Software)**

220. Defendants incorporate by reference their responses in the paragraphs above.

221. In response to Paragraph 221 of the Complaint, Defendants state that Paragraph 221 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 221 of the Complaint.

222. In response to Paragraph 222 of the Complaint, Defendants state that Paragraph 222 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 222 of the Complaint.

223. Defendants deny the allegations contained in Paragraph 223 of the Complaint, including sub-paragraphs A-G.

224. Defendants deny the allegations contained in Paragraph 224 of the Complaint.

225. Defendants deny the allegations contained in Paragraph 225 of the Complaint.

226. Defendants deny the allegations contained in Paragraph 226 of the Complaint.

227. In response to Paragraph 227 of the Complaint, Defendants state that Paragraph 227 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 227 of the Complaint.

228. In response to Paragraph 228 of the Complaint, Defendants state that Paragraph 228 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 228 of the Complaint.

229. Defendants deny the allegations contained in Paragraph 229 of the Complaint.

230. Defendants deny the allegations contained in Paragraph 230 of the Complaint.

231. Defendants deny the allegations contained in Paragraph 231 of the Complaint.

232. Defendants deny the allegations contained in Paragraph 232 of the Complaint.

233. Defendants deny the allegations contained in Paragraph 233 of the Complaint.

234. Defendants deny the allegations contained in Paragraph 234 of the Complaint.

235. Defendants deny the allegations contained in Paragraph 235 of the Complaint.

236. Defendants deny the allegations contained in Paragraph 236 of the Complaint.

237. Defendants deny the allegations contained in Paragraph 237 of the Complaint.

238. Defendants deny the allegations contained in Paragraph 238 of the Complaint.

**COUNT III**
**Breach of Contract (Employment Agreement's Confidentiality Provision (§ 5))**
**(Against Ware, Gohil, Eng, Telo, and Giordano)**

239. Defendants incorporate by reference their responses in the paragraphs above.

240. In response to Paragraph 240 of the Complaint, Defendants state that Paragraph 240 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 240 of the Complaint.

241. In response to Paragraph 241 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 241 of the Complaint that is inconsistent with the documents described.

242. In response to Paragraph 242 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 242 of the Complaint that is inconsistent with the documents described.

243. Defendants deny the allegations contained in Paragraph 243 of the Complaint.

244. Defendants deny the allegations contained in Paragraph 244 of the Complaint.

245. In response to Paragraph 245 of the Complaint, Defendants state that Paragraph 245 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 245 of the Complaint.

246. Defendants deny the allegations contained in Paragraph 246 of the Complaint.

247. Defendants deny the allegations contained in Paragraph 247 of the Complaint.

248. Defendants deny the allegations contained in Paragraph 248 of the Complaint.

249. Defendants deny the allegations contained in Paragraph 249 of the Complaint.

250. Defendants deny the allegations contained in Paragraph 250 of the Complaint.

251. Defendants deny the allegations contained in Paragraph 251 of the Complaint.

## COUNT IV
## Breach of Contract (Employment Agreement's Non-Compete Provision (§ 4(a))
## (Against Ware, Eng, Gohil, Telo, and Giordano)

252. Defendants incorporate by reference their responses in the paragraphs above.

253. In response to Paragraph 253 of the Complaint, Defendants state that Paragraph 253 of the Complaint states a legal conclusion to which no responsive pleading is required. To

the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 253 of the Complaint.

254. In response to Paragraph 254 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 254 of the Complaint that is inconsistent with the documents described.

255. Defendants admit the allegations of Paragraph 255 of the Complaint.

256. Defendants admit that Eng invited Ware to a call on or about April 20, 2026. Defendants deny that Ware works or has ever worked for Inquire Network, refer to the Letter of Intent, the referenced pitch materials, and Duggal's testimony for their complete contents, and deny any characterization of them inconsistent with their contents. Defendants deny that Ware reported that he was resigning from Guidepoint, and state that Guidepoint terminated Ware's employment on April 22, 2026. Defendants deny the remaining allegations of Paragraph 256.

257. Defendants deny that Gohil works or has ever worked for Inquire Network. With respect to the allegation that Gohil "has facilitated the exchange of information to inquire.network and dl.software," Defendants refer to their responses to Paragraphs 115 through 124 and the documents referenced therein, and deny Plaintiff's characterization. Defendants deny the remaining allegations of Paragraph 257.

258. Defendants deny the allegations contained in Paragraph 258 of the Complaint.

259. Paragraph 259 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendants refer to the referenced agreement for its complete terms and deny any characterization of it inconsistent with its terms. Defendants deny the remaining allegations of Paragraph 259.

260. Paragraph 260 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendants refer to the referenced agreement for its complete terms and deny any characterization of it inconsistent with its terms. Defendants deny the remaining allegations of Paragraph 260.

261. In response to Paragraph 261 of the Complaint, Defendants state that Paragraph 261 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 261 of the Complaint.

262. Defendants deny the allegations contained in Paragraph 262 of the Complaint.

**COUNT V**
**Breach of Contract (Employment Agreement's Non-Interference Provision (§ 4(c))**
**(Against Ware, Eng, Gohil, Telo, and Giordano)**

263. Defendants incorporate by reference their responses in the paragraphs above.

264. In response to Paragraph 264 of the Complaint, Defendants state that Paragraph 264 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 264 of the Complaint.

265. In response to Paragraph 265 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 265 of the Complaint that is inconsistent with the documents described.

