**LAW OFFICE OF JONATHAN GROSS**
2833 Smith Ave., Suite 331 · Baltimore, MD 21209 · (443) 813-0141 · jon@jonathangross.law

November 5, 2026

**VIA ECF**

Hon. Henry J. Ricardo
United States Magistrate Judge
United States District Court, Southern District of New York
500 Pearl Street, Chambers 1930
New York, NY 10007

**Re: *Guidepoint Global, LLC v. Ware, et al.*, No. 1:26-cv-03684-VEC-HJR — Response to Plaintiff's November 2, 2026 Letter Regarding Discord Credentials (Dkt. 217)**

Dear Judge Ricardo:

I represent all Defendants other than Sheetal Duggal and Inquire Network, Inc. (the "Represented Defendants"). Pursuant to Rule II.B.1 of Your Honor's Individual Rules, I write in response to Plaintiff's November 2, 2026 letter (the "Letter"). The Letter is premature, procedurally defective, and inaccurate, and it seeks an order against three individuals who are not parties to this case. It is also the latest step in a pattern that began within hours of my appearance, in which Plaintiff has used discovery not to obtain information but to generate pressure on newly substituted counsel. That is lawfare, not discovery, and the Court should not reward it.

**1. Plaintiff never met and conferred with me.**

Your Honor's Rules require the moving party to confer "by telephone, videoconference, or in person" and to certify the date, time, duration, and participants of that conference, the adversary's stated position, and that an impasse was announced during it. Correspondence does not suffice. The Letter contains no such certification as to me, because no such conference ever occurred.

The only conference the Letter describes is an October 21 call with Isaac Diskind of Taylor Dykema PLLC, whose firm was then withdrawing and was relieved five days later. Plaintiff knew a change of counsel was underway: at 6:53 p.m. that same day, I emailed Plaintiff's counsel to introduce myself as incoming counsel (Ex. B, at p. 2). Plaintiff's first email to me on the subject then announced that it had already "met and conferred and satisfied our obligations under Judge Ricardo's rules" and merely "wanted to check with you" (Ex. A). Plaintiff had decided to come to the Court before it exchanged a word with the lawyer who would have to resolve the issue. No one ever told me the parties were at an "impasse," on October 29 or otherwise.

**2. The Letter misrepresents my October 27 email.**

The Letter states that I "refused to provide any position until November 5." At 9:53 p.m. on October 27, Mr. Dean demanded confirmation "by COB tomorrow (Wednesday)" that Defendants would provide their Discord credentials. I responded at 10:02 p.m. (Ex. A). I explained that I was answering the Third Amended Complaint and had not yet spoken with all of my clients; that I had already contacted the forensic vendor; and that I wanted to resolve all discovery issues promptly. I proposed revisiting the issue the following Thursday — today — and asked counsel to "send me

all of the relevant documents to this issue in a single email, and the name of the defendant to whom it relates," committing to make it "the very first issue that I broach" with that client.

At 10:03 p.m., I received Mr. Dean's automatic reply: he was "in a deposition with limited email/phone access through Wednesday, October 28" — the very day he had set as my deadline. Plaintiff never sent the documents, never identified the Defendants at issue, and never responded. Instead, it filed the Letter three days before the date I proposed, and one day before my Answer was due. Asking for a week and for the materials needed to take a position is not a refusal.

**3. Defendants have acted diligently**

The timeline of events shows that Defendants have acted diligently to respond, given the nature of the case and the circumstances.

- **October 22:** I appeared at 5:19 p.m. (Dkt. 206). At 7:46 p.m., Plaintiff served three deposition notices.
- **October 23:** At 9:56 a.m., I flagged a conflict and proposed alternative deposition dates. At 10:02 a.m., Mr. Victor replied: "Happy to work with you on dates. After you talk to your clients let's discuss." Forty-eight minutes later, Mr. Dean sent the Discord demand, forwarding a sprawling multi-party thread dating to September and asking for an answer "today if possible." At 4:32 p.m., Plaintiff served nine sets of Requests for Admission.
- **October 26:** I attended the conference, the Court relieved prior counsel, and within hours I contacted the forensic vendor and informed all parties.
- **November 3:** I timely filed the Represented Defendants' Answer to the roughly seventy-page, 300-plus-paragraph Third Amended Complaint (Dkt. 219), without seeking an extension.
- **November 4:** I asked Plaintiff to schedule a call on all open issues (Ex. C, at p. 2); it is set for tomorrow, November 6. That same day, my paralegal and I will be trained to access the forensic vendor's platform.

**4. Plaintiff seeks an order against non-parties.**

The Letter labels Nicholas Longo, Daniel Grinberg, and Daniel Dietzel "Discord Parties" and asks the Court to order them to turn over their account credentials within two business days. They are not parties.

Requests for production under Rule 34 and motions to compel under Rule 37(a) run against parties. Discovery from a non-party proceeds by subpoena under Rule 45, which affords notice, the right to object, and protection against undue burden. That is especially significant as to Mr. Grinberg, who left DL Software before I entered this case. No party possesses or controls his accounts, and no order directed to the Represented Defendants could reach them.

Mr. Longo and Mr. Dietzel are current DL Software employees, but they remain non-parties. To the extent Plaintiff contends that DL Software's Consent Order (Dkt. 76) reaches their accounts, any dispute lies against DL Software under that Order's terms — and those terms are conditional, reaching employees only to the extent they interacted with Guidepoint employees or Inquire Network or received Guidepoint confidential information. Dkt. 76 §§ 1–2. Plaintiff has never raised with me whether, or as to whom, those conditions are met.

**5. There is no urgency, and the parties are meeting tomorrow.**

Discovery closes January 29, 2027, nearly three months from now. Plaintiff already has the Forensic Protocol and the consent injunctions. By its own account, Plaintiff first raised Discord on September 14 and let it sit for more than five weeks while prior counsel was in the case; it cannot credibly claim prejudice from the few days needed to confer with new counsel.

The Represented Defendants take their obligations under the Protocol and the Consent Orders seriously and intend to meet them. I am gathering information from each client about their Discord accounts and will address the issue first at tomorrow's conference. I expect it can be resolved or substantially narrowed without the Court. The Represented Defendants reserve all objections, including as to scope and proportionality.

The Represented Defendants therefore respectfully request that the Court (1) deny Plaintiff's request for a conference as premature [and adjourn any conference that has been scheduled]; (2) deny any relief directed at non-parties Longo, Grinberg, and Dietzel; and (3) direct the parties to meet and confer in accordance with Rule II.B.1 and file a joint status letter by November 13, 2026 advising whether any dispute remains.

Respectfully submitted,

/s/ Jonathan Gross
Jonathan Gross
Law Office of Jonathan Gross
*Counsel for Defendants other than*
*Sheetal Duggal and Inquire Network, Inc.*

cc: All counsel of record (via ECF)

**Exhibits**

Ex. A — October 23–27, 2026 email exchange (Dean / Gross), with Mr. Dean's October 27 automatic reply
Ex. B — October 21, 2026 email from J. Gross to J. Victor introducing incoming counsel
Ex. C — November 4, 2026 email exchange scheduling the November 6 meet-and-confer