GreenbergTraurig

Jacob R. Dean
Tel 678.553.2161
deanj@gtlaw.com

November 2, 2026

**VIA CM/ECF**
Hon. Henry J. Ricardo
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Chambers 1930
New York, NY 10007

**Re: *Guidepoint Global, LLC v. Ware, et al.*, 1:26-cv-03684-VEC-HJR**

Dear Judge Ricardo:

We write on behalf of Plaintiff Guidepoint Global, LLC, pursuant to Local Civil Rule 37.2 and Rule II.B.1 of Your Honor's Individual Rules, to request a conference regarding Guidepoint's anticipated motion to compel. On or around September 14, 2026, Guidepoint learned that Defendants Kirang Gohil, John Elliott, Martin Shkreli, DL Software, Inc., and other DL Software employees[1] failed to provide the Forensic Examiner access to their Discord accounts in violation of the Court's Order to Perform Forensic Inspection and Protocol Agreement (the "Protocol") and the Consent Order and Stipulated Injunction. *See* Dkts. 76; 79. As a result, Guidepoint requests that this Court order Alan Ware, Kirang Gohil, John Elliott, Martin Shkreli, Nicholas Longo, Daniel Grinberg, and Daniel Dietzel ("Discord Parties") to provide the Forensic Examiner with all usernames, passwords, and any other credentials necessary to collect that Discord data within two business days of the Court's order.

Guidepoint raised this issue with Defendants' counsel on September 14, 2026. On September 22, Defendants' counsel responded that he had "communications out to [his] clients seeking information and will reach out when we have it." Having not received the credentials, on October 21, 2026, Justin K. Victor, counsel for Guidepoint, met with Defendants' counsel, Isaac Diskind, via telephone and conferred on this issue for approximately fifteen minutes. Guidepoint requested that the Discord Parties provide the Forensic Examiner access to their Discord accounts, servers, and messages, and informed counsel that Guidepoint would have to bring this issue to the Court unless counsel agreed to provide access. The Discord Parties did not agree to provide the requested access. On October 27, 2026, Guidepoint emailed Defendants' new counsel, Jonathan Gross, and again requested access to the Discord Parties' Discord accounts. Mr. Gross refused to

[1] Defendants Eng, Telo, and Giordano have already provided the Forensic Examiner the login credentials to their Discord accounts, but they have not provided contact numbers.

provide any position until November 5. Given the necessity of this discovery for upcoming depositions, and the fact that discovery closes in January, any further delay prejudices Guidepoint. On October 29, 2026, Guidepoint informed Defendants that the parties remained at an impasse and that it would seek a conference with the Court.

Judge Caproni issued an Order to Perform Forensic Inspection and Protocol Agreement on June 4, 2026. Dkt. 79. That Protocol required Defendants to provide Guidepoint's counsel and the Forensic Examiner access to devices/data sources of information used by Defendants from June 1, 2025 to present. Specifically, Defendants were required to identify "any and all devices, ***accounts***, and storage locations known to them . . . that were used . . . to access, store, transmit, receive, create, view or delete any data, communications, or documents . . . on which ***Defendants communicate(d) with any co-defendant or DL Software, Inc.***," including, but not limited to, all "social media accounts, messaging application accounts . . . and any other storage media or communications platforms, regardless of whether such devices or accounts are already identified . . . ." *See* Protocol, Dkt. 79, § 1 (emphasis added). Defendants must also "fully cooperate" with the Forensic Examiner by "providing all necessary passwords, passcodes, . . . and login credentials for all . . . accounts subject to this Protocol." *Id.* at § 6. The Protocol also required that, "[i]n the event that additional Devices are identified by any Party or by the Examiner, the Parties shall continue to make available to the Examiner the Devices, as provided in the Consent Orders." *Id.* § 1.

On June 3, 2026, the Court so-ordered a Consent Order and Stipulated Injunction applicable to DL Software. Dkt. 76. As relevant here, DL Software agreed to the terms of the Protocol and agreed to provide certain employees' Devices under the Protocol to the extent those employees interacted with Guidepoint employees, interacted with Defendant Inquire Network, or received Guidepoint confidential information or trade secrets. Dkt. 76 §§ 1-2. DL provided access to some—but not all—of the Devices belonging to Shkreli, Grinberg, Longo, and Dietzel.

Although Christiana Eng provided her Discord credentials shortly after entry of the Protocol, no other Defendant provided their Discord credentials. And, to date, only Eng, Alex Telo, and Olyvia Giordano have provided their Discord credentials.

Discord is an instant messaging and social media platform where users can "[s]eamlessly text, call, [and] video chat . . . all in one group chat." *See* DISCORD, https://discord.com (last visited Oct. 26, 2026). The record reveals Defendants' preference to communicate via Discord. Defendants extensively used Discord to communicate with each other while developing Inquire and RealTime alongside DL Software. According to DL Software employee Daniel Dietzel, Discord was the easiest way to communicate "because the ***whole team*** is on it." Exhibit 1, TD_3655781-83 (emphasis added).

For example, text messages between Shkreli and Gohil show that they kept certain written communications exclusive to the Discord platform, with Shkreli prompting Gohil to "let [him] know on discord asap."




Exhibit 2, DL00776.

Texts between Dietzel and Sheetal Duggal show Dietzel asking Duggal if he should provide a technical roadmap summary "via email or ***our <u>discord</u> group chat***" (emphasis added).

**Messages in chronological order** (times are shown in GMT +00:00)

[redacted]

DD Daniel Dietzel [redacted] ► 1/21/2026, 3:25 PM
Technical roadmap is cleared, do you prefer summary via email or our discord group chat

Receipts • Sheetal Duggal <9173592949> [R:1/21/2026, 3:33 PM]

> SD Sheetal Duggal [redacted] ◄ 1/21/2026, 4:27 PM
Email works bud

Exhibit 3, TD_3641825. Duggal and Nick Longo, another DL Software employee, discussed comments to the Letter of Intent between DL Software and Inquire over Discord.

**From:** Nick Longo [nick@dl.software]
**Sent:** 3/2/2026 3:55:17 PM
**To:** sheetal.duggal@gmail.com
**Subject:** Term Sheet
**Attachments:** REDLINE DL Software Inquire LOI V2.docx

Good morning Sheetal,

I shared the attachment via Discord, but I'm not sure if you've seen it. We reviewed the revised term sheet and accepted all your changes, adding a couple of small clarifications on our end. We also wanted to know if you need Exhibit B (Cost Estimates) completed by us to proceed - or can collaborate on that between signing the term sheet and signing the official operating/JV agreement?

Please let us know if you have any questions or would like to discuss.

Thanks,

Nick

Exhibit 4, TD_0345358.

In short, Discord contains unique, highly relevant information about the formation, operation, and existence of these competing businesses and how Defendants misappropriated Guidepoint's information in furtherance of competing ventures. But Defendants have refused to provide access to it notwithstanding the Protocol and the various injunctions. This refusal leaves a significant gap in Defendants' production that hampers Guidepoint's ability to prosecute its case, proceed with taking depositions, and investigate the full scope of Defendants' misconduct.

To be clear, DL Software knows that the Discord accounts of Dietzel, Longo, and all other employees who "interacted with Guidepoint employees" or "interacted with Defendant Inquire Network" are subject to the Protocol. Dkt. 76 at 3. But, inexplicably, neither DL Software nor the other Discord Parties have provided Guidepoint and the Forensic Examiner access to any Discord accounts.

Defendants' ongoing refusal to provide access prejudices Guidepoint. Discovery closes on January 29, 2027, and every day the Discord Parties withhold access further prejudices Guidepoint's ability to prosecute its claims. The Discord Parties cannot claim burden because Guidepoint seeks only account access for forensic collection. With forensics already showing that Defendants used Discord to communicate with each other, exchange Inquire company documents, and develop the Inquire platform, the Discord Parties' repeated refusal to provide access despite the Protocol's plain terms strongly suggests that their accounts contain further evidence of contemptuous conduct or conduct that demonstrates liability.

Guidepoint therefore respectfully requests that this Court order Alan Ware, Kirang Gohil, John Elliott, and Martin Shkreli, as well as DL Software employees Nicholas Longo, Daniel Grinberg, and Daniel Dietzel to provide the Forensic Examiner with all credentials and access necessary to collect that Discord data within two business days of the Court's order.

We appreciate the Court's attention to this matter and are prepared to provide any additional information the Court requests.

Respectfully submitted,

*/s/ Jacob R. Dean*

Jacob R. Dean

cc: All Counsel of Record (via CM/ECF)