GT GreenbergTraurig

Jacob R. Dean
Tel 678.553.2161
deanj@gtlaw.com

November 16, 2026

**VIA CM/ECF**

Hon. Valerie Caproni
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Chambers 1930
New York, NY 10007

Re: 1:26-cv-03684-VEC Guidepoint Global, LLC v. Ware, et al. – Joint Letter

Dear Judge Caproni:

Pursuant to the Civil Case Management Plan and Scheduling Order (Dkt. 95), Plaintiff Guidepoint Global, LLC submits the enclosed joint letter regarding the status of discovery and anticipated disputes that have arisen since the joint status letter filed on October 15, 2026. Dkt. 199. Counsel for Defendants Alan Ware, Christiana Eng, Kirang Gohil, Alex Telo, John Elliott, Olyvia Giordano, Martin Shkreli, DL Software, Inc., and RealTime Advisory, Inc. advised that he would submit their position separately. Undersigned counsel provided Defendant Sheetal Duggal the opportunity to provide his position in this letter. As of 6:30 p.m., Mr. Duggal had not done so.

**GUIDEPOINT'S POSITION**

1. **Status of Discovery**

Discovery concludes in 74 days, yet Defendants have met Guidepoint's repeated requests for responsive documents and access to the Forensic Neutral with unexplained delays, and DL Software has failed to timely respond to discovery. Although Judge Ricardo twice denied Defendants' request to stay this litigation, *see* Dkts. 198, 215, Defendants have effectively stayed discovery by delaying production, missing deadlines, and failing to facilitate access to Devices under the Court-ordered computer forensic protocol.

Guidepoint has produced approximately 5,942 pages of documents and continues to produce responsive discovery on a rolling basis. After business hours on November 10, Defendants' counsel sent Guidepoint an 88-page letter (seemingly generated by artificial intelligence). Guidepoint anticipates responding to the letter this week and will promptly meet and confer afterward.

**2. Summary of Present Disputes**

***Guidepoint's position*****:** Guidepoint intends to raise the following discovery disputes:

a. ***Defendants Delay Access to Discord.***

Recent discovery shows that Defendants did not provide all their Devices to the Forensic Examiner. For example, in an August 31 text message, Kirang Gohil and Martin Shkreli discussed communications on Discord, a platform for voice calls, video calls, and text messaging. DL00776. The current Devices do not capture these communications, which are responsive to Guidepoint's document requests. The only Discord communications collected were from Defendant Eng.

The parties' forensic protocol expressly allows additional devices and platforms to be examined. *See* Dkt. 79 at 2 ("In the event that additional Devices are identified by any Party or by the Examiner, the Parties shall continue to make available to the Examiner the Devices, as provided in the Consent Orders."). Guidepoint first requested Examiner access to Defendants' Discord messages on September 14, 2026, but Defendants have not yet provided it. This delay prejudices Guidepoint because accessing and reviewing this production will take time, and Guidepoint would prefer to complete it before depositions.

Although certain Defendants have said they are amenable to providing access to the available Discord accounts, they have not yet done so. As a result, Guidepoint cannot ask Judge Ricardo to take off calendar the discovery conference scheduled for November 17 at 11:00 a.m.

b. ***Ongoing deficiencies remain that Defendants have not addressed.***

Guidepoint deposed Defendants Kirang Gohil and Alan Ware on September 8 and 10, 2026, respectively. On September 14, 2026, Guidepoint sent Defendants a deficiency letter identifying issues the depositions revealed, including incomplete text messages exchanged after Defendants' Devices were imaged. Guidepoint sent Defendants' counsel another letter on November 4 and met and conferred with counsel on November 6. The outstanding deficiencies include: (1) communications via Mailchimp, which appears to be one of the primary methods of communicating with advisors; (2) financial data; and (3) transcripts Defendants generated with advisors.

Defendants **still** have not cured these deficiencies or supplemented their production. Absent a cure, Guidepoint intends to seek Judge Ricardo's intervention.

c. ***DL Software failed to timely respond to requests for production.***

Continuing the pattern of delay, DL Software failed to timely serve objections to Guidepoint's Second Set of Requests for Production to DL Software. Written responses and objections were due November 2; DL Software did not respond until November 16. This is the second time in this case that Defendants have ignored a discovery deadline; Defendants Sheetal Duggal, Alan Ware, Christiana Eng, and Kirang Gohil previously failed to timely respond to discovery. *See* Dkt. 103 at 2. The materials sought are relevant and proportional to the needs of the case and must be produced without delay, and Guidepoint considers any objections waived by

DL Software's untimely response. Absent complete and timely production, Guidepoint anticipates raising this issue with the Court.

**3. Defendants Refuse to Supply Facts to Assess Compliance With Relevant Injunctions**

Given Defendants' history of non-compliance, including the pending contempt motion (Dkt. 107), Guidepoint recently requested assurances that Defendants are abiding by their respective injunctions. To assess compliance, Guidepoint asked, for example, whether DL Software was paying Defendants, whether Defendants performed any services for Martin Shkreli, and whether Defendants had formed any new entity since October 1, 2026 (shortly before the last preliminary injunction was entered).

Defendants responded only that they were in compliance and offered no facts to substantiate that statement. Their refusal to provide factual responses is telling, given their history of non-compliance and efforts to evade compliance.

**4. Motion for Contempt**

Guidepoint's motion for an order of contempt against Ware, Gohil, and those in active concert with them is pending, and the Court referred it to Judge Ricardo for certification of the facts. Dkt. 114.

Guidepoint appreciates the Court's attention to this matter.

/s/ *Jacob R. Dean*
Jason D. Burns
Daniel P. Filor
Shira M. Poliak
GREENBERG TRAURIG, LLP
One Vanderbilt Avenue
New York, NY 10017
(212) 801-9294
Jason.Burns@gtlaw.com
Filord@gtlaw.com
Shira.Poliak@gtlaw.com

Justin K. Victor (*admitted phv*)
Jacob R. Dean (*admitted phv*)
Fallon Jones (*admitted phv*)
GREENBERG TRAURIG, LLP
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
(678) 553-2100
victorj@gtlaw.com
deanj@gtlaw.com
fallon.jones@gtlaw.com

*Counsel for Plaintiff Guidepoint Global, LLC*

cc: Counsel of Record (via CM/ECF)