266. Defendants deny the allegations contained in Paragraph 266 of the Complaint.

267. Defendants deny the allegations contained in Paragraph 267 of the Complaint.

268. Defendants deny the allegations contained in Paragraph 268 of the Complaint.

**COUNT VI**
**Breach of Contract (Employment Agreement's Employee Non-Solicit (§ 4(b))**
**(Against Ware, Eng, Gohil, Telo, and Giordano)**

269. Defendants incorporate by reference their responses in the paragraphs above.

270. In response to Paragraph 270 of the Complaint, Defendants state that Paragraph 270 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 270 of the Complaint.

271. In response to Paragraph 271 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 271 of the Complaint that is inconsistent with the documents described.

272. Defendants deny the allegations contained in Paragraph 272 of the Complaint.

273. Defendants deny the allegations contained in Paragraph 273 of the Complaint.

**COUNT VII**
**Breach of Contract (Equity Incentive Agreement's Confidentiality Provision (§ 6(b))**
**(Against Ware and Gohil)**

274. Defendants incorporate by reference their responses in the paragraphs above.

275. In response to Paragraph 275 of the Complaint, Defendants state that Paragraph 275 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 275 of the Complaint.

276. In response to Paragraph 276 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 276 of the Complaint that is inconsistent with the documents described.

277. In response to Paragraph 277 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 277 of the Complaint that is inconsistent with the documents described.

278. Defendants deny the allegations contained in Paragraph 278 of the Complaint.

279. Defendants deny the allegations contained in Paragraph 279 of the Complaint.

280. Defendants deny the allegations contained in Paragraph 280 of the Complaint.

281. Defendants deny the allegations contained in Paragraph 281 of the Complaint.

**COUNT VIII**
**Breach of Contract (Equity Incentive Agreement's Non-Competition Provision (§ 6(a))**
**(Against Ware and Gohil)**

282. Defendants incorporate by reference their responses in the paragraphs above.

283. In response to Paragraph 283 of the Complaint, Defendants state that Paragraph 283 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 283 of the Complaint.

284. In response to Paragraph 284 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 284 of the Complaint that is inconsistent with the documents described.

285. In response to Paragraph 285 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 285 of the Complaint that is inconsistent with the documents described.

286. Defendants admit that Eng invited Ware to call on April 20, and deny all of the remaining allegations of Paragraph 286 of the Complaint.

287. Defendants deny that Gohil works or has ever worked for Inquire Network. With respect to the allegation that Gohil "has facilitated the exchange of information to inquire.network and dl.software," Defendants refer to their responses to Paragraphs 115 through 124 and the documents referenced therein, and deny Plaintiff's characterization. Defendants deny the remaining allegations of Paragraph 287.

288. This paragraph calls for a legal conclusion, and so no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 288 of the Complaint.

289. Defendants deny the allegations contained in Paragraph 289 of the Complaint.

290. Defendants deny the allegations contained in Paragraph 290 of the Complaint.

**COUNT IX**
**Breach of Contract (Consultant Agreement)**
**(Against Duggal and Elliott)**

291. Defendants incorporate by reference their responses in the paragraphs above.

292. In response to Paragraph 292 of the Complaint, Defendants state that Paragraph 292 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 292 of the Complaint.

293. In response to Paragraph 293 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 293 of the Complaint that is inconsistent with the documents described.

294. In response to Paragraph 294 of the Complaint, Defendants further state that the documents described speak for themselves, and Defendants deny any allegation of Paragraph 294 of the Complaint that is inconsistent with the documents described.

295. Defendants deny the allegations contained in Paragraph 295 of the Complaint.

296. Defendants deny the allegations contained in Paragraph 296 of the Complaint.

297. Defendants deny the allegations contained in Paragraph 297 of the Complaint.

298. Defendants deny the allegations contained in Paragraph 298 of the Complaint.

299. Defendants deny the allegations contained in Paragraph 299 of the Complaint.

300. Defendants deny the allegations contained in Paragraph 300 of the Complaint.

**COUNT X**
**Tortious Interference with Contract**
**(All Defendants)**

301. Defendants incorporate by reference their responses in the paragraphs above.

302. Defendants deny the allegations contained in Paragraph 302 of the Complaint.

303. In response to Paragraph 303 of the Complaint, Defendants state that Paragraph 303 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 303 of the Complaint.

304. Defendants deny the allegations contained in Paragraph 304 of the Complaint.

305. Defendants deny the allegations contained in Paragraph 305 of the Complaint.

306. Defendants deny the allegations contained in Paragraph 306 of the Complaint.

307. In response to Paragraph 307 of the Complaint, Defendants state that Paragraph 307 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 307 of the Complaint.

308. Defendants deny the allegations contained in Paragraph 308 of the Complaint.

309. Defendants deny the allegations contained in Paragraph 309 of the Complaint.

310. Defendants deny the allegations contained in Paragraph 310 of the Complaint.

311. Defendants deny the allegations contained in Paragraph 311 of the Complaint.

312. Defendants deny the allegations contained in Paragraph 312 of the Complaint.

**COUNT XI**
**Breach of Fiduciary Duty**
**(Against Ware, Eng, Gohil, Telo, and Giordano)**

313. Defendants incorporate by reference their responses in the paragraphs above.

314. In response to Paragraph 314 of the Complaint, Defendants state that Paragraph 314 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 314 of the Complaint.

315. Defendants deny the allegations contained in Paragraph 315 of the Complaint.

316. Defendants deny the allegations contained in Paragraph 316 of the Complaint.

317. Defendants deny the allegations contained in Paragraph 317 of the Complaint.

318. Defendants deny the allegations contained in Paragraph 318 of the Complaint.

319. Defendants deny the allegations contained in Paragraph 319 of the Complaint.

**COUNT XII**
**Aiding And Abetting Breach of Fiduciary Duty**
**(Against Shkreli, Duggal, Elliott, Inquire Network, and DL Software)**

320. Defendants incorporate by reference their responses in the paragraphs above.

321. In response to Paragraph 321 of the Complaint, Defendants state that Paragraph 321 of the Complaint states a legal conclusion to which no responsive pleading is required. To the extent that a responsive pleading is necessary, Defendants deny the allegations of Paragraph 321 of the Complaint.

322. Defendants deny the allegations contained in Paragraph 322 of the Complaint.

323. Defendants deny the allegations contained in Paragraph 323 of the Complaint.

324. Defendants deny the allegations contained in Paragraph 324 of the Complaint.

325. Defendants deny the allegations contained in Paragraph 325 of the Complaint.

326. Defendants refer to their responses to Paragraphs 100 through 108 and 137 and the documents referenced therein, and deny Plaintiff's characterization of them. Defendants deny the remaining allegations of Paragraph 326.

327. Paragraph 327 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendants refer to the referenced agreement for its complete terms and deny any characterization of it inconsistent with its terms. Defendants deny the remaining allegations of Paragraph 327.

328. Defendants deny the allegations contained in Paragraph 328 of the Complaint.

329. Defendants deny the allegations contained in Paragraph 329 of the Complaint.

330. Defendants deny the allegations contained in Paragraph 330 of the Complaint.

331. In response to Paragraph 331 of the Complaint, Defendants further state that Exhibit 14 to the Complaint speaks for itself, and Defendants deny any allegation of Paragraph 331 of the Complaint that is inconsistent with the document contained in Exhibit 14 to the Complaint.

332. Defendants deny the allegations contained in Paragraph 332 of the Complaint.

333. Defendants deny the allegations contained in Paragraph 333 of the Complaint.

334. Defendants deny the allegations contained in Paragraph 334 of the Complaint.

335. Defendants deny the allegations contained in Paragraph 335 of the Complaint.

## PRAYER FOR RELIEF

In response to the Prayer for Relief contained in the Complaint, Defendants deny that Plaintiff is entitled to any of the relief requested in Subparagraphs A through N of the Prayer for Relief section of the Complaint. Defendants deny that Plaintiff is entitled to any relief whatsoever against Defendants in this action, either as prayed for in its Complaint or otherwise.

## JURY DEMAND

Defendants hereby demand a trial by jury on all claims, issues and damages so triable.

## AFFIRMATIVE DEFENSES

In addition to those described below, Defendants specifically reserve all rights to amend their Answer, including asserting additional affirmative defenses, other defenses, and counterclaims, as this matter progresses. Defendants, for their affirmative defenses, state as follows:

### First Affirmative Defense
### Failure to State a Claim

Plaintiff's Complaint fails to state any claim against Defendants upon which relief can be granted.

### Second Affirmative Defense
### No Misappropriation of Trade Secrets

Defendants have not and do not directly or indirectly misappropriated, contributed to the misappropriation of, assisted with the misappropriation of, or actively induced others to misappropriate, any trade secret of Plaintiff.

**Third Affirmative Defense**
**Unenforceability of the Confidentiality Provisions**

Plaintiff's claims that Ware, Gohil, Eng, Telo and Giordano breached their contractual confidentiality obligations fail as a matter of law because Section 5 of their respective Employment Agreements is unenforceable as facially vague and overbroad.

**Fourth Affirmative Defense**
**Unenforceability of the Non-Competition Provisions**

Plaintiff's claims that Ware, Gohil, Eng, Telo and Giordano breached their contractual non-competition obligations fail as a matter of law because Section 4(a) of their respective Employment Agreements is unenforceable as it imposes undue hardship on Ware, Gohil, and Eng. The restraint imposed by Section 4(a) of their respective Employment Agreements imposes a restraint greater than is necessary to protect Plaintiff's interests, deprives Defendants of the opportunity to pursue their business, and constitutes an unreasonable restraint of the public's right to the Defendants' services.

**Fifth Affirmative Defense**
**Unenforceability of the Non-Interference Provisions**

Plaintiff's claims that Ware, Gohil, Eng, Telo and Giordano breached their contractual non-interference obligations fail as a matter of law because Section 4(c) of their respective Employment Agreements is unenforceable as facially vague and overbroad.

**Sixth Affirmative Defense**
**Unenforceability of the Non-Solicitation Provisions**

Plaintiff's claims that Ware, Gohil, Eng, Telo and Giordano breached their contractual non-solicitation obligations fail as a matter of law because Section 4(b) of their respective Employment Agreements is unenforceable as facially vague and overbroad.

**Seventh Affirmative Defense**
**Unenforceability of the Equity Incentive Confidentiality Provisions**

Plaintiff's claims that Ware and Gohil breached their confidentiality obligations under their respective Equity Incentive Agreements fail as a matter of law because Section 6(b) of those agreements is unenforceable as facially vague and overbroad.

**Eighth Affirmative Defense**
**Unenforceability of the Equity Incentive Non-Competition Provisions**

Plaintiff's claims that Ware and Gohil breached their contractual non-competition obligations fail as a matter of law because Section 6(a) of their respective Equity Incentive Agreements is unenforceable as it imposes undue hardship on Ware and Gohil. The restraints imposed by this section are greater than is necessary to protect Plaintiff's interests, deprive Defendants of the opportunity to pursue their business, and constitute an unreasonable restraint of the public's right to the Defendants' services.

**Ninth Affirmative Defense**
**Unenforceability of the Consulting Agreement Confidentiality Provision**

Plaintiff's claims that Elliott breached his confidentiality obligations under the Consulting Agreement fail as a matter of law because the asserted 'Confidentiality Provision' is unenforceable as facially vague and overbroad.

**Tenth Affirmative Defense**
**Unclean Hands**

Plaintiff's claims and requested relief are barred by the doctrine of unclean hands. Plaintiff's unfair competitive efforts and harassment of Defendants is unfair, unconscionable, and precludes its claims and any equitable or other relief. Plaintiff brought this lawsuit to disrupt the legitimate business activities of the Defendants and/or as an effort to enforce patently overbroad, vague, and unenforceable contract terms against the Defendants.

**Eleventh Affirmative Defense**
**Balance of Equities**

Plaintiff's request for injunctive relief should be denied because the balance of equities weighs in favor of Defendants.

**Twelfth Affirmative Defense**
**Public Interest**

Plaintiff's request for injunctive relief should be denied because an injunction would be contrary to the public interest.

**Thirteenth Affirmative Defense**
**Waiver, Laches, Estoppel**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, and/or estoppel.

**Fourteenth Affirmative Defense**
**Existence of Adequate Remedies At Law**

Plaintiff is not entitled to injunctive relief because any alleged injury to it is not irreparable, and Plaintiff has an adequate remedy at law.

**Fifteenth Affirmative Defense**
**No Secret**

Plaintiff's Third Amended Complaint and all counts that relate to purported misappropriation of trade secrets, confidential information, and/or proprietary information are barred because the information Plaintiffs' claim that Defendants misappropriated is publicly available.

Defendants' legitimate business activities do not reflect misappropriated trade secrets belonging to Plaintiff. The Defendants have relied on information that is widely publicly available.

**Sixteenth Affirmative Defense**
**No Damages**

Plaintiff has suffered no damages. Specifically, the Third Amended Complaint and each claim for relief set forth therein is barred by Plaintiff's failure to establish any loss, injury, or damages. Any alleged damages are speculative, remote, and uncertain.

**Seventeenth Affirmative Defense**
**No Breach**

Each of Plaintiff's claims for breach of various contractual provisions is barred for failure to establish breach. Defendants have not used any proprietary or confidential information of Plaintiff.

**Eighteenth Affirmative Defense**
**No Fiduciary Duty**

The claims are barred because no fiduciary duty existed between each of Ware, Gohil, and Eng, and the Plaintiff.

**Nineteenth Affirmative Defense**
**No Knowledge of Fiduciary Duty**

Plaintiff's claim for aiding and abetting breach of fiduciary duty (Count XII) is barred because DL Software lacked actual knowledge of any alleged fiduciary duty or any breach thereof.

**Twentieth Affirmative Defense**
**No Assistance by DL Software**

Plaintiff's claim for aiding and abetting breach of fiduciary duty is barred because DL Software did not provide substantial assistance, encouragement, or participation in any alleged breach.

**Twenty-First Affirmative Defense**
**No Causation**

Plaintiff's claims are barred, in whole or in part, because any alleged injury was not proximately caused by Defendants' conduct or any alleged breach of fiduciary duty.

**Twenty-Second Affirmative Defense**
**Attorneys' Fees Limitations**

To the extent Plaintiff claims entitlement to attorneys' fees, which Defendants deny, any such recovery is limited to fees that are reasonable, necessary, adequately documented, and otherwise recoverable under applicable law. Defendants are entitled to challenge the reasonableness, necessity, allocation, and amount of any fees claimed by Plaintiff.

**Twenty-Third Affirmative Defense**
**No Entitlement to Exemplary Damages**

Plaintiff's request for "exemplary" damages should be denied as contrary to public policy.

**Twenty-Fourth Affirmative Defense**
**De Minimis Misconduct**

To the extent Plaintiff claims entitlement to relief for mis-use of trade secret, confidential, or proprietary information, which Defendants deny, Plaintiff is not entitled to relief since the alleged list of approximately 2,000 names constitutes a de minimis part of Plaintiff's self-advertised network of over two million experts.

**Twenty-Fifth Affirmative Defense**
**Trade Secret Claims are Moot**

To the extent Plaintiff claims entitlement to relief for mis-use of trade secret, confidential, or proprietary information including transcripts, which Defendants deny, Plaintiff is not entitled to relief since the value of the transcripts is now approximately zero dollars.

**Twenty-Sixth Affirmative Defense**
**First Amendment Protected Activity**

Plaintiff's claims are barred, in whole or in part, to the extent they seek to impose liability for, or to enjoin, activity protected by the First Amendment to the United States Constitution, including Defendants' speech, publications, and analysis and commentary concerning publicly available information and matters of market and public interest.

**Twenty-Seventh Affirmative Defense**
**Failure to Mitigate Damages**

Plaintiff's claims for damages are barred or must be reduced to the extent Plaintiff failed to take reasonable steps to mitigate its alleged damages, including, without limitation, by declining Defendants' offers to return, delete, or destroy any Guidepoint materials in their possession, and by failing to take reasonable measures to retain personnel, transition client and advisor relationships, or otherwise minimize any alleged loss.

**Twenty-Eighth Affirmative Defense**
**Consent and Acquiescence**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's express or implied consent to and acquiescence in the conduct alleged in the Complaint. Plaintiff knew of, permitted, and in practice required the transmission, download, and use of the materials at issue outside of Plaintiff's systems in the ordinary course of employees' and consultants' work, including by emailing transcripts and related materials to personal accounts for call preparation and by requiring call work to be performed on personal devices. Plaintiff further did not request the return or deletion of such materials upon the separation of the Individual Defendants.

**Reservation of Rights to Assert Additional Affirmative Defenses**

Defendants reserve the right to assert additional defenses as discovery proceeds.

## COUNTERCLAIMS

Defendants-Counterclaim Plaintiffs Alan Ware ("Ware"), Kirang Gohil ("Gohil"), Christiana Eng ("Eng"), and DL Software, Inc. ("DL"), (each a "Counterclaim Plaintiff" and together, the "Counterclaim Plaintiffs"), for their counterclaims against Plaintiff Guidepoint Global, LLC ("Guidepoint"), incorporate by reference the paragraphs above and further allege as follows:

## PRELIMINARY STATEMENT

336. Counterclaim Plaintiffs incorporate by reference and reallege the allegations of the above Answer as if fully set forth herein.

337. Counterclaim Plaintiffs seek a declaratory judgment of the parties' respective rights and obligations under the Employment Agreements, and a declaratory judgment of the parties' respective rights and obligations under the Equity Agreements.

338. These counterclaims arise out of Guidepoint's wrongful assertion of non-existent intellectual property rights. In its Third Amended Complaint, Guidepoint has alleged that it owns certain trade secrets and that the Counterclaim Plaintiffs have misappropriated those secrets, in violation of various agreements. Counterclaim Plaintiffs deny that Guidepoint is entitled to any of the relief it seeks, and disputes Guidepoint's interpretation of each of the Agreements at issue in this matter.

## PARTIES

339. Alan Ware is a resident of the state of Connecticut, with an address at 16 Shoreview Lane, Danbury, CT 06811.

340. Kirang Gohil is a resident of the state of New Jersey, with an address at 6 Jacobs Landing Secaucus, NJ 07094.

341. Christiana (aka Tiana) Eng is a resident of the state of New Jersey, with an address at 17 Woodmere Court, Old Bridge, NJ 08857.

342. DL Software, Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business in the state of New York.

343. Guidepoint Global, LLC is a limited liability company organized under the laws of the State of New York with its principal place of business in this District.

## JURISDICTION AND VENUE

344. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Guidepoint has asserted a claim under the Defend Trade Secrets Act, 18 U.S.C. § 1836.

345. This Court has jurisdiction over the counterclaims pursuant to 28 U.S.C. § 2201 and § 2202 (declaratory judgment).

346. This Court has personal jurisdiction over Guidepoint, inter alia, Guidepoint has purposefully availed itself of the privilege of conducting activities within this District, including by bringing the instant lawsuit.

347. Venue is proper in this District under 28 U.S.C. § 1391 (a) at least because a substantial part of the events giving rise to the claims and counterclaims occurred in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because Guidepoint submitted to this Court's jurisdiction by virtue of filing this action.

## RELEVANT FACTS

348. Each of Ware, Gohil, and Eng (the "Individual Counterclaim Plaintiffs") is a professional who provided services to Guidepoint as an employee.

349. During the parties' relationships, Guidepoint required each of the Individual Counterclaim Plaintiffs to execute confidentiality provisions that Guidepoint now contends restrict their use of information, knowledge, and experience.

350. Ware was formerly an employee with Guidepoint, and entered into an employment agreement (the "Ware Employment Agreement") on or around March 21, 2023 (amended August 2023).

351. Gohil was formerly an employee with Guidepoint, and entered into an employment agreement (the "Gohil Employment Agreement") on or around January 1, 2024.

352. Eng was formerly an employee with Guidepoint, and entered into an employment agreement (the "Eng Employment Agreement") on or around February 14, 2022 (amended August 2023).

353. Ware, Gohil, and Eng's Employment Agreements (Exhibits 1, 2, 4, 6, & 7 to Complaint, together, the "Employment Agreements") each included an unenforceable confidentiality provision which Plaintiff has alleged limits Ware, Gohil, and Eng's use of "Proprietary Information" belonging to Guidepoint, which was defined to include:

> [A]ny and all confidential and/or proprietary knowledge, data or information of the Company and its affiliates (the "Company Group") and/or the Company Group's customers, clients, vendors, employees, agents and contractors. By way of illustration but not limitation, Proprietary Information includes (i) trade secrets, inventions, mask works, ideas, processes, formulas, source and object codes, data, programs, other works of authorship, know-how, improvements, discoveries, developments, designs, techniques and research; (ii) information regarding the Company Group's organization or structure, plans for research and development, new products or services, marketing, advertising,

> and other business plans, budgets and financial data, licenses, pricing and costs, and suppliers; (iii) the identity of current and prospective clients of the Company Group and the Company Group's current and prospective contracts, policies, standards, procedures and practices; (iv) any and all information regarding the experts contracted by the Company Group, the Company Group's business model incorporating the use of such experts and the technology and trade secrets in connection with the utilization of such business model; and (v) information regarding the skills and compensation of the Company Group's employees. Proprietary Information also shall include any information that is provided to or obtained by the Company Group from third parties and is subject to obligations of confidentiality. Employment Agreements § 5(a).

354. Although Ware and Eng had already signed employment agreements that contained restrictive covenants related to confidentiality, Guidepoint presented Ware and Eng with an impossible choice: agree to the expanded restrictions in the amendments to their employment agreements, or forfeit their employment.

355. The Confidentiality Provision restricts, inter alia, the use of "know how" acquired by each of the Individual Counterclaim Plaintiffs during their employment with Guidepoint.

356. Guidepoint has asserted an interpretation of those provisions that extends beyond the protection of legitimate confidential information and effectively restricts each of the Individual Counterclaim Plaintiffs' use of information that is publicly available, independently developed, or otherwise not protectable under applicable law.

357. Guidepoint now contends that the Confidentiality Provisions prohibit the Individual Counterclaim Plaintiffs from using information and knowledge acquired through their own experience and work in their chosen industry.

358. The Confidentiality Provisions interpreted and asserted by Guidepoint are overbroad, unreasonable, and unenforceable to the extent they purport to restrict the use of

information that is publicly known, generally available, independently developed, and/or otherwise not protectable as confidential information or trade secrets.

359. Guidepoint acknowledged the overbreadth of the Confidentiality Provisions in a conversation with Ware.

360. The Employment Agreements also contain a restrictive covenant that Guidepoint contends prohibits each of the Individual Counterclaim Plaintiffs from engaging in certain competitive activities following the termination of the parties' relationships.

361. The Employment Agreements include the following unenforceable Non-Compete Provision:

> during the period of Employee's employment under this Agreement, and for six (6) months after the termination of Employee's employment with the Company, the Employee shall not, (a) directly or indirectly, either through any form of ownership, or as a director, officer, principal, agent, employee, independent contractor, employer, advisor, consultant, shareholder, partner or in any other capacity, either for Employee's benefit or the benefit of any other person or entity, shall not be employed by or otherwise engage in or be interested in (i) any business in competition with the Company Group including, without limitation, any company which charges customers fees for providing research by a firm that employs or contracts a Network of Experts (as hereinafter defined), anywhere where the Company Group has operations, customers or such Experts (a "Competitive Business"), or (ii) any business that is a client of the Company and with which Employee had contact through Employee's work at the Company, or (b) use in any Competitive Business any Proprietary Information (as hereinafter defined) or Work Product (as hereinafter defined). A "Network of Experts" shall mean a number of individuals who are experts within a field or industry based upon current or previous employment, design, marketing or any other involvement with that industry. Employment Agreements § 4(a).

362. The Non-Compete Provision is facially overbroad since it restricts any form of employment or work with "a number of individuals who are experts within a field or industry," effectively eliminating any possibility that the signer work with competent or experienced

individuals in any field whatsoever for a period of six months after their employment with Guidepoint ended.

363. Guidepoint has asserted an interpretation of the Non-Compete Provision that substantially limits each of the Individual Counterclaim Plaintiffs' ability to work in their chosen field and to engage in lawful competition.

364. The Non-Compete Provision is unenforceable, in whole or in part, because it is broader than necessary to protect any legitimate business interest, imposes undue hardship on each of the Individual Counterclaim Plaintiffs, and is contrary to New York law governing restrictive covenants.

365. The Employment Agreements included the following unenforceable non-interference provision:

> During the Employee's employment and for a two (2) year period thereafter, Employee shall not, directly or indirectly, attempt to interfere with, impair, or adversely affect any contractual relationship or business relationship between the Company and any client, customer, expert, advisor or other person or entity engaged by or doing business with the Company, including without limitation engaging with any business that is a client of the Company and with which Employee had contact through Employee's work at the Company, on any matter that relates to the Company.

366. The Employment Agreements included the following unenforceable non-solicit provision:

> During the Employee's employment and for a two (2) year period thereafter, Employee will not, directly or indirectly, solicit or recruit any employee, independent contractor or agent of the Company to resign from the Company or to accept employment or other engagement with Employee or with any other person or company.

367. On or around April 1, 2023, Ware entered into an "equity incentive agreement" with Guidepoint (the "Ware Equity Incentive Agreement," Exhibit 3 to Complaint).

368. On or around April 1, 2024, Gohil entered into an "equity incentive agreement" with Guidepoint (the "Gohil Equity Incentive Agreement," Exhibit 5 to Complaint).

369. The Ware Equity Incentive Agreement and the Gohil Equity Incentive Agreement (together, the "Equity Agreements") included the following unenforceable non-competition provision:

> during the period of Employee's employment with the Company Group, and for a period of two (2) years following the termination of Employee's employment with the Company Group for any reason whatsoever, Employee shall not anywhere in the world where the Company Group does business: (i) directly or indirectly, either through any form of direct or indirect ownership (other than owning an investment of not more than 5%), or as a director, officer, principal, agent, employee, independent contractor, employer, advisor, consultant, shareholder, partner, member or in any other capacity, either for Employee's benefit or the benefit of any other person or entity, be employed by or otherwise engage in or be interested or involved in a Competitive Business. Equity Agreements § 6(a).

370. The Equity Agreements defined "Competitive Business" as:

> any business in competition with the Company Group from time to time (or by which the Company Group is proposing to operate) including, without limitation, any entity which charges customers fees for providing research by a firm that employs or contracts a Network of Experts anywhere the Company Group has operations, customers or such Experts. Id. at §6(e)(i).

371. Under the Equity Agreements, a "Network of Experts" was defined as: "a number of individuals who are subject matter experts within a field or industry based upon current or previous employment, design, marketing or any other involvement with that industry." Id. § 6(e)(iii).

372. The Non-Compete Provision in the Equity Agreements is unenforceable, since it purportedly restricts Ware and Gohil from earning income in any form for two years after separating from Guidepoint, for any reason.

373. The Non-Compete Provision in the Equity Agreements imposes an undue hardship on Gohil and Ware.

374. The Equity Agreements included an unenforceable confidentiality provision which allegedly limits Ware and Gohil's use of:

> any and all Company Group confidential, proprietary or trade secret information (whether or not denoted as confidential or proprietary), in any form or medium, including, but not limited to, the following: customer, client and vendor lists; customer, client and vendor data and information; customer, client and vendor referral bases; financial and sales information; service/product costing and profit margin information; planning, advertising and marketing information; Company Group research and development; pending projects and proposals; scientific information, production know how, production data, or proprietary production processes (including, without limitation, product formulas); technical data and technical prototypes; vendor pricing and products; information regarding the principals, officers, clients, customers, employees and consultants of the Company Group; and other confidential information, proprietary information, trade secrets and business information which is owned by or pertains to the Company Group or any of its products, services, customers, clients, contractors or suppliers [as well as] include the terms of this [Equity] Agreement and the fact that Employee has entered into this Agreement. Id. at § 6(e)(iv) (emphasis added).

375. The Equity Agreement Confidentiality Provision allegedly prohibited disclosure of any information pertaining to Guidepoint in any way, whether it was marked confidential or not.

376. Under the Equity Agreement Confidentiality Provision, there is no way to separate "Confidential Information" from Non-Confidential Information pertaining to Guidepoint. For example, if read according to Guidepoint's proposed interpretation, both the dates of Ware and Gohil's employment with Guidepoint and the terms of the Equity Agreements themselves are protected from disclosure.

377. The Equity Agreement Confidentiality Provisions are unenforceable as overbroad and vague.

378. In keeping with their pattern of forcing employees and consultants to agree to unenforceable, overbroad restrictive covenants, Guidepoint included the following language in the Equity Agreements:

> The covenants contained in this Section 6 shall supplement and not replace or supersede any other non-competition, non-solicitation, non-disparagement or confidentiality obligations contained in any agreement, applicable law or otherwise to which Employee is bound or subject. To the extent there is any inconsistency between any such terms of applicable agreements, the terms which are more restrictive on the Employee shall govern. Equity Agreements § 6.

379. In addition to imposing additional restrictions on Ware and Gohil, the Equity Agreements tasked Ware and Gohil, neither of whom are attorneys, with interpretation of those new restrictions, comparison with the terms of their previously-executed Employment Agreements to spot inconsistencies, and determination of which set of restrictions was "more restrictive on the Employee." Id.

380. During the course of their respective relationships with Guidepoint, each of the Individual Counterclaim Plaintiffs developed, used, and possessed information, materials, processes, and business practices that were independently created, publicly available, generally known within the industry, or otherwise not subject to any confidentiality obligations owed to Guidepoint.

381. It was reasonable for the Counterclaim Plaintiffs to earn income based on their personal knowledge, skills, and experience after they were no longer working for/with Guidepoint.

## ACTUAL CASE OR CONTROVERSY

382. Counterclaim-Plaintiffs repeat and reallege each of the foregoing allegations as though fully set forth herein.

383. There is an actual controversy between the parties to this litigation within the jurisdiction of this Court under 28 U.S.C. § 2201 and 2202.

384. Absent a declaration of the parties' respective rights, duties, and obligations under the agreements at issue in this action, the Parties will continue to litigate their claims without knowing the conduct which is permissible under the relevant agreements.

## COUNT I
## DECLARATORY JUDGMENT
## Ware Employment Agreement
## (Ware v. Guidepoint)

385. Counterclaim-Plaintiffs repeat and reallege each of the foregoing allegations as though fully set forth herein.

386. An actual, present, and justiciable controversy exists between the parties concerning their respective rights and obligations under the Ware Employment Agreement (Exhibit 2 to Complaint).

387. Guidepoint has asserted that Ware breached certain duties or obligations arising under the Ware Employment Agreement, and has sought relief based on those assertions.

388. Ware disputes those allegations and contends that his employment agreement does not impose the duties and/or obligations alleged by Guidepoint.

389. Ware further contends that Guidepoint's interpretation of the Ware Employment Agreement is incorrect.

390. The controversy is definite and concrete, concerns legal relations of parties with adverse interests, and is of sufficient immediacy and reality to warrant declaratory relief.

391. A judicial declaration will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to this action.

**COUNT II**
**DECLARATORY JUDGMENT**
**Gohil Employment Agreement**
**(Gohil v. Guidepoint)**

392. Counterclaim-Plaintiffs repeat and reallege each of the foregoing allegations as though fully set forth herein.

393. An actual, present, and justiciable controversy exists between the parties concerning their respective rights and obligations under the Gohil Employment Agreement (Exhibit 4 to Complaint).

394. Guidepoint has asserted that Gohil breached certain duties or obligations arising under his Employment Agreement, and has sought relief based on those assertions.

395. Gohil disputes those allegations and contends that the Gohil Employment Agreement does not impose the duties and/or obligations alleged by Guidepoint.

396. Gohil further contends that Guidepoint's interpretation of the Gohil Employment Agreement is incorrect.

397. The controversy is definite and concrete, concerns legal relations of parties with adverse interests, and is of sufficient immediacy and reality to warrant declaratory relief.

398. A judicial declaration will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to this action.

**COUNT III**
**DECLARATORY JUDGMENT**
**Eng Employment Agreement**
**(Eng v. Guidepoint)**

399. Counterclaim-Plaintiffs repeat and reallege each of the foregoing allegations as though fully set forth herein.

400. An actual, present, and justiciable controversy exists between the parties concerning their respective rights and obligations under the Eng Employment Agreement (Exhibits 6 and 7 to Complaint).

401. Guidepoint has asserted that Eng has breached certain duties or obligations arising under the Eng Employment Agreement, and has sought relief based on those assertions.

402. Eng disputes those allegations and contends that the Eng Employment Agreement does not impose the duties and/or obligations alleged by Guidepoint.

403. Eng further contends that Guidepoint's interpretation of the Eng Employment Agreement is incorrect.

404. The controversy is definite and concrete, concerns legal relations of parties with adverse interests, and is of sufficient immediacy and reality to warrant declaratory relief.

405. A judicial declaration will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to this action.

**COUNT IV**
**DECLARATORY JUDGMENT**
**Ware Equity Incentive Agreement**
**(Ware v. Guidepoint)**

406. Counterclaim-Plaintiffs repeat and reallege each of the foregoing allegations as though fully set forth herein.

407. An actual, present, and justiciable controversy exists between the parties concerning their respective rights and obligations under the Ware Equity Incentive Agreement (Exhibit 3 to Complaint).

408. Guidepoint has asserted that Ware breached certain duties or obligations arising under the Ware Equity Incentive Agreement, and has sought relief based on those assertions.

409. Ware disputes those allegations and contends that the Ware Equity Incentive Agreement does not impose the duties and/or obligations alleged by Guidepoint.

410. Ware further contends that Guidepoint's interpretation of the Ware Equity Incentive Agreement is incorrect.

411. The controversy is definite and concrete, concerns legal relations of parties with adverse interests, and is of sufficient immediacy and reality to warrant declaratory relief.

412. A judicial declaration will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to this action.

**COUNT V**
**DECLARATORY JUDGMENT**
**Gohil Equity Incentive Agreement**
**(Gohil v. Guidepoint)**

413. Counterclaim-Plaintiffs repeat and reallege each of the foregoing allegations as though fully set forth herein.

414. An actual, present, and justiciable controversy exists between the parties concerning their respective rights and obligations under the Gohil Equity Incentive Agreement (Exhibit 5 to Complaint).

415. Guidepoint has asserted that Counterclaim Plaintiffs breached certain duties or obligations arising under their respective employment agreements, and has sought relief based on those assertions.

416. Counterclaim Plaintiffs dispute those allegations and contend that each employment agreement does not impose the duties and/or obligations alleged by Guidepoint.

417. Counterclaim Plaintiffs further contend that Guidepoint's interpretation of their respective employment agreements is incorrect.

418. The controversy is definite and concrete, concerns legal relations of parties with adverse interests, and is of sufficient immediacy and reality to warrant declaratory relief.

419. A judicial declaration will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to this action.

## DEMAND FOR JURY TRIAL

Counterclaim Plaintiffs request and demand a trial by jury on all counterclaims and issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiffs respectfully request that this Court enter judgment in their favor and award the following relief:

a. Dismissing the Complaint in its entirety;

b. Declining to award any of the relief requested by Plaintiff;

c. Declaring the parties' respective rights and obligations under each of the Employment Agreements,

d. Declaring that the Confidentiality Clauses in the Employment Agreements are unenforceable;

e. Declaring that the Non-Competition Clauses in the Employment Agreements are unenforceable;

f. Declaring that the Non-Interference Clauses in the Employment Agreements are unenforceable;

g. Declaring that the Non-Solicit Clauses in the Employment Agreements are unenforceable;

h. Declaring the parties' respective rights and obligations under each of the Equity Agreements;

i. Declaring that the Confidentiality Clauses in the Equity Agreements are unenforceable;

j. Declaring that the Non-Competition Clauses in the Equity Agreements are unenforceable;

k. Awarding actual, incidental, compensatory, and consequential damages in an amount to be proven at trial;

l. Awarding costs and expenses incurred herein, including reasonable attorneys' fees incurred by Counterclaim Plaintiffs;

m. Awarding pre-judgment and post-judgment interest; and

n. Awarding such other and further relief as the Court deems just and proper.

Dated: November 3, 2026

Respectfully submitted,

/s/ **Jonathan Gross**
Jonathan Gross
NY Bar ID: 5993001
LAW OFFICE OF JONATHAN GROSS
2833 Smith Ave., Suite 331
Baltimore, MD 21209
(443) 813-0141
jon@jonathangross.law
Attorney for Defendants Alan Ware, Christiana Eng, Kirang Gohil, Alex Telo, John Elliott, Olyvia Giordano, Martin Shkreli, DL Software, Inc., and RealTime Advisory, Inc